

179 WESTBURY AVENUE, CARLE PLACE, NEW YORK 11514   PHONE (516)334-4500   FAX (516)334-4501   WWW.SOKOLOFFSTERN.COM

ADAM I. KLEINBERG
AKLEINBERG@SOKOLOFFSTERN.COM

October 14, 2020

**VIA ECF**

The Honorable Joanna Seybert
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1030
Central Islip, New York 11722

               Re:    *AA Medical P.C. v Khaled Almansoori,* CA No. 2:20-CV-03852

Dear Judge Seybert:

      We represent defendant Khaled Almansoori, M.D. ("Dr. Almansoori") and write to request a pre-motion conference to move to dismiss the complaint under Fed. R. Civ. P. 9(b), Fed. R. Civ. P. 12(b)(6), and the inherent authority of the Court.

      Over the past two months, Plaintiff AA Medical, P.C. ("AA Medical") has engaged in a campaign of harassment against Dr. Almansoori, its former employee. Since July 17, 2020, AA Medical and one its employees have initiated six lawsuits against Dr. Almansoori, in four different jurisdictions. Dr. Almansoori submits that, for efficiency, each of the related cases pending in the Eastern District should be transferred to the Court in this action, as Your Honor presides over the first-filed case between the parties. In order to muster up six separate lawsuits, AA Medical has asserted duplicative and baseless claims against Dr. Almansoori. This litigation presents such baseless, duplicative claims.

      Dr. Almansoori, a surgeon, was employed by AA Medical from March 2018 to July 2019. AA Medical alleges, without any specificity, that Dr. Almansoori entered an employment agreement with the intent to not fulfill its contractual term of employment. AA Medical alleges that Dr. Almansoori harbored this intent to not complete the contractual term when AA Medical assisted in the application for an H-1B visa based upon this employment agreement. The allegations are entirely based in the termination of Dr. Almansoori's employment prior to the completion of the contractual term.

      Based on these threadbare allegations, AA Medical brings a claim for common law fraud. This fraud claim fails as a matter of law and should be dismissed. First, pursuant to the Court's inherent authority, dismissal is proper under the prior-pending-action doctrine and the *Colorado River* abstention doctrine. AA Medical's lawsuit against Dr. Almansoori filed in the Supreme

SOKOLOFF STERN LLP

The Honorable Joanna Seybert
October 14, 2020
Page 2 of 3

Court of the State of New York, Nassau County, Index No. 607264/2020 (the "First Lawsuit") preceded the filing of all five other lawsuits filed by AA Medical and its employee. The instant lawsuit involves issues that are identical to or duplicative of certain issues pending for adjudication in the First Lawsuit (as well as in a pending 2019 state court action in which Dr. Almansoori is the plaintiff and AA Medical the defendant). As a general rule under the prior-pending-action doctrine, and to avoid duplicative litigation, the suit filed first should have priority "absent the showing of balance of convenience in favor of the second action." *Adam v. Jacobs*, 950 F.2d 89, 93-94 (2d Cir. 1991) (internal quotation marks and citation omitted). The *Colorado River* abstention doctrine similarly justifies dismissal as the issues presented in this action parallel certain issues presented in the First Lawsuit. *See Colo. River Water Conserv. Dist. v. United States*, 424 U.S. 800, 47 L. Ed. 2d 483, 96 S. Ct. 1236 (1976). The various factors governing application of the prior-pending-action doctrine and the *Colorado River* abstention doctrine support dismissal in favor of the First Lawsuit.

AA Medical's complaint also fails to alleges the elements of a fraud claim with sufficient particularity. Under New York law, a fraud claim requires "a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages." *Epiphany Cmty. Nursery Sch. v. Levey*, 171 A.D.3d 1, 94 N.Y.S.3d 1, 4 (1st Dep't 2019). Under Fed. R. Civ. P. 9(b), a fraud claim must be pled with sufficient particularity in order to survive a motion to dismiss. In order to satisfy Rule 9(b), the plaintiff must: "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Rombach v. Chang* 355 F.3d 164, 171 (2d Cir. 2004) (citations omitted). AA Medical's complaint contains no such particularity.

Also, AA Medical's claim fails because it sounds in breach of contract. A mere breach of contract may not serve as the basis for a fraud claim. Where allegations actually constitute a breach of contract, enhanced only by conclusory allegations that the pleader's adversary made a promise while harboring the concealed intent not to perform it, the fraud claim should be dismissed. *Hermant Patel M.D., P.C. v. Bandikalta,* 2019 U.S. Dist. LEXIS 210405, at *7 (S.D.N.Y. Dec. 5, 2019) (dismissing former employer's fraud claim based upon an immigrant physician's alleged "insincere promise" that the physician would complete the full term contained in a written employment contract). The allegations in AA Medical's fraud claim are entirely based on the three-year term contained in Dr. Almansoori's employment contract which AA Medical alleges Dr. Almansoori did not fulfill. Dismissal of this fraud claim is warranted due to its foundation in a contract.

SOKOLOFF STERN LLP

The Honorable Joanna Seybert
October 14, 2020
Page 3 of 3

      Dr. Almansoori also reserves the right to seek to transfer or consolidate this action with the other actions filed by AA Medical as appropriate. Thank you for the consideration of this matter.

                                                    Respectfully submitted,

                                                    SOKOLOFF STERN LLP

                                                  ADAM I. KLEINBERG

cc: All counsel of record (via ECF)