

179 WESTBURY AVENUE, CARLE PLACE, NEW YORK 11514   PHONE (516) 334-4500   FAX (516) 334-4501   WWW.SOKOLOFFSTERN.COM

ADAM I. KLEINBERG
AKLEINBERG@SOKOLOFFSTERN.COM

April 9, 2021

**VIA ECF**
The Honorable Diane Gujarati
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201
Re:   *AA Medical P.C. v Khaled Almansoori, M.D.,* **Case Numbers 2:20-CV-04350, 2:20-CV-04413, and 2:20-CV-03852**

Dear Judge Gujarati:

On behalf of Defendant Khaled Almansoori, M.D. ("Dr. Almansoori"), I write in response to the Court's March 29, 2021 inquiry regarding the potential consolidation of the lawsuits captioned *AA Medical P.C. v. Almansoori, M.D.* with Case Numbers 2:20-CV-04350, 2:20-CV-04413, and 2:20-CV-03852 (the "Related Lawsuits").

We believe that the Related Lawsuits should be consolidated pursuant to Fed. R. Civ. P. 42(a)(2). A trial court may consolidate actions if the actions before the trial court "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). In deciding whether consolidation is appropriate, trial courts are vested with broad but not unfettered discretion. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990). In exercising its discretion, "a district court should consider both equity and judicial economy." *Devlin v. Transp. Commc'n Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999).

In the Related Lawsuits, there are multiple common questions of law and fact. The parties are identical in each of the Related Lawsuits. Each of the Related Lawsuits' complaints contain allegations related to Dr. Almansoori's conduct during his period of employment with AA Medical. (*Compare* Case No. 2:20-cv-04350 Doc. #1-1, at ¶¶ 8-9, 13-17, Case No. 2:20-cv-04413 Doc. #1-1, at ¶¶ 8-9, and Case No. 2:20-cv-03852 Doc. #1, at ¶¶ 9, 12, 15-18). Further, each of the Related Lawsuits' complaints reference the terms of an employment contract executed by Dr. Almansoori and AA Medical, and AA Medical alleges in the Related Lawsuits that Dr. Almansoori's conduct was in violation of the employment contract's terms. (*See* Case No. 2:20-cv-04350 Doc. #1-1, at ¶¶ 10-12, 23, 28-30; Case No. 2:20-cv-04413 Doc. #1-1, at ¶¶ 10-11; Case No. 2:20-cv-03852 Doc. #1, at ¶¶ 10-11, 19). Also, two of the Related Lawsuits' complaints contain similar allegations regarding post-employment disclosure of confidential information. (*See* Case No. 2:20-cv-04350 Doc. #1-1, at ¶¶ 18, 23, 32; Case No. 2:20-cv-04413 Doc. #1-1, at

SOKOLOFF STERN LLP

The Honorable Diane Gujarati
April 9, 2021
Page 2 of 3

¶ 17).  The Related Complaints' common nucleus of allegations demonstrates that there are common questions of law and fact warranting consolidation.

Moreover, we believe that consolidation of the Related Lawsuits would serve the interests of both equity and judicial economy.  First, as noted by Dr. Almansoori in his pre-motion letters filed with the Court, the Related Lawsuits are part of a campaign of harassment by AA Medical in which it has filed six separate lawsuits against Dr. Almansoori.  As each of the Related Lawsuits involve baseless, duplicative claims, consolidation of the Related Lawsuits will help alleviate AA Medical's objective to unnecessarily increase Dr. Almansoori's legal costs and fees incurred.  Further, due to the common questions of law and fact, consolidation will optimize judicial economy as the Court adjudicates the common issues.

While consolidation is appropriate for those reasons, we submit that AA Medical should not be granted leave to file a consolidated, amended complaint without AA Medical demonstrating that an amendment could cure the defects that Dr. Almansoori has identified in each of the Related Lawsuits' complaints.  "Justice does not require a plaintiff be permitted to amend when, being 'on the plainest notice of what was required,' he fails to correct the deficiencies in a prior pleading."  *Staten Island Chiropractic Assocs., PLLC v. Aetna, Inc.,* 2014 U.S. Dist. LEXIS 140895, *18 (E.D.N.Y. July 29, 2014) (citations omitted).  In each of the Related Lawsuits, Dr. Almansoori has filed a pre-motion letter indicating his intent to seek dismissal pursuant to Fed. R. Civ. P. 12(b)(6) due the complaints' various deficiencies as a matter of law.  Dr. Almansoori filed each of these pre-motion letters on October 14, 2020.

To date, AA Medical has not presented any meritorious legal or factual arguments explaining how amendments could cure the deficiencies presented in each of the Related Lawsuits' complaints.  In one of the Related Lawsuits (2:20-cv-04413), AA Medical simply filed an untimely amended complaint (Doc. #12) in response to Dr. Almansoori's pre-motion to dismiss letter.  As the amended complaint still contained deficiencies justifying dismissal as a matter of law, Dr. Almansoori filed another pre-motion letter (Doc. #13) renewing his intent to seek dismissal pursuant to Fed. R. Civ. P. 12(b)(6).  Since that time, AA Medical has presented no meritorious legal or factual argument to the Court explaining how further amendment could cure the deficiencies still present in the amended complaint.

In the other two Related Lawsuits (2:20-cv-04350 and 2:20-cv-03852), AA Medical has not presented *any* response to the Court regarding the deficiencies the complaints as identified by Dr. Almansoori.  Given that AA Medical has failed to demonstrate that an amendment could cure the defects identified in each of the Related Lawsuits' complaints, Dr. Almansoori respectfully

SOKOLOFF STERN LLP

The Honorable Diane Gujarati
April 9, 2021
Page 3 of 3

requests that the Court consolidate the matters and then permit Dr. Almansoori to file motions to dismiss the Related Lawsuits' complaints.

      Finally, Dr. Almansoori fully supports referral of the consolidated Related Lawsuits to the Eastern District of New York's mediation program. To encourage the possibility of resolution of the Related Lawsuits, Dr. Almansoori respectfully requests that the Court direct the parties to participate in the mediation program.

                                                                 Respectfully submitted,
                                                                 SOKOLOFF STERN LLP

                                                                ADAM I. KLEINBERG

cc: All counsel of record (via ECF)