

THE LAW OFFICES OF
**DAVID A. ANTWORK**, P.C.

April 9, 2021

<u>**VIA ECF**</u>
Hon. Diane Gujarati
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 4B South
Brooklyn, New York 11201

       Re:  AA Medical, P.C. v. Almansoori
          <u>Case No. 20-cv-03852 (DG)(ARL)</u>

Dear Judge Gujarati:

   I am counsel for the Plaintiff in the above-referenced matter and other matters pending before Your Honor involving these parties.[1] I write pursuant to Your Honor's March 29, 2021 directive that each party file a letter setting forth its view as to:

> (1) whether the Court should consolidate the three related cases (20-CV-03852; 20-CV-04350; 20-CV-04413) pursuant to Federal Rule of Civil Procedure 42(a); (2) whether, if the Court consolidates the three cases, Plaintiff should be granted leave to file a consolidated, amended complaint; and (3) whether the party is receptive to referral to the Eastern District of New York's court-annexed mediation program.

<u>**(1) Consolidation**</u>

   At this time, the Plaintiff does not believe the Court should consolidate the three matters (20-CV-03852; 20-CV-04350; 20-CV-04413).[2] Generally, with respect to the consolidation of matters, courts weigh considerations of convenience and economy against considerations of confusion and prejudice. <u>Chang v. U.S.</u>, 217 F.R.D. 262, 265 (D.D.C. 2003); <u>Guild Associates, Inc. v. Bio-Energy (Washington), LLC</u>, 309 F.R.D. 436, 440 (E.D. Ohio 2015).

   Though the three matters involve the same parties, they raise different theories and legal questions.

- Case No. 20-CV-03852 involves allegations of fraud against the Defendant in that he misrepresented himself and his intentions when he used his employment at the Plaintiff's medical practice to obtain an H-1B visa. It is alleged that the Defendant's

---

[1] <u>See also</u>, 20-cv-04350 and 20-cv-04413.
[2] The Plaintiff acknowledges that its consent is not required for consolidation which lies in the Court's discretion. <u>Vaccaro v. Moore-McCormack Lines, Inc.</u>, 64 F.R.D. 395, 397 (S.D.N.Y. 1974). However, in response to the Court's directive, it is Plaintiff's position that consolidation is not appropriate.

    

THE LAW OFFICES OF
**DAVID A. ANTWORK,** P.C.

Hon. Diane Gujarati
April 9, 2021
Page -2-

poor attendance and performance while employed by the Plaintiff, as well as other factors including his subsequent applications to other employers, are indicative of the Defendant's exploitation of the Plaintiff and the immigration process to enter the United States.

- Case No. 20-CV-04350 involves the Defendant's breaches of fiduciary duty and his employment agreement by unlawfully disclosing personal and confidential information belonging to Plaintiff's medical practice.

- Case No. 20-CV-04413 involves Defendant's extortive tactics in threatening to disparage the Plaintiff, its principal and its other surgeons, as well as file false whistleblower claims with various authorities and agencies against the Plaintiff if terms of the Defendant's employment agreement were not reformed and for other reasons.

The fact that these actions involve the same parties and share some underlying events is not itself dispositive of the consolidation issue. Guild Associates, Inc., 309 F.R.D. at 440. Indeed, "the mere fact that cases assert similar theories of recovery does not constitute a common question of law so as to warrant consolidation." Flintkote Co. v. Allis-Chalmers Corp., 73 F.R.D. 463, 465 (S.D.N.Y. 1977). Here, the three matters involve separate legal questions which could create prejudice and confusion if they were consolidated. Guild Associates, Inc., 309 F.R.D. at 440-441.

For example, the first matter will require examination and discovery of the immigration laws and application process concerning the Defendant's H-1B visa. The second will delve into the Defendant's improper disclosure of sensitive and confidential data and information. While the third concerns the Defendant's threats to report Plaintiff to various agencies and authorities, of which one such threat, to the Department of Labor, was actually carried out. Some issues are more complex than others and discovery for each matter could take very different tracks and involve entirely different witnesses which could create confusion at trial. See, e.g., Flintkote Co., 73 F.R.D. at 465.

In addition, Plaintiff submits that the fact that these three matters are all pending before Your Honor actually militates against consolidation. For convenience, the Court can procedurally keep the cases on the same track for the purposes of scheduling conferences to apprize the Court of the status of discovery or for any other purpose. At the same time, the cases can substantively be kept separate to allow for the different discovery tracks and incidents of litigation (motion practice, etc.) to remain unique to each matter.

For the foregoing reasons, the Plaintiff does not believe consolidation to be appropriate.

THE LAW OFFICES OF
**DAVID A. ANTWORK**, P.C.

Hon. Diane Gujarati
April 9, 2021
Page -3-

**(2) Amendment**

Plaintiff's position on consolidation notwithstanding, the Plaintiff respectfully requests leave to amend its complaints in the three matters as requested in my March 25, 2021 letter to the Court. There will be no meaningful prejudice to the Defendant in this regard as the cases are in their infancy. Any delay and the Plaintiff's failure to meet deadlines and/or respond to Defendant's pre-motion letters was explained in my prior correspondence. At this very early stage of these matters, the Plaintiff should not suffer for the hardships which unfortunately befell its prior counsel.

Thus, Plaintiff respectfully requests leave to file amended complaints in the three matters at which point the Defendant can proceed with motion practice if and how he sees fit. Alternatively, in the event the Court exercises its discretion and orders consolidation of these matters, the Plaintiff would request leave to file a consolidated amended complaint as contemplated in the Court's directive.

**(3) Mediation**

Finally, at this time the Plaintiff is not receptive to referral to the Eastern District of New York's court-annexed mediation program. I am advised that prior to my involvement in these matters, the parties had participated in some settlement discussions, but that the Defendant engaged in bad-faith negotiating tactics, including threatening to report the Plaintiff's medical practice to various Federal and State agencies if Plaintiff did not settle. Thus, the Plaintiff does not believe mediation will be fruitful at this time.

I will be filing similar letters in the other matters referenced herein.

I thank the Court for its time and consideration in this regard.

Respectfully submitted,

LAW OFFICES OF
DAVID A. ANTWORK, P.C.

*David A. Antwork*

DAVID A. ANTWORK (DA1168)

cc:     Adam I. Kleinberg, Esq. (via ECF)