

179 WESTBURY AVENUE, CARLE PLACE, NEW YORK 11514  PHONE (516)334-4500  FAX (516)334-4501  WWW.SOKOLOFFSTERN.COM

ADAM I. KLEINBERG
AKLEINBERG@SOKOLOFFSTERN.COM

July 13, 2021

**VIA ECF**
The Honorable Diane Gujarati
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *AA Medical P.C. v Khaled Almansoori,* CA No. 2:20-CV-03852

Dear Judge Gujarati:

We represent defendant Khaled Almansoori, M.D. ("Dr. Almansoori") and write to request a pre-motion conference to move to dismiss AA Medical, P.C.'s Verified Amended Complaint (Doc. #24) (the "Amended Complaint") under Fed. R. Civ. P. 9(b), Fed. R. Civ. P. 12(b)(6), and the inherent authority of the Court. We present this pre-motion letter in response to the Court's request for a pre-motion letter during a telephonic conference with all counsel on July 13, 2021.

Dr. Almansoori, an orthopedic surgeon, was employed by AA Medical from October 2018 to July 2019. AA Medical alleges, without any specificity, that Dr. Almansoori entered his employment agreement with the intent not to fulfill its contractual term of employment or the terms related to Dr. Almansoori's duties. AA Medical alleges that Dr. Almansoori harbored this intent when AA Medical assisted in the application for an H-1B visa. The allegations are based largely on the termination of Dr. Almansoori's employment prior to the completion of the contractual term set forth in the employment agreement. Further, AA Medical asserts that Dr. Almansoori, in accessing patients' medical records in the course and scope of his position as a surgeon with AA Medical, misappropriated and downloaded patient files and information during his period of employment with AA Medical. Also, AA Medical alleges that Dr. Almansoori engaged in wrongful conduct by pursuing claims against AA Medical in judicial and quasi-judicial settings, in addition to engaging in settlement negotiations in the course of those proceedings. Based on those allegations, the Amended Complaint asserts four claims: fraud, prima facie tort, violation of the Computer Fraud and Abuse Act ("CFAA"), and unjust enrichment.

AA Medical's fraud claim should be dismissed for failure to allege the elements of a fraud claim with sufficient particularity. Under New York law, a fraud claim requires "a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages." *Epiphany Cmty. Nursery Sch. v. Levey*, 171 A.D.3d 1, 94 N.Y.S.3d 1, 4 (1st Dep't 2019). Under Fed. R. Civ. P. 9(b), a fraud claim must be pled with sufficient particularity in order to survive a motion to dismiss. In particular, the plaintiff must: "(1) specify

SOKOLOFF STERN LLP

The Honorable Diane Gujarati
July 13, 2021
Page 2 of 3

the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Rombach v. Chang* 355 F.3d 164, 171 (2d Cir. 2004) (citations omitted). The Amended Complaint contains no such particularity. Also, AA Medical's fraud claim fails because it sounds in breach of contract, which may not serve as the basis for a fraud claim. *See Hermant Patel M.D., P.C. v. Bandikalta,* 2019 U.S. Dist. LEXIS 210405, at *7 (S.D.N.Y. Dec. 5, 2019) (dismissing former employer's fraud claim based upon an immigrant physician's alleged "insincere promise" that the physician would complete the full term contained in a written employment contract).

AA Medical's prima facie tort claim also fails as a matter of law and should be dismissed. The Amended Complaint fails to allege that Dr. Almansoori's sole motivation was disinterested malevolence, a requirement for a prima facie tort claim. *Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314, 333 (1983). Also, the Amended Complaint fails to sufficiently allege special damages, a necessary element of a prima facie tort claim. *See Berland v Chi,* 142 A.D.3d 1121, 1123 (2d Dept 2016). Further, AA Medical has improperly attempted to use the prima facie tort as a catch-all, which requires dismissal under New York law. *See Colina v. One E. River Place Realty Co.*, 2000 U.S. Dist. LEXIS 11728, at *20 (S.D.N.Y. 2000).

AA Medical's CFAA claim also fails as a matter of law and should be dismissed. The Amended Complaint fails to allege that Dr. Almansoori engaged in authorized access of a protected computer, a required element of a CFAA claim. *See Poller v. BioScrip, Inc., 974* F. Supp. 2d 204, 233 (S.D.N.Y. Sept. 25, 2013); *JBCHoldings NY, LLC v. Pakter,* 931 F. Supp. 2d 514, 526 (S.D.N.Y. Mar. 20, 2013). The allegations essentially constitute alleged misappropriation or misuse, which are not actionable under the CFAA. *Jet One Group, Inc. v. Halcyon Jet Holdings, Inc.,* 2009 U.S. Dist. LEXIS 72579, at *18 (E.D.N.Y. Aug. 14, 2009). Further, the Amended Complaint fails to sufficiently quantify any alleged damage or loss, which requires dismissal of the CFAA claim. *See Turret Labs USA, Inc., v. CargoSprint, LLC,* 2021 U.S. Dist. LEXIS 27838, at *19-20 (E.D.N.Y. Feb. 12, 2021).

AA Medical's unjust enrichment claim also fails as a matter of law. AA Medical, basing its unjust enrichment claim on alleged "fraudulent misrepresentations," has failed to present those allegations based on fraud with sufficient particularity. *See Welch v. TD Ameritrade Holding Corp.,* 2009 U.S. Dist. LEXIS 65584, at *72-74 (S.D.N.Y. July 27, 2009). Also, AA Medical's unjust enrichment claim sounds in an alleged breach of contract, and consequently the claim should be dismissed. *See Silverman Ptnrs., L.P. v. First Bank,* 687 F. Supp. 2d 269, 280-81 (E.D.N.Y. Feb. 20, 2010).

SOKOLOFF STERN LLP

The Honorable Diane Gujarati
July 13, 2021
Page 3 of 3

      In asserting its claims, AA Medical bases certain allegations on Dr. Almansoori's conduct in judicial and quasi-judicial proceedings. Such claims should be dismissed as they constitute improper attempts to interfere with Dr. Almansoori's litigation privilege. *Officemax Inc. v. Cinotti,* 966 F. Supp. 2d 74, 79-81 (E.D.N.Y. Apr. 29, 2013). This litigation privilege applies to conduct and statements during all phases of Dr. Almansoori's pursuit of his claims, including during settlement negotiations and prior to the commencement of litigation. *See Bernstein v. Seeman,* 593 F. Supp. 2d 630, 636 (S.D.N.Y. Jan. 9, 2009); *Aequitron Med., Inc. v. Dyro,* 999 F. Supp. 294, 298 (E.D.N.Y. Mar. 13, 1998).

      Also, pursuant to the Court's inherent authority, dismissal is proper under the prior pending action doctrine and the *Colorado River* abstention doctrine. Dr. Almansoori's lawsuit against AA Medical filed in the Supreme Court of the State of New York, Suffolk County, Index No. 615178/2019 (the "First Lawsuit") preceded the filing of each of the lawsuits filed by AA Medical that have been consolidated in the instant lawsuit. The instant lawsuit involves issues that are identical to or duplicative of certain issues pending for adjudication in the First Lawsuit, including, but not limited to, issues relating to the employment agreement. Further, as stated above, AA Medical alleges that Dr. Almansoori's filing of the First Lawsuit itself is the basis for certain claims in the Amended Complaint. As a general rule under the prior pending action doctrine, and to avoid duplicative litigation, the suit filed first should have priority "absent the showing of balance of convenience in favor of the second action." *Adam v. Jacobs*, 950 F.2d 89, 93-94 (2d Cir. 1991) (internal quotation marks and citation omitted). The *Colorado River* abstention doctrine similarly justifies dismissal as the issues presented in this action parallel certain issues presented in the First Lawsuit. *See Colo. River Water Conserv. Dist. v. United States*, 424 U.S. 800, 47 L. Ed. 2d 483, 96 S. Ct. 1236 (1976). The various factors governing application of the prior-pending-action doctrine and the *Colorado River* abstention doctrine support dismissal in favor of the First Lawsuit.

      Thank you for the consideration of this matter.

      Respectfully submitted,

      SOKOLOFF STERN LLP

      ADAM I. KLEINBERG

cc: All counsel of record (via ECF)