

THE LAW OFFICES OF
# DAVID A. ANTWORK, P.C.

July 21, 2021

**VIA ECF**
Hon. Diane Gujarati
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 4B South
Brooklyn, New York 11201

Re:    AA Medical, P.C. v. Almansoori
Case No. 20-cv-03852 (DG)(ARL)

Dear Judge Gujarati:

I am counsel for the Plaintiff in the above-referenced matter and write in response to the Defendant's pre-motion letter filed on July 14, 2021 in anticipation of Defendant's motion to dismiss the amended complaint pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6). The amended complaint (ECF Doc. No. 24) clearly pleads sufficient facts which state claims for relief which are plausible on their face and Plaintiff's fraud claim is pled with the requisite heightened specificity pursuant to Fed. R. Civ. P. 9(b).

Defendant makes the blanket statement that the Plaintiff's fraud claim lacks particularity but a plain reading of the amended complaint proves otherwise. The amended complaint goes into great detail how the Defendant used the Plaintiff as an improper means to sponsor his H-1B visa in order to obtain entry into the U.S. without having any intention of truly and meaningfully working for the Plaintiff. In support of this, the Plaintiff alleges that upon starting employment in October 2018 with the requirement that he work full-time, the Defendant rarely reported to work-working only 2 days in October 2018, 9 days in November 2018 and 7 days in December 2018 (¶¶19-20). The Defendant openly threatened to continue to take advantage of the Plaintiff's visa sponsorship (¶26), he gave notice that he was leaving the Plaintiff less than five months into the term of his employment (¶35) and had already been planning to leave Plaintiff by submitting applications to other employers (¶37). Indeed, it is alleged that the Defendant did not bring his family with him to New York which is indicative that he had no intention of staying with the Plaintiff and only used Plaintiff to manipulate the visa process (¶36). Thus, it is clear that the Plaintiff has sufficiently pled a fraud claim.

Plaintiff's prima facie tort claim is also sufficiently pled. Defendant claims that the Plaintiff failed to allege disinterested malevolence which is simply false (¶65). The amended complaint details how the Defendant openly vowed to destroy Plaintiff's medical practice and engaged in threatening and extortive conduct to enrich himself and gain economic and other advantages (¶¶65-66). The Defendant demanded that the Plaintiff terminate the parties' agreement; enter a non-disparagement agreement; enter into a less restrictive non-compete agreement and/or a less restrictive non-solicitation agreement. If Plaintiff did not meet these demands, the Defendant

 1757 Merrick Ave., Suite 207, Merrick, NY 11566   (516) 757-5634   (516) 746-2611  ✉ dantwork@davidantworklaw.com  🌐 davidantworklaw.com



Hon. Diane Gujarati
July 21, 2021
Page -2-

threatened to continue to disparage Plaintiff and file false whistleblower complaints with Federal and State agencies (¶¶67-72). Plaintiff has sufficiently alleged special damages in the specific and measurable losses attributable to these false complaints carried out by the Defendant as well as the Plaintiff being constrained to sacrifice the non-compete clause of the parties' agreement in the face of Defendant's threats (¶¶73-76).

The Plaintiff's Computer Fraud and Abuse Act claim is likewise sufficiently pled and is certain to sustain the impending motion to dismiss. Plaintiff has specifically and sufficiently alleged that the Defendant unlawfully accessed, downloaded and misappropriated sensitive and confidential patient files from Plaintiff's computer system without authorization or in excess of authorized access he had been afforded for purposes in contravention of the wishes and interests of the Plaintiff, his employer, which is in violation of the Computer Fraud and Abuse Act (¶¶80-89).

Plaintiff's unjust enrichment claim should also withstand the motion to dismiss. As discussed, the Defendant's misrepresentations by which he was enriched have been sufficiently pled with specificity. At its core, the Defendant's anticipated motion to dismiss is really a premature motion for summary judgment as the Defendant is attempting to summarily resolve factual issues in his favor at the pleading stage without the benefit of discovery, which is inappropriate.

Nor should this action be dismissed under the prior pending action doctrine or the *Colorado River* abstention doctrine. The "First Action" was filed by the instant Defendant against the Plaintiff and alleges breaches of the employment agreement as well as declaratory and injunctive relief pertaining to the non-compete clause. The claims alleged here by the Plaintiff against the Defendant are not duplicative whatsoever to that of the "First Action" and can be separately maintained in this action.

Based upon the foregoing, the Defendant's anticipated motion to dismiss is destined to fail.

I thank the Court for its time and consideration in this regard.

Respectfully submitted,

LAW OFFICES OF
DAVID A. ANTWORK, P.C.

*David A. Antwork*

DAVID A. ANTWORK (DA1168)

cc:      Adam I. Kleinberg, Esq. (via ECF)