UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------X
AA MEDICAL P.C.,　　　　　　　　　　　　　　　　　Case No.: 20-cv-03852
　　　　　　　　　　　　　　　　　　　　　　　　　　　(DG)(JMW)
　　　　　　　　　　Plaintiff,

　　　　　　　　　　　　　　　　　　　　　　　　　　**DECLARATION IN**
　　　　-against-　　　　　　　　　　　　　　　　　**OPPOSITION TO**
　　　　　　　　　　　　　　　　　　　　　　　　　　**DEFENDANT'S MOTION**
KHALED ALMANSOORI, M.D.,　　　　　　　　　　　　**TO STAY DISCOVERY**

　　　　　　　　　　Defendant.
----------------------------------------------------------------------------X

　　　　**DAVID A. ANTWORK**, an attorney duly admitted to practice law in the United States District Court for the Eastern District of New York, being duly sworn deposes and states the following under the penalty of perjury:

　　　　1.　　I am the principal of the LAW OFFICES OF DAVID A. ANTWORK, P.C., the attorneys for Plaintiff AA MEDICAL P.C. I am fully familiar with the facts and circumstances set forth herein based on the file and materials maintained by my firm.

　　　　2.　　This Declaration is respectfully submitted in opposition to the Defendant's motion to stay discovery pending the determination of the Defendant's motion to dismiss the Amended Complaint.

　　　　3.　　Although this Court has broad discretion to stay discovery for good cause shown pursuant to Fed. R. Civ. P. 26(c), "good cause" is a significant element of the determination. Guiffre v. Maxwell, 2016 WL 254932 at *1 (S.D.N.Y. 2016). The party requesting the stay bears the burden of demonstrating good cause. Rivera v. Incorporated Village of Farmingdale, 2007 WL 3047089 at *1 (E.D.N.Y. 2007).

　　　　4.　　Discovery should not be stayed simply because a motion to dismiss has been filed. Id.; Hollins v. U.S. Tennis Ass'n, 469 F. Supp. 2d 67, 78 (E.D.N.Y. 2006) [mere filing of motion to dismiss does not constitute "good cause" for a stay]; Alford v. City of New York, 2012 WL

1

947498 at *1 (E.D.N.Y. 2012) [pendency of dispositive motion is not in and of itself an automatic ground for a stay].

5. The following factors are generally considered when determining whether a stay is warranted: (1) whether the defendant has made a strong showing that the plaintiff's claims are unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay. Rivera, 2007 WL 3047089 at *1; Hollins, 469 F. Supp. 2d at 78.

6. The Defendant has not demonstrated a "strong showing" that the plaintiff's claims are unmeritorious.

7. In his attempt to do so, the Defendant merely incorporates by reference the arguments made in his pre-motion letter and the re-served motion to dismiss following its premature filing. However, as acknowledged by the Defendant, the motion has not yet been fully briefed to enable the Court to fully assess the strength of the pending motion.[1] *See* Morgan Art Foundation Limited v. McKenzie, 2020 WL 6135113 at *3 (S.D.N.Y. 2020), *citing* Republic of Turkey v. Christie's Inc., 316 F.Supp. 3d 675, 678 (S.D.N.Y. 2018).

8. Plaintiff's response to Defendant's pre-motion letter (ECF Doc. No. 30), however, summarizes how Defendant's motion will likely fail. Contrary to Defendant's contentions, the amended complaint (ECF Doc. No. 24) clearly pleads sufficient facts which state claims for relief which are plausible on their face.

9. Defendant makes the blanket statement that the Plaintiff's fraud claim lacks particularity but a plain reading of the amended complaint proves otherwise. The amended complaint goes into great detail how the Defendant used the Plaintiff as an improper means to

---

[1] Barring an extension, Plaintiff's opposition is to be served by September 7, 2021. See Order denying Defendant's motion for a pre-motion conference (ECF Doc. No. 29), dated August 3, 2021.

sponsor his H-1B visa in order to obtain entry into the U.S. without having any intention of truly and meaningfully working for the Plaintiff. In support of this, the Plaintiff alleges that upon starting employment in October 2018 with the requirement that he work full-time, the Defendant rarely reported to work- working only 2 days in October 2018, 9 days in November 2018 and 7 days in December 2018 (¶¶19-20). The Defendant openly threatened to continue to take advantage of the Plaintiff's visa sponsorship (¶26), he gave notice that he was leaving the Plaintiff less than five months into the term of his employment (¶35) and had already been planning to leave Plaintiff by submitting applications to other employers (¶37).

10. Plaintiff's prima facie tort claim is also sufficiently pled. Defendant claims that the Plaintiff failed to allege disinterested malevolence which is demonstrably false (¶65). The amended complaint details how the Defendant openly vowed to destroy Plaintiff's medical practice and engaged in threatening and extortive conduct to enrich himself and gain economic and other advantages (¶¶65-66). The Defendant demanded that the Plaintiff terminate the parties' agreement; enter a non-disparagement agreement; enter into a less restrictive non-compete agreement and/or a less restrictive non-solicitation agreement. If Plaintiff did not meet these demands, the Defendant threatened to continue to disparage Plaintiff and file false whistleblower complaints with Federal and State agencies (¶¶67-72). Plaintiff has sufficiently alleged special damages in the specific and measurable losses attributable to these false complaints carried out by the Defendant as well as the Plaintiff being constrained to sacrifice the non-compete clause of the parties' agreement in the face of Defendant's threats (¶¶73-76).

11. The Plaintiff's Computer Fraud and Abuse Act claim is likewise sufficiently pled and is certain to sustain the impending motion to dismiss. Plaintiff has specifically and sufficiently alleged that the Defendant unlawfully accessed, downloaded and misappropriated sensitive and

confidential patient files from Plaintiff's computer system without authorization or in excess of authorized access he had been afforded for purposes in contravention of the wishes and interests of the Plaintiff, his employer, which is in violation of the Computer Fraud and Abuse Act (¶¶80-89).

12. Plaintiff's unjust enrichment claim should also withstand the motion to dismiss. As discussed, the Defendant's misrepresentations by which he was enriched have been sufficiently pled with specificity.

13. At its core, the Defendant's motion to dismiss is really a premature motion for summary judgment as the Defendant is attempting to summarily resolve factual issues in his favor at the pleading stage without the benefit of discovery, which he now attempts to have stayed pending the motion to dismiss.

14. The Plaintiff, of course, will formally brief these issues in opposition to the motion to dismiss, but it is clear that for the purposes of this application, the Defendant has failed to meet his burden of a "strong showing" that the Plaintiff's claims lack merit. Even if the Court was of the opinion that the Defendant has substantial argument for dismissal of some of the claims (without the motion having yet been fully briefed) it is highly unlikely that the Defendant will succeed in dismissing all of them and a stay should not issue. *See* Alford, 2012 WL 947498 at *1; Rivera, 2007 WL 3047089 at *1 ["...while the moving defendant may achieve some level of success, it is doubtful that the action will be dismissed in its entirety"].

15. The Defendant does not explain, other than in conclusory fashion, how he will be burdened by engaging in discovery in this matter.

16. Indeed, it is the Plaintiff who will be prejudiced by the requested stay. This matter is already more than a year old and has yet to get off the ground. It is acknowledged that the Plaintiff, through guidance of prior counsel, did file several other actions which have been consolidated herein and are now ready to proceed. The Plaintiff itself should not suffer for the actions or "procedural machinations" as Defendant labels them, of his prior counsel. Plaintiff's current counsel has withdrawn one action and, when filing the consolidated amended complaint, pared it down to assert Plaintiff's meritorious claims which are sufficiently pled while withdrawing others.

17. Accordingly, the Defendant has failed to meet its burden of demonstrating good cause for the imposition of a discovery stay pending the determination of the motion to dismiss and the application should be denied.

**WHEREFORE**, Plaintiff respectfully requests that Defendant's motion to stay discovery be denied in its entirety, that discovery proceed in its ordinary course pursuant to the Scheduling Order issued by Magistrate Judge Wicks, dated August 17, 2021 (ECF Doc. No. 34), and that the Court grant such other and further relief as it deems just, equitable and proper.

Dated: Merrick, New York
       August 31, 2021

                                          *David A. Antwork*
                                         DAVID A. ANTWORK (DA1168)