UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| AA MEDICAL P.C., | Docket No. |
| Plaintiff, | 20-cv-03852 (DG)(JMW) |
| v. | |
| KHALED ALMANSOORI, M.D., | |
| Defendant. | |

---

**DEFENDANT KHALED ALMANSOORI'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO STAY DISCOVERY PENDING DETERMINATION OF MOTION TO DISMISS**

SOKOLOFF STERN LLP
*Attorneys for Defendant Khaled Almansoori*
179 Westbury Ave.
Carle Place, NY 11514
(516) 334-4500

Of Counsel:
    Adam I. Kleinberg

Defendant Khaled Almansoori ("Dr. Almansoori") respectfully submits this reply brief in support of his motion to stay discovery pending the Court's determination of Dr. Almansoori's motion to dismiss, and in response to the declaration of Plaintiff AA Medical P.C. ("AA Medical") in opposition to Dr. Almansoori's motion to stay discovery.

**A.     AA Medical Fails to Rebut Dr. Almansoori's Strong Showing that AA Medical's Claims Are Unmeritorious.**

AA Medical's Declaration in Opposition to Dr. Almansoori's Motion to Stay presents no legal authority to support AA Medical's conclusory assertion that Dr. Almansoori has not made a strong showing that AA Medical's claims are unmeritorious.  AA Medical's Brief in Opposition asserts that Dr. Almansoori "merely" incorporated by reference his pre-motion letter as well as the motion to dismiss that will be re-served; however, both Dr. Almansoori's pre-motion letter and motion to dismiss contain a litany of legal authority supporting dismissal of AA Medical's claims under Civ. R. 12(b)(6).  (*See* Docs. #26-29.)  On the other hand, AA Medical's Brief in Opposition incorporates by reference AA Medical's pre-motion response letter, which lacks any legal authority to oppose dismissal of AA Medical's claims.  Further, AA Medical concedes several points acknowledging the lack of merit in its claims.  In addition to failing to cite legal authority to oppose Dr. Almansoori's arguments, AA Medical omits *any* argument on other points independently justifying dismissal as argued in Dr. Almansoori's pre-motion letter and motion to dismiss.

With respect to AA Medical's fraud claim, AA Medical fails to establish that there is sufficient particularity in AA Medical's Amended Complaint.  Specifically, AA Medical makes no effort to identify the purported misrepresentations at issue, which AA Medical's Amended Complaint does not allege either.  Further, AA Medical's Declaration in Opposition fails to address Dr. Almansoori's argument that the fraud claim is merely duplicative of a breach of contract claim.

Rather, AA Medical's Declaration in Opposition merely cites claimed contractual obligations and attempts to label the alleged contractual breaches as fraud.

With respect to AA Medical's prima facie tort claim, AA Medical *concedes* that AA Medical does not allege that Dr. Almansoori's sole motivation was disinterested malevolence. Rather, AA Medical asserts that it has alleged Dr. Almansoori's conduct was "to enrich himself and gain economic and other advantages," indicating AA Medical is alleging Dr. Almansoori acted in self-interest.  Further, AA Medical identifies no alleged special damages that could serve as the basis for a prima facie tort claim.  The only "special damages" alleged by AA Medical relate to judicial and quasi-judicial proceedings, which are privileged.  AA Medical offers no opposition to legal authority cited by Dr. Almansoori providing that any alleged conduct or statements in the course of judicial and quasi-judicial proceedings are privileged.  Further, AA Medical omits any argument addressing Dr. Almansoori's argument that AA Medical has improperly attempted to utilize the prima facie tort claim as a catchall.

With respect to AA Medical's Computer Fraud and Abuse Act ("CFAA") claim, AA Medical concedes that the allegations simply amount to alleged misuse or misappropriation of information, which are not actionable under the CFAA.  Further, AA Medical's Declaration in Opposition omits any argument addressing Dr. Almansoori's argument that the Amended Complaint fails to sufficiently quantify any alleged damage or loss as required under the CFAA and case law from district courts in New York.

With respect to AA Medical's unjust enrichment claim, AA Medical fails to establish that there is sufficient particularity in AA Medical's Amended Complaint.  Specifically, AA Medical makes no effort to identify the purported "fraudulent misrepresentations" underlying the unjust enrichment claim, which AA Medical's Amended Complaint does not allege either.  Further, AA

Medical's Declaration in Opposition fails to address Dr. Almansoori's argument that the unjust enrichment claim is merely duplicative of a breach of contract claim.

**B.      AA Medical Makes No Argument Relating to the Scope of Discovery.**

AA Medical makes no attempt to argue that the breadth of discovery disfavors a stay. In Dr. Almansoori's Motion to Stay Discovery, Dr. Almansoori pointed out that any discovery would potentially be highly burdensome and involve a great deal of information. The Amended Complaint involves claims that AA Medical has consolidated from four lawsuits that AA Medical had originally filed separately. By permitting the Court to determine the scope of any surviving claims prior to discovery, a stay will promote efficiency and judicial economy in this matter. Thus, the potential breadth of discovery and burden of responding to discovery supports a stay on discovery pending the Court's determination of Dr. Almansoori's motion to dismiss. As AA Medical presents no argument related to this point in its Declaration in Opposition, there is no objection to the assertion that discovery prior to a determination would potentially be highly burdensome and involve a great deal of information.

**C.      Any Prejudice as Purported by AA Medical is Self-Inflicted.**

AA Medical's assertions regarding timing-related prejudice are without merit. Although AA Medical asserts that it has now pared down and consolidated its claims into its Amended Complaint, the fact remains that AA Medical had originally filed four separate lawsuits (three in the Eastern District and one in the Southern District). AA Medical only pared down and consolidated its claims due to the significant time and expense Dr. Almansoori previously incurred to seek the dismissal of each matter prior to consolidation. Further, there is continued delay by AA Medical of the threshold issue—determination of the dismissal of each of AA Medical's claims—even after AA Medical's substitution of counsel. AA Medical recently sought additional time to file its opposition to Dr. Almansoori's motion to dismiss the Amended Complaint. (*See*

Doc. #35 and September 3, 2021 Order.) Such a request does not demonstrate a sincere willingness of AA Medical to move this case forward and the delay sought by AA Medical further warrants a stay of discovery until the pleadings are resolved. Though Dr. Almansoori asserts there is no prejudice to AA Medical that will result from a stay on discovery, any timing-related prejudice as purported by AA Medical is self-inflicted.

## CONCLUSION

For the reasons set forth in this reply brief, as well as those contained in Dr. Almansoori's motion to stay discovery and memorandum in support, Dr. Almansoori respectfully requests that the Court grant a stay on discovery pending the Court's determination of Dr. Almansoori's motion to dismiss the Amended Complaint.

Dated:  Carle Place, New York
        September 10, 2021

                                                    Respectfully submitted,

                                                    **SOKOLOFF STERN LLP**

                                                    By: _____
                                                      Adam I. Kleinberg
                                                      179 Westbury Avenue
                                                      Carle Place, NY 11514
                                                      (516) 334-4500
                                                      File No. 200139

                                                  *Attorneys for Defendant Khaled Almansoori*