UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

AA MEDICAL P.C.,                              Docket No.
                                              20-cv-03852 (DG)(JMW)
            Plaintiff,

v.

KHALED ALMANSOORI, M.D.,

            Defendant.
_____


**DEFENDANT KHALED ALMANSOORI'S MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS VERIFIED AMENDED
COMPLAINT PURSUANT TO RULE 12(B)(6)**


                              SOKOLOFF STERN LLP
                              *Attorneys for Defendant*
                              *Khaled Almansoori, M.D.*
                              179 Westbury Ave.
                              Carle Place, NY 11514
                              (516) 334-4500


Of Counsel:
       Adam I. Kleinberg

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. iii

STATEMENT OF FACTS AND PROCEDURAL HISTORY ..................................................... 2

    A.    AA Medical's Amended Complaint. ...................................................... 2

    B.    AA Medical's Litigation History .................................................... 4

LEGAL STANDARD .......................................................................................................... 5

ARGUMENT ..................................................................................................................... 6

I.    AA MEDICAL'S FIRST CAUSE OF ACTION FOR FRAUD FAILS AS A MATTER OF LAW ..................................................................... 6

    A.    AA Medical's Amended Complaint Fails to Allege Fraud with Particularity .......................................................................... 6

    B.    AA Medical's Fraud Claim Merely Sounds in Breach of Contract. ............... 7

II.    AA MEDICAL HAS FAILED TO ALLEGE AN ACTIONABLE CLAIM FOR PRIMA FACIE TORT. ......................................................... 8

    A.    AA Medical has Failed to Allege Dr. Almansoori's Sole Motivation was "Disinterested Malevolence." ................................. 8

    B.    AA Medical Fails to Allege That it Suffered Special Damages. .................. 10

    C.    AA Medical Improperly Attempts to Use Prima Facie Tort as a Catch-All .................................................................... 11

III.    AA MEDICAL HAS FAILED TO ALLEGE AN ACTIONABLE CLAIM UNDER THE COMPUTER FRAUD AND ABUSE ACT. ....................... 11

    A.    AA Medical has failed to allege that Dr. Almansoori engaged in unauthorized access of a protected computer. ............................. 11

    B.    AA Medical has failed to sufficiently quantify any alleged "damage" or "loss." .......................................................... 13

    C.    AA Medical has no privacy rights under HIPAA. ........................... 15

IV.    AA MEDICAL'S AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR UNJUST ENRICHMENT UPON WHICH RELIEF CAN BE GRANTED. ................................................................... 15

|        | A.  | AA Medical Fails to Allege Unjust Enrichment with Particularity | 15 |
|        | B.  | AA Medical's Unjust Enrichment Claim Sounds in Contract. | 16 |
| V.     | ANY CLAIMS PREMISED ON DR. ALMANSOORI'S LITIGATION PRIVILEGE SHOULD BE DISMISSED. | | 17 |
| VI.    | ALTERNATIVELY, THE LAWSUIT SHOULD BE DISMISSED DUE TO A PRIOR PENDING ACTION. | | 18 |
| CONCLUSION | | | 21 |

## **TABLE OF AUTHORITIES**

CASES

*Adam v. Jacobs,*
    950 F.2d 89 (2d Cir. 1991) ................................................................... 19

*Aequitron Med., Inc. v. Dyro,*
    999 F. Supp. 294 (E.D.N.Y. Mar. 13, 1998) ........................................ 17

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ............................................................................... 5

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ............................................................................... 5

*Berland v Chi,*
    142 A.D.3d 1121 (2d Dept 2016) ......................................................... 10

*Bernstein v. Seeman,*
    593 F. Supp. 2d 630 (S.D.N.Y. Jan. 9, 2009) ..................................... 17

*Burns Jackson Miller Summit & Spitzer v Lindner,*
    59 NY2d 314 (1983) ......................................................................... 9, 10

*Callas v. Eisenberg,*
    192 A.D.2d 349 (1st Dept 1993) ............................................................ 6

*Castellotti v Free,*
    138 A.D.3d 198 (1st Dept 2016) ............................................................ 8

*Cathy Daniels, Ltd. v. Weingast,*
    91 A.D.3d 431 (1st Dept 2012) .............................................................. 6

*Church of Scientology v. Siegelman,*
    94 F.R.D. 735 (S.D.N.Y. 1982) ........................................................... 11

*Colina v. One E. River Place Realty Co.,*
    2000 U.S. Dist. LEXIS 11728 (S.D.N.Y. 2000) ................................. 11

*Colo. River Water Conserv. Dist. v. United States,*
    424 U.S. 800, 47 L. Ed. 2d 483, 96 S. Ct. 1236 (1976) ..................... 19

*Cronos Group Ltd. v. XComIP, LLC,*
    156 A.D.3d 54 (1st Dept. 2017) ............................................................. 8

*Curiano v Suozzi*,
 63 N.Y.2d 113 (1984) ........................................................................................ 9

*Deutsch v. Human Res. Mgmt.*,
 2020 U.S. Dist. LEXIS 65926 (S.D.N.Y. Apr. 15, 2020) ................................ 14

*Eavzan v. Polo Ralph Lauren Corp.*,
 40 F. Supp. 2d 147 (S.D.N.Y. 1998) ................................................................ 11

*Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*,
 8 F. Supp. 3d 467 (S.D.N.Y. Mar. 27, 2014) .................................................. 16

*Golden Pacific Bancorp v. F.D.I.C.*,
 273 F.3d 509 (2d Cir. 2001) ............................................................................ 16

*Hermant Patel M.D., P.C. v. Bandikalta*
 2019 U.S. Dist. LEXIS 210405 (S.D.N.Y. Dec. 5, 2019) .............................. 8

*Howard v Block*,
 90 A.D.2d 455 (1st Dept 1982) ........................................................................ 11

*Hughes v. Ester C Co.*,
 930 F. Supp. 2d 439 (E.D.N.Y. Mar. 15, 2013) .............................................. 16

*In re First Central Financial Corp.*,
 377 F.3d 209 (2d Cir. 2004) ............................................................................ 16

*JBCHoldings NY, LLC v. Pakter*,
 931 F. Supp. 2d 514 (S.D.N.Y. Mar. 20, 2013) .............................................. 11

*Jet One Group, Inc. v. Halcyon Jet Holdings, Inc.*,
 2009 U.S. Dist. LEXIS 72579 (E.D.N.Y. Aug. 14, 2009) .............................. 12

*Kottler v. Deutsche Bank AG*,
 607 F. Supp. 2d 447 (S.D.N.Y. Jan. 9, 2009) .................................................. 16

*Law Firm of Omar T. Mohammedi, LLC v. Computer Assisted Practice Elec. Mgmt. Sols.*,
 2019 U.S. Dist. LEXIS 121735 (S.D.N.Y. July 22, 2019) .............................. 15

*Luciano v Handcock*,
 78 A.D.2d 943 (3d Dept 1980) ........................................................................ 10

*Manas v. VMS Assoc., LLC*,
 53 A.D.3d 451 (1st Dept 2008) ........................................................................ 8

*Moore v Liberty Power Corp., LLC*,
    72 A.D.3d 660 (2d Dept 2010) ............................................................... 7

*Mountain Lion Baseball Inc. v. Gaiman*,
    263 A.D.2d 636 (3d Dept 1999) ............................................................. 7

*Nevin v. Citibank, N.A.*,
    107 F.Supp.2d 333 (S.D.N.Y. July 14, 2000) ........................................ 9

*Officemax Inc. v. Cinotti*,
    966 F. Supp. 2d 74 (E.D.N.Y. Apr. 29, 2013) ...................................... 17

*Orbit One Commc'ns, Inc. v. Numerex Corp.*,
    692 F. Supp. 2d 373 (S.D.N.Y. Mar. 10, 2010) .............................. 12, 13

*Orchid Constr. Corp. v. Gottbetter*,
    89 A.D.3d 708 (2d Dept 2011) ............................................................... 6

*Poller v. BioScrip, Inc.*,
    974 F. Supp. 2d 204 (S.D.N.Y. Sept. 25, 2013) .................................. 12

*Register.com, Inc. v. Verio, Inc.*,
    356 F.3d 393 (2d Cir. 2004) ................................................................ 14

*Schoch v Lake Champlain Ob-Gyn, P.C.*,
    184 AD3d 338 (3d Dept 2020) ............................................................ 16

*Shallow v. Scofield*,
    2012 WL 4327388 (S.D.N.Y. Sept. 21, 2012) .................................... 15

*Silverman Ptnrs., L.P. v. First Bank*,
    687 F. Supp. 2d 269 (E.D.N.Y. Feb. 20, 2010) .................................. 17

*Turret Labs USA, Inc., v. CargoSprint, LLC*,
    2021 U.S. Dist. LEXIS 27838 (E.D.N.Y. Feb. 12, 2021) .................... 14

*Twin Labs, Inc. v. Weider Health and Fitness*,
    900 F.2d 566 (2d Cir. 1990) .............................................................. 9, 10

*U.S. ex rel. Ladas v. Exelis, Inc.*,
    824 F.3d 16 (2d Cir. 2016) .................................................................... 6

*U.S. ex. Rel. Polansky v. Pfizer, Inc*,
    2009 WL 145682 (E.D.N.Y. May 22, 2009) .......................................... 6

*United States ex rel. Chorches for Bankr. Estate of Fabula v. Am. Med. Response, Inc.*,
  865 F.3d 71 (2d Cir. 2017) ................................................................................. 6

*United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*,
  125 F.3d 899 (5th Cir. 1997) ............................................................................. 6

*United States v. Aleynikov*,
  737 F. Supp. 2d 173 (S.D.N.Y. Sept. 3, 2010) ............................................... 13

*Warren Pearl Constr. Corp. v. Guardian Life Ins. Co. of Am.*,
  639 F. Supp. 2d 371 (S.D.N.Y. July 22, 2009) ............................................... 15

*Weitz v. Wagner*,
  2008 U.S. Dist. LEXIS 61112 (E.D.N.Y. July 24, 2008) ................................ 18

*Welch v. TD Ameritrade Holding Corp.*,
  2009 U.S. Dist. LEXIS 65584 (S.D.N.Y. July 27, 2009) ................................ 16

*Wells Fargo Bank, N.A. v Wine*,
  90 A.D.3d 1216 (3d Dept 2011) .......................................................................... 7

STATUTES

18 U.S.C. § 1030(e) ...................................................................................................... 14

RULES

C.P.L.R. § 3016(b) .................................................................................................. 6, 7
Fed. R. Civ. P. 8(a)(2) ................................................................................................ 5
Fed. R. Civ. P. 9(b) .................................................................................................... 6
Fed. R. Civ. P. 12(b)(6) .................................................................................. 18, 19, 20

Defendant Khaled Almansoori, M.D. ("Dr. Almansoori") moves to dismiss Plaintiff AA Medical P.C.'s ("AA Medical") Verified Amended Complaint (the "Amended Complaint") pursuant to Rule 12(b)(6).  The Amended Complaint fails to plead essential elements of its four claims, for fraud, prima facie tort, violation of the Computer Fraud and Abuse Act ("CFAA"), and unjust enrichment.  These baseless, duplicative claims serve only to advance AA Medical's aim to enlarge the time, expense, and stress imposed on Dr. Almansoori.  To illustrate, several claims simply allege a failure by Dr. Almansoori to fulfill the terms of the written employment agreement attached as an exhibit to the Amended Complaint, despite AA Medical's attempts to characterize such claims as fraud or unjust enrichment. Applicable law requires the dismissal of AA Medical's claims that merely sound in contract despite the labels.  Further, the Amended Complaint does not contain key required elements of each claim.  Finally, AA Medical improperly bases claims on judicial and quasi-judicial proceedings initiated by Dr. Almansoori, and those claims are precluded by Dr. Almansoori's absolute litigation privilege.

AA Medical's allegations fail to state any claim for fraud, prima facie tort, violation of the CFAA, or unjust enrichment.  AA Medical's claims remain deficient as a matter of law despite already having had the opportunity to amend.  The Court should dismiss the Amended Complaint in its entirety and with prejudice pursuant to Rule 12(b)(6).

Additionally, AA Medical and one of its employees have engaged in a scheme of harassment and frivolous litigation, having filed six separate lawsuits against Dr. Almansoori in four jurisdictions over a two-month period.  In order to muster up six separate lawsuits, AA Medical and its employees asserted duplicative and baseless claims against Dr. Almansoori.  This litigation, in which three lawsuits have been consolidated, presents a sample of such baseless, duplicative claims. Moreover, other related actions preceded AA Medical's filing of the cases

consolidated in the instant lawsuit.  In the alternative, and only in the event the Court does not dismiss AA Medical's Amended Complaint in its entirety pursuant to Rule 12(b)(6), Dr. Almansoori requests that the Court dismiss any remainder of the instant lawsuit due to the existence of a prior pending action.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

    **A.    AA Medical's Amended Complaint.**

    AA Medical alleges that Dr. Almansoori is an orthopedic surgeon who was a former employee of AA Medical in New York.[1]  (Amended Complaint, Doc. #24 at ¶ 11) (the "Amended Complaint".)  AA Medical and Dr. Almansoori entered a written employment agreement (the "Employment Agreement") governing the terms of Dr. Almansoori's employment.  (Doc. #24, at ¶ 17) (Exhibit 2 to Amended Complaint, Doc. #24-2.)  One such term of the Employment Agreement provided for a ten-year term of employment commencing on October 1, 2018.  (Doc. #24-2, at 2(a).)  Another term of the Employment Agreement set forth Dr. Almansoori's duties, which included providing orthopedic services to the best of his ability and according to professional medical standards, as well as fulfilling requirements for working hours set by AA Medical.  (Doc. #24-2, at 4(a), 4(b).)  In employing Dr. Almansoori, AA Medical sponsored Dr. Almansoori's H-1B visa for immigration purposes.  (Doc. #24, at ¶¶ 15, 17.)

    AA Medical asserts Dr. Almansoori did not meet the requirements for working hours set by AA Medical.  (Doc. #24, at ¶¶ 19, 21.)  Further, AA Medical asserts Dr. Almansoori did not

---

[1] Dr. Almansoori denies many of the factual allegations in AA Medical's Verified Amended Complaint.  For ease of reading and because the Court must assume all of the facts properly alleged in the Complaint as true solely for purposes this motion, Dr. Almansoori will not label each and every fact as "alleged" from this point forward, despite Dr. Almansoori reserving the right to contest any or all of them at the appropriate stage.

provide services to the degree of quality and professionalism expected by AA Medical.  (Doc. #24, at ¶¶ 22, 24, 25, 27, 29-33.)  Eventually, Dr. Almansoori provided written notice in or around February or March 2019 indicating that he desired to terminate his employment under the Employment Agreement in accordance with the Employment Agreement's "termination without cause" provision that simply required 120-day notice of such intent to terminate employment. (Doc. #24, at ¶¶ 34-35) (Doc. #24-2, at 8(b).)  Prior to the completion of the 120-day period preceding termination of Dr. Almansoori's employment, AA Medical decided to terminate Dr. Almansoori's employment, supposedly for cause, on or about July 15, 2019.  (Doc. #24, at ¶ 38.)

AA Medical asserts that Dr. Almansoori, during the course and scope of his employment as an orthopedic surgeon with AA Medical, accessed AA Medical's computer system.  (Doc. #24, at ¶ 49.)  AA Medical asserts that, in accessing AA Medical's computer system, Dr. Almansoori misappropriated and downloaded patient files and information prior to the conclusion of his employment with AA Medical.  (Doc. #24, at ¶¶ 49-50.)  Dr. Almansoori later disclosed this patient information to third parties, specifically alleged to be governmental authorities.  (Doc. #24, at ¶ 51.)  Dr. Almansoori did not access AA Medical's computer system after the conclusion of his employment with AA Medical.  (Doc. #24, at ¶ 49.)

On August 6, 2019, Dr. Almansoori filed a lawsuit against AA Medical seeking contractual damages, declaratory and injunctive relief against AA Medical's enforcement of unlawful restrictive covenants, unjust enrichment, and retaliation in violation of the New York State Human Rights Law.  (Doc. #24, at ¶¶ 41, 47-48.)  During the course and scope of that litigation, via his counsel of record, Dr. Almansoori attempted to engage in settlement discussions with AA Medical. (Doc. #24, at ¶¶ 40-42.)  AA Medical voluntarily executed a stipulated preliminary injunction preventing the enforcement of the Employment Agreement's non-compete provision.  (Doc. #24,

at ¶ 48.)  Dr. Almansoori further asserted his right to administrative relief by filing administrative complaints with the U.S. Department of Labor. (Doc. #24, at ¶¶ 43, 46.)  AA Medical voluntarily settled and resolved one complaint filed by Dr. Almansoori with the U.S. Department of Labor for $12,500.  (Doc. #24, at ¶ 44.)

Based on these allegations, AA Medical's Verified Complaint asserts four causes of action: "Fraud" (Doc. #24, ¶¶ 52-63); "Prima Facie Tort" (Doc. #24, ¶¶ 64-78); "Violation of the CFAA" (Doc. #24, ¶¶ 79-91); and "Unjust Enrichment" (Doc. #24, ¶¶ 92-99).

## B.      AA Medical's Litigation History

In relation to this matter, AA Medical (and, in one case, an affiliated physician) filed a web of pending lawsuits against Dr. Almansoori as part of a frivolous harassment campaign.  The set of six lawsuits against Dr. Almansoori included:

- *AA Medical, P.C. v. Khaled Almansoori, M.D.*, Index No. 000092/2021, Supreme Court of the State of New York, Suffolk County (previously Index No. 607264/2020, Supreme Court of the State of New York, Nassau County, filed July 17, 2020).

- *Thor Robert Rhodin v. Khaled Almansoori*, Index No. 609950/2020, Supreme Court of the State of New York, Suffolk County, filed August 4, 2020.

- *AA Medical, P.C. v. Khaled Almansoori, M.D.*, Docket No. 2:20-cv-04350 (NGG)(AKT), United States District Court, Eastern District of New York (originally filed in Supreme Court of the State of New York, Suffolk County on August 10, 2020).

- *AA Medical, P.C. v. Khaled Almansoori*, Docket No. 2:20-cv-03852 (JS)(ARL), United States District Court, Eastern District of New York, filed August 25, 2020.

- *AA Medical, P.C. v. Khaled Almansoori,* Case No. 2:20-cv-04413 (GRB)(AYS), United States District Court, Eastern District of New York (originally filed in filed in Supreme Court of the State of New York, Suffolk County on August 31, 2020)

- *AA Medical, P.C. v. Khaled Almansoori*, Docket No. 1:20-cv-06923 (JPC), United States District Court, Southern District of New York, filed August 28, 2020.

The three matters pending in the United States District Court, Eastern District of New York have been transferred to and consolidated in this Case No. 2:20-cv-03852.   AA Medical further

voluntarily dismissed its claims in its case filed in the Southern District of New York, while partially incorporating those claims in the Amended Complaint in this case.  As noted above, before any of AA Medical's barrage of lawsuits, Dr. Almansoori had filed an action in 2019 against AA Medical in the Supreme Court of the State of New York, Suffolk County, currently pending under Index No. 615178/2019.  Due to Dr. Almansoori's prior action in Suffolk County, Dr. Almansoori successfully sought transfer of AA Medical's Nassau County lawsuit.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This standard deploys two prongs.

First, a complaint must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id*. (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id*. (quoting *Twombly*, 550 U.S. at 557).  While the Court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Id*. (quoting *Twombly*, 550 U.S. at 555).

Second, the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully."  *Id*.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id*.

## ARGUMENT

I. **AA Medical's First Cause of Action for Fraud Fails as a Matter of Law.**

    A.     **AA Medical's Amended Complaint Fails to Allege Fraud with Particularity.**

AA Medical's Amended Complaint fails to sufficiently set forth a fraud claim. The elements of fraud are (1) a material misrepresentation of fact; (2) with knowledge of its falsity; (3) an intent to induce reliance upon the misrepresentations; (4) justifiable reliance by the plaintiff; and (5) resulting damages. *Cathy Daniels, Ltd. v. Weingast*, 91 A.D.3d 431, 433, 936 N.Y.S.2d 44 (1st Dept 2012). Rule 9(b) requires that, "a party must state with particularity the circumstances constituting fraud . . .." Fed. R. Civ. P. 9(b). Rule 9(b) "ordinarily requires a complaint alleging fraud to '(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" *United States ex rel. Chorches for Bankr. Estate of Fabula v. Am. Med. Response, Inc.*, 865 F.3d 71, 81 (2d Cir. 2017) (quoting *U.S. ex rel. Ladas v. Exelis, Inc.*, 824 F.3d 16, 25 (2d Cir. 2016)). "Rule 9(b) requires that a plaintiff set forth the who, what, when, where and how of the alleged fraud." *U.S. ex. Rel. Polansky v. Pfizer, Inc*, 2009 U.S. Dist. LEXIS 43438, 2009 WL 145682 (E.D.N.Y. May 22, 2009) (quoting *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)).

Similarly, under New York state law for claims of fraud, "the circumstances constituting the wrong shall be stated in detail." C.P.L.R. § 3016(b). C.P.L.R. § 3016(b) requires a plaintiff alleging fraud to set forth specific and detailed allegations of fact, including "specific dates and items" in the complaint. *Orchid Constr. Corp. v. Gottbetter,* 89 A.D.3d 708, 710, 932 N.Y.S.2d 100 (2d Dept 2011); *Callas v. Eisenberg,* 192 A.D.2d 349, 350, 595 N.Y.S.2d 775 (1st Dept 1993). "It is well settled that 'where fraud or misrepresentation is charged, CPLR 3016(b) requires that the misrepresentation must be pleaded in detail so as to clearly inform the defendant with respect

to the incident complained of.'" *See Mountain Lion Baseball Inc. v. Gaiman*, 263 A.D.2d 636, 638, 693 N.Y.S.2d 289 (3d Dept 1999) (citation omitted) (dismissing fraud claim and finding that "plaintiff's complaint, which fails to set forth the substance of, the dates upon which, or the persons to whom the alleged misrepresentations purportedly were made, falls far short of satisfying the pleading requirement imposed by CPLR 3016 (b)"); *see also Wells Fargo Bank, N.A. v Wine*, 90 A.D.3d 1216, 1218, 935 N.Y.S.2d 664 (3d Dept 2011) (dismissing fraud claim as "nothing more than general allegations of fraudulent services and, thus, do not provide the detailed and specific factual allegations of fraudulent conduct necessary to sustain such claims"); *Moore v Liberty Power Corp., LLC*, 72 A.D.3d 660, 661, 897 N.Y.S.2d 723 (2d Dept 2010) (dismissing fraud claim where "[t]he plaintiff failed to allege or provide details of any misstatements or misrepresentations made specifically by the defendant's representatives to him, as required by CPLR 3016 (b)").

AA Medical has failed to allege *even a single instance* of a fraudulent statement by Dr. Almansoori related to his intent to be employed or remain employed by AA Medical. (Doc. #24, at ¶¶ 52-63.) The only place where Dr. Almansoori is alleged to have made any representation regarding the term of his employment was *in a contract* at Section 2(a) of the Employment Agreement. (Doc. #24, at ¶¶ 16-17) (Doc. #24-2, at 2(a).) In the absence of identification of an allegedly false statement, it is not clear what, if anything, AA Medical alleges to constitute fraud. Due to the utter absence of any allegations identifying a single instance of a fraudulent representation, AA Medical's fraud claim should be dismissed for the failure to plead fraud with particularity.

### B.   AA Medical's Fraud Claim Merely Sounds in Breach of Contract.

AA Medical's fraud claim also fails because it merely sounds in breach of contract. A breach of contract may not serve as the basis for a fraud claim. Where allegations actually constitute a breach of contract, enhanced only by conclusory allegations that the pleader's

adversary made a promise while harboring the concealed intent not to perform it, the fraud claim should be dismissed. *See Hermant Patel M.D., P.C. v. Bandikalta,* 2019 U.S. Dist. LEXIS 210405, at *7 (S.D.N.Y. Dec. 5, 2019) (dismissing former employer's fraud claim based upon an immigrant physician's alleged "insincere promise" that the physician would complete the full term contained in a written employment contract); *see also Manas v. VMS Assoc., LLC*, 53 A.D.3d 451, 453, 863 N.Y.S.2d 4 (1st Dept 2008) ("A fraud-based cause of action is duplicative of a breach of contract claim when the only fraud alleged is that the defendant was not sincere when it promised to perform under the contract.").  New York law holds that where the promised performance is an obligation of the promisor under an enforceable contract between the parties, and the only damages sought are those recoverable for a breach of contract, allegations of such an "insincere promise" are redundant of a claim for breach of contract and, therefore, do not state a claim for fraud as a matter of law. *See Cronos Group Ltd. v. XComIP, LLC,* 156 A.D.3d 54, 67, 64 N.Y.S.3d 182 (1st Dept. 2017) (citing *Castellotti v Free*, 138 A.D.3d 198, 211, 27 N.Y.S.3d 507 (1st Dept 2016)).

The allegations in AA Medical's fraud claim are based entirely on the Dr. Almansoori's Employment Agreement, which AA Medical claims that Dr. Almansoori did not fulfill.  (*See* Doc. #24, at ¶¶ 19, 21, 22, 24, 25, 27, 29-33, 55, 60) (Doc. #24-2, at 2(a), 4(a), 4(b).)  Further, AA Medical bases its fraud claim on Dr. Almansoori's act of exercising the right to termination upon 120 days' written notice in accordance with the contractually bargained-for term contained in the Employment Agreement.  (Doc. #24, at ¶¶ 34-35, 55) (Doc. #24-2, at 8(b).)  AA Medical's own exhibit undercuts any assertion that its allegations constitute fraud rather than, at most, a claimed breach of contract.  (*See* Doc. #24-2.)  Dismissal of this fraud claim is warranted due to the allegations' complete and absolute foundation in the terms of the Employment Agreement.

## II.    AA Medical has Failed to Allege an Actionable Claim for Prima Facie Tort.

### A.    AA Medical has Failed to Allege Dr. Almansoori's Sole Motivation was

**"Disinterested Malevolence."**

AA Medical has failed to allege "disinterested malevolence" despite its single conclusory, insufficient attempt to assign such a label to its allegations. To state a claim for prima facie tort, a complaint must allege: (1) intentional infliction of harm, (2) causing special damages, (3) without excuse or justification, (4) by an act or series of acts that would otherwise by lawful. *Curiano v Suozzi*, 63 N.Y.2d 113, 117 (1984). "There is no recovery in prima facie tort unless malevolence is the ***sole motive*** for defendant's otherwise lawful act or . . . unless defendant acts from 'disinterested malevolence.'" *Burns Jackson Miller Summit & Spitzer v. Lindner*, 59 NY2d 314, 333 (1983) (emphasis supplied) (finding plaintiffs failed to state prima facie tort cause of action because "although they allege intentional and malicious action, they do not allege that defendants' sole motivation was 'disinterested malevolence'"). "The touchstone [of prima facie tort] is 'disinterested malevolence,' meaning that the plaintiff cannot recover unless the defendant's conduct was not only harmful, but done with the ***sole intent*** to harm." *Twin Labs, Inc. v. Weider Health and Fitness,* 900 F.2d 566, 571 (2d Cir. 1990) (emphasis supplied). Prima facie tort is a highly disfavored cause of action under New York law. *Nevin v. Citibank, N.A.*, 107 F.Supp.2d 333, 347 (S.D.N.Y. July 14, 2000) (stating that prima facie tort is "highly disfavored in New York" and that "it is well settled that any claim covered by a traditional tort claim cannot be the basis of a prima facie tort—even if the traditional tort claim turns out not to be viable").

AA Medical's conclusory allegation that Dr. Almansoori was "motivated by malice or disinterested malevolence" is insufficient. AA Medical does not allege that Dr. Almansoori acted with "disinterested malevolence" or that malevolence was the ***sole motive*** for Dr. Almansoori's acts. The Complaint's second cause of action only cites conduct occurring in the course and scope of judicial and quasi-judicial proceedings, and these allegations are also barred as a basis for any

9

claim due to the litigation privilege as discussed in more detail below.  Such allegations are insufficient to state a claim for prima facie tort.  *Burns*, 59 N.Y.2d at 333 (affirming dismissal of prima facie tort claim where plaintiffs merely alleged "intentional and malicious action" but did not allege "defendants' sole motivation was 'disinterested malevolence").  Further the allegations in the Amended Complaint fail to show that Dr. Almansoori's actions *were not* based on *his own self-interest*.  *See Twin Labs*, 900 F.2d at 571.  Due to the lack of allegations that Dr. Almansoori's sole motivation for the alleged conduct was disinterested malevolence, this claim should be dismissed as a matter of law.

### B. AA Medical Fails to Allege That it Suffered Special Damages.

The prima facie tort claim fails also because AA Medical has not alleged specific and measurable loss in the form of special damages with sufficient particularity.  Special damages "must be alleged with sufficient particularity to identify actual losses and be related causally to the alleged tortious acts."  *Luciano v Handcock*, 78 A.D.2d 943, 943 (3d Dept 1980).  The only point at which AA Medical quantifies any purported damages is in relation to the Settlement Payment of $12,500 that AA Medical *voluntarily paid pursuant to a consensual resolution* with the U.S. Department of Labor.  (Doc. #24, at ¶¶ 70-71, 75.)  As explained more fully below, Dr. Almansoori is entitled to an absolute litigation privilege for settlement proceedings in a quasi-judicial setting.

Beyond this improper allegation, AA Medical merely alleges without specificity that it had to pay fees to legal counsel and that it has voluntarily entered into a preliminary injunction against enforcement of the non-compete in the Employment Agreement. AA Medical does not allege "specific and measurable loss" necessary to satisfy the requirement to plead special damages. *Berland v Chi*, 142 A.D.3d 1121, 1123 (2d Dept 2016) (affirming lower court's finding that the allegations in the complaint were insufficient to allege special damages for failing to allege "specific and measurable loss").  This pleading failure is grounds for dismissal.  *Howard v Block*,

90 A.D.2d 455, 455 (1st Dept 1982) (affirming dismissal of complaint and finding no special damage for prima facie tort claim where plaintiffs alleged that defendant engaged in malicious conduct in order to obtain plaintiffs' eviction, but the plaintiff were "not in fact, evicted, and there was no showing of intentional harm").

### C.      AA Medical Improperly Attempts to Use Prima Facie Tort as a Catch-All.

AA Medical has improperly attempted to allege a prima facie tort claim to circumvent the stringent requirements for bringing a malicious prosecution claim.  Prima facie tort may not be used as a "catch-all" alternative for traditional tort claims.  *See Colina v. One E. River Place Realty Co.,* 2000 U.S. Dist. LEXIS 11728, at *20 (S.D.N.Y. 2000) (dismissing prima facie tort claim as improper "catch-all" attempt that merely repeated facts set forth in malicious prosecution claim); *Eavzan v. Polo Ralph Lauren Corp.*, 40 F. Supp. 2d 147, 152 (S.D.N.Y. 1998) (dismissing prima facie tort claim that attempted to circumvent the obstacles to a malicious prosecution action); *Church of Scientology v. Siegelman*, 94 F.R.D. 735, 738 (S.D.N.Y. 1982) ("A party will not be allowed to take a defective claim for malicious prosecution, abuse of process, or any other traditional tort and simply recast it as one for prima facie tort.").  Here, AA Medical has solely based its prima facie tort claim on Dr. Almansoori's lawsuit and complaints filed with the U.S. Department of Labor.  Thus, the prima facie tort claim should be dismissed as an improper attempt by AA Medical to circumvent the stringent requirements of a malicious prosecution claim.

### III.   AA Medical has Failed to Allege an Actionable Claim under the Computer Fraud and Abuse Act.

### A.      AA Medical has failed to allege that Dr. Almansoori engaged in unauthorized access of a protected computer.

AA Medical has failed to allege unauthorized access other than, at most, through mere speculation. Such conjecture is insufficient to state a claim under the CFAA.  *JBCHoldings NY, LLC v. Pakter,* 931 F. Supp. 2d 514, 526 (S.D.N.Y. Mar. 20, 2013).  The Complaint merely states

that Dr. Almansoori "unlawfully accessed, downloaded and misappropriated" patient files from AA Medical's computer system "without authorization, or in excess of authorization," without providing any further detail on the manner in which such alleged access occurred.  (Doc. #24, at ¶¶ 49, 81, 83) (emphasis supplied).  This speculative, conclusory allegation without any detail is the type of conjecture that is insufficient to state a claim under the CFAA.  Thus, dismissal is proper.

Even if such speculation were sufficient, the CFAA does not permit civil claims based upon an employee's access of his employer's computer system during his period of employment. "[W]here an employee has certain access to a computer or system associated with her job, that access will be construed as unauthorized within the meaning of the CFAA <u>only where it occurs after the employee is terminated or resigns</u>." *Poller v. BioScrip, Inc.,* 974 F. Supp. 2d 204, 233 (S.D.N.Y. Sept. 25, 2013) (citations omitted) (emphasis supplied).  "[R]eading the phrases 'access without authorization' and 'exceeds authorized access' to encompass an employee's misuse or misappropriation of information to which the employee freely was given access and which the employee lawfully obtained would depart from the plain meaning of the statute." *Orbit One Commc'ns, Inc. v. Numerex Corp.,* 692 F. Supp. 2d 373, 385 (S.D.N.Y. Mar. 10, 2010).  Here, AA Medical's Complaint alleges access only *during* Dr. Almansoori's period of employment.  (Doc. #24, at ¶¶ 49, 81.)  Such access does not constitute access "without authorization" or "exceeding authorized access" as a matter of law, despite AA Medical's attempts to merely slap such labels upon the alleged actions.  The CFAA claim should be dismissed.

AA Medical's allegations boil down to alleged misappropriation or misuse, which <u>are not</u> actions for which the CFAA provides a remedy.  *Jet One Group, Inc. v. Halcyon Jet Holdings, Inc.,* 2009 U.S. Dist. LEXIS 72579, at *18 (E.D.N.Y. Aug. 14, 2009).  The federal district courts

in New York construe the CFAA's terms narrowly, holding that an employee's misuse or misappropriation of an employer's business information is not "without authorization" where the employer has given the employee permission to access such information. *Orbit One,* 692 F. Supp. 2d at 385 ("The plain language of the CFAA supports a narrow reading. The CFAA expressly prohibits improper 'access' of computer information. It does not prohibit misuse or misappropriation."). Here, AA Medical alleges that Dr. Almansoori "misappropriated" confidential patient information and misused and/or disclosed such confidential information to other third parties. (Doc. #24, at ¶¶ 81, 83-85). Federal district courts in New York have explained at length that such allegations are insufficient to state a cognizable claim under the CFAA:

> While a confidentiality agreement or other policies or obligations owed to an employer may prohibit misuse of a company's internal computer system or misappropriation of confidential information therein, the plain text of the CFAA does not. Furthermore, an interpretation of the CFAA based upon agency principles would greatly expand the reach of the CFAA to any employee who accesses a company's computer system in a manner that is adverse to her employer's interests. This would convert an ordinary violation of the duty of loyalty or of a confidentiality agreement into a federal offense. An employee does not lose "authorization" by accessing a computer with an improper purpose; rather, authorization is controlled by the employer, who may or may not terminate or restrict an employee's access privileges.

*United States v. Aleynikov,* 737 F. Supp. 2d 173, 194 (S.D.N.Y. Sept. 3, 2010). AA Medical's allegations fail to establish the elements of a CFAA claim and dismissal is proper as a matter of law.

### B.  AA Medical has failed to sufficiently quantify any alleged "damage" or "loss."

AA Medical's CFAA claim also fails due to the absence of sufficient allegations of "damage" or "loss." The CFAA created a civil right of action for any person who suffered sufficient "damages or loss," as those terms are defined under the statute, as a result of individuals who intentionally accessed a protected computer without authorization or in a way that exceeded

their authorized access.  18 U.S.C. §§ 1030(a)(2)(C), 1030(g).  "Damage" is defined as "any impairment to the integrity or availability of data, a program, a system, or information."  18 U.S.C. § 1030(e)(8).  "Loss" is defined as "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service."  18 U.S.C. § 1030(e)(11).  The absence of such allegations *sufficiently quantifying* the alleged damages in a minimum amount of $5,000 justifies dismissal under the CFAA.  *See Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 440 (2d Cir. 2004) (to maintain a cause of action under the CFAA against a defendant, a plaintiff must demonstrate that the defendant violated the CFAA in "a manner that has caused [the plaintiff] damages or losses of at least $5,000."); *see also Turret Labs USA, Inc., v. CargoSprint, LLC,* 2021 U.S. Dist. LEXIS 27838, at *19-20 (E.D.N.Y. Feb. 12, 2021) (dismissing CFAA claim where amended complaint merely recited statutory definition of loss and in conclusory fashion simply asserted losses exceeded $5,000); *Deutsch v. Human Res. Mgmt.,* 2020 U.S. Dist. LEXIS 65926, at *11-12 (S.D.N.Y. Apr. 15, 2020) (dismissing CFAA claim where plaintiff only offered conclusory allegation that loss exceeded threshold of $5,000).

Beyond insufficient conclusory allegations, AA Medical has failed to allege facts showing it has met the minimum loss threshold for a civil claim under the CFAA.  Here, AA Medical's allegation on loss is nothing more than copying-and-pasting the statutory definition of "loss" under 18 U.S.C. § 1030(e)(11) and a conclusory assertion that it has been damaged in an amount "not less than one million dollars."  (Doc. #24, ¶¶ 87, 90.)  Those conclusory allegations are insufficient. *See, e.g., Turret Labs,* 2021 U.S. Dist. LEXIS 27838, at *19-20; *see also Deutsch,* 2020 U.S. Dist. LEXIS 65926, at *12; *Law Firm of Omar T. Mohammedi, LLC v. Computer Assisted Practice*

*Elec. Mgmt. Sols.,* No. 17-CV-4567, 2019 U.S. Dist. LEXIS 121735, at *12 (S.D.N.Y. July 22, 2019) (noting that "courts within this District have dismissed CFAA claims for failing to sufficiently quantify damages"); *Bose v. Interclick, Inc.*, No. 10 Civ. 9183 DAB, 2011 U.S. Dist. LEXIS 93663, at *12 (S.D.N.Y. Aug. 17, 2011) (finding that Plaintiff's "claims therefore fail because she does not quantify the repair cost or cost associated with investigating the alleged damage."). Due to the absence of allegations quantifying damages beyond a mere conclusory assertion, AA Medical has failed to satisfy the CFAA and dismissal is warranted.

### C.    AA Medical has no privacy rights under HIPAA.

To the extent AA Medical attempts to base any claim on the Health Insurance Portability and Accountability Act ("HIPAA"), such basis is futile. HIPAA does not provide a cause of action through which private parties can enforce its provisions. *Shallow v. Scofield,* No. 11 Civ. 6028, 2012 U.S. Dist. LEXIS 135697, 2012 WL 4327388, at *4 (S.D.N.Y. Sept. 21, 2012); *see also Warren Pearl Constr. Corp. v. Guardian Life Ins. Co. of Am.,* 639 F. Supp. 2d 371, 376-77 (S.D.N.Y. July 22, 2009) (collecting cases). AA Medical's Amended Complaint haphazardly attempts to invoke HIPAA, but there is no claim available to AA Medical under HIPAA, providing yet another basis to dismiss AA Medical's CFAA claim.

### IV.    AA Medical's Amended Complaint Fails to State a Claim for Unjust Enrichment Upon Which Relief Can Be Granted.

### A.    AA Medical Fails to Allege Unjust Enrichment with Particularity.

AA Medical premises its unjust enrichment claims upon allegations of purported "fraudulent misrepresentations" (Doc. #24, at ¶¶ 93-94, 96.), and therefore must allege such unjust enrichment with particularity. To assert a claim of unjust enrichment, the plaintiff must allege: "(1) that the defendant was enriched; (2) that the enrichment was at the plaintiff's expense; and (3) that the circumstances are such that in equity and good conscience the defendant should return the

money or property to the plaintiff." *Golden Pacific Bancorp v. F.D.I.C.,* 273 F.3d 509, 519 (2d Cir. 2001).  An allegation that the other party "received benefits, standing alone, is insufficient to establish a cause of action to recover damages for unjust enrichment."  *Schoch v Lake Champlain Ob-Gyn, P.C.*, 184 AD3d 338, 344 (3d Dept 2020).

An analysis under Rule 9(b) applies to unjust enrichment claims premised on alleged fraud: "A complaint must satisfy the particularity requirement of Rule 9(b) only where the alleged unjust enrichment is premised on fraudulent acts."  *Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*, 8 F. Supp. 3d 467, 483 (S.D.N.Y. Mar. 27, 2014) (*citing Hughes v. Ester C Co.*, 930 F. Supp. 2d 439, 471 (E.D.N.Y. Mar. 15, 2013)).  District courts in New York dismiss unjust enrichment claims based upon allegations of fraud pursuant to Rule 9(b) where they are not pleaded with particularity.  *See Welch v. TD Ameritrade Holding Corp.,* 2009 U.S. Dist. LEXIS 65584, at *72-74 (S.D.N.Y. July 27, 2009).

As identified above, AA Medical has not identified a single instance of a false statement by Dr. Almansoori, nor has AA medical identified the substance of any such alleged fraudulent misrepresentations.  Because no fraud is sufficiently alleged, fraudulent misrepresentation cannot provide the basis for an unjust enrichment claim and that claim should be dismissed.

### B.    AA Medical's Unjust Enrichment Claim Sounds in Contract.

AA Medical also is barred from alleging an unjust enrichment claim that sounds in contract. "Courts have not allowed claims for unjust enrichment, however, where there is a valid and enforceable written contract governing the subject matter of the dispute."  *Kottler v. Deutsche Bank AG*, 607 F. Supp. 2d 447, 467 (S.D.N.Y. Jan. 9, 2009).  "Where a valid contract governs the obligations between parties, no claim for unjust enrichment will stand.  *See In re First Central Financial Corp.*, 377 F.3d 209, 214, n. 4 (2d Cir. 2004) (citing cases).  The Employment Agreement governs the disputes asserted by AA Medical.  (Doc. #24, at ¶ 96) (*See* Doc. #24-2, at

¶ 3.)  Thus, the unjust enrichment claim fails as a matter of law and should be dismissed.  *See Silverman Ptnrs., L.P. v. First Bank,* 687 F. Supp. 2d 269, 280-81 (E.D.N.Y. Feb. 20, 2010) (dismissing unjust enrichment claim where plaintiff claimed unjust enrichment resulting from defendant's collection of monies under a loan agreement).

## V.   Any Claims Premised on Dr. Almansoori's Litigation Privilege Should Be Dismissed.

AA Medical's attempts to base claims on Dr. Almansoori's lawsuit or his complaints filed with the U.S. Department of Labor represent improper attempts to interfere with Dr. Almansoori's litigation privilege.  New York federal courts dismiss claims pursuant to Rule 12(b)(6) where such claims are based upon statements made by parties, attorneys, and witnesses in the course of a judicial or quasi-judicial proceeding, as they are absolutely privileged so long as they are material and pertinent to the issue to be resolved in the proceeding.  *Officemax Inc. v. Cinotti,* 966 F. Supp. 2d 74, 79-81 (E.D.N.Y. Apr. 29, 2013).

Such litigation privilege applies in full to AA Medical's claims based on settlement negotiations and discussions between AA Medical and Dr. Almansoori.  The litigation privilege is absolute and "has been applied not only to statements made in pleadings and in court, but also to statements made in . . . letters between attorneys and parties . . . [and] during offers of settlement by attorneys." *Aequitron Med., Inc. v. Dyro,* 999 F. Supp. 294, 298 (E.D.N.Y. Mar. 13, 1998) (citation omitted).   In addition, courts have consistently held that the litigation privilege extends to statements made before the commencement of litigation. *See Bernstein v. Seeman,* 593 F. Supp. 2d 630, 636 (S.D.N.Y. Jan. 9, 2009) (noting that the litigation privilege "attaches to every step of a judicial proceeding, not just the hearing and trial phase" when holding that statements contained in the defendants' submission to the EEOC and in defense counsel's letter to the plaintiff prior to the plaintiff's commencement of the litigation were protected under the litigation privilege)

(quoting *Weitz v. Wagner,* CV-07-1106 (ERK)(ETB), 2008 U.S. Dist. LEXIS 61112, at *24 (E.D.N.Y. July 24, 2008), adopted by 2008 U.S. Dist. LEXIS 62729, at *1 (E.D.N.Y., Aug. 8, 2008)).

Here, AA Medical improperly attempts to base claims upon statements made in the course of Dr. Almansoori's lawsuit and his complaints to the U.S. Department of Labor.  (See Doc. #24, at ¶¶ 40-48, 65, 68-75.)  Those allegations are improper attempts by AA Medical to interfere with Dr. Almansoori's absolute litigation privilege, and have a chilling effect on parties' right to speak freely toward the administration of justice.  All claims in the Amended Complaint based upon statements related to judicial and quasi-judicial proceedings should be dismissed.

**VI.     Alternatively, the Lawsuit Should be Dismissed Due to a Prior Pending Action.**

As explained above, this case should be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).  In the event any of AA Medical's claims survives Dr. Almansoori's motion to dismiss for failure to state a claim, Dr. Almansoori alternatively and respectfully requests that the Court dismiss such a claim due to the presence of a prior pending action.  Pursuant to the Court's inherent authority, dismissal is proper under the prior pending action and *Colorado River* abstention doctrines.  Dr. Almansoori's first-filed lawsuit in the Supreme Court of the State of New York, Suffolk County, currently pending under Index No. 615178/2019, as well as AA Medical's lawsuit against Dr. Almansoori currently pending in the Supreme Court of the State of New York, Suffolk County, under Index No. 0000922021 both preceded all five other lawsuits by AA Medical and its employee, including the three lawsuits consolidated in this case.

The instant lawsuit involves issues that are identical to or nearly duplicative of issues pending for adjudication in the 2019 state court action in which Dr. Almansoori is the plaintiff and AA Medical the defendant, as well as in AA Medical's own initial lawsuit currently pending in Suffolk County.  (Complaint, Suffolk County Index. No. 615178/2019, attached as **Exhibit A**)

(Complaint, Suffolk County Index No. 000092/2021, attached as **Exhibit B**.)  In Dr. Almansoori's lawsuit, Dr. Almansoori asserted claims for breach of contract among others relating to Employment Agreement—that is, the same contract AA Medical has attached to its Amended Complaint in the instant lawsuit as the basis for various claims.  (**Ex. A**, at ¶¶ 11, 44-74) (*see* Doc. #24, at ¶ 16) (*see* Doc. #24-2.)  Furthermore, Dr. Almansoori's lawsuit itself is the subject of claims asserted in AA Medical's Amended Complaint.  (Doc. #24, at ¶¶ 39-42, 47-48, 64-69, 72-74, 76.)  Similarly, the Amended Complaint largely and merely reformulates the same alleged conduct underlying AA Medical's breach of contract claim in its lawsuit now pending in Suffolk County.  (Ex. B, at ¶¶ 6-31) (*see* Doc. #24.)

Due to the identical and duplicative issues in both actions, dismissal in favor of prior lawsuits in Suffolk County is proper.  As a general rule, under the prior pending action doctrine, and to avoid duplicative litigation, the suit filed first should have priority "absent the showing of balance of convenience in favor of the second action." *Adam v. Jacobs*, 950 F.2d 89, 93-94 (2d Cir. 1991) (internal quotation marks and citation omitted).  The *Colorado River* abstention doctrine similarly justifies dismissal as the issues presented in this action parallel certain issues presented in the AA Medical's first lawsuit now pending in Suffolk County and Dr. Almansoori's lawsuit pending in Suffolk County.  *See Colo. River Water Conserv. Dist. v. United States*, 424 U.S. 800, 47 L. Ed. 2d 483, 96 S. Ct. 1236 (1976).  The prior pending action and *Colorado River* abstention doctrines support dismissal in favor of the prior lawsuits between these same parties.  As AA Medical's first lawsuit has been transferred to Suffolk County and likely will be consolidated with Dr. Almansoori's pending Suffolk County lawsuit, any remaining claims in this matter after a Fed. R. Civ. P. 12(b)(6) analysis should be dismissed in favor of those pending state court proceedings.

## <u>CONCLUSION</u>

For the foregoing reasons, Dr. Almansoori respectfully requests that the Court dismiss with prejudice and in its entirety AA Medical's Amended Complaint.  In the alternative, and should any claims remain in this matter after a Fed. R. Civ. P. 12(b)(6) analysis, Dr. Almansoori respectfully requests that such remaining claims be dismissed in favor of the party's pending lawsuits in Suffolk County.

Dated:  Carle Place, New York
        August 17, 2021

                        Respectfully submitted,

                        **SOKOLOFF STERN LLP**

                        By: _____
                            Adam I. Kleinberg
                            179 Westbury Avenue
                            Carle Place, NY 11514
                            (516) 334-4500
                            File No. 200139

                        *Attorneys for Defendant*
                        *Khaled Almansoori, M.D.*