UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

AA MEDICAL P.C.,

    Plaintiff,

v.

KHALED ALMANSOORI, M.D.,

    Defendant.

Docket No. 20-cv-03852
(DG)(JMW)

---

## DEFENDANT KHALED ALMANSOORI'S REPLY MEMORANDUM IN FURTHER SUPPORT OF HIS MOTION TO DISMISS THE VERIFIED AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6)

SOKOLOFF STERN LLP
*Attorneys for Defendant*
*Khaled Almansoori, M.D.*
179 Westbury Ave.
Carle Place, NY 11514
(516) 334-4500

Of Counsel:
    Adam I. Kleinberg

# **TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................ 1

ARGUMENT ................................................................................................................................ 1

    I.    AA Medical's Fraud Claim is Deficient. ............................................................. 1

    II.    AA Medical has Failed to Allege an Actionable Claim for Prima Facie Tort. .................................................................................................................. 4

    III.    AA Medical has Failed to Allege an Actionable Claim under the Computer Fraud and Abuse Act. ........................................................................ 7

    IV.    AA Medical's Amended Complaint Fails to State a Claim for Unjust Enrichment Upon Which Relief Can Be Granted. .................................. 9

    V.    The Litigation Privilege is Not Limited to Defamation Claims. ...................... 9

CONCLUSION ........................................................................................................................... 10


# TABLE OF AUTHORITIES

Page(s)

Cases

*Berland v Chi*,
  142 A.D.3d 1121 (2d Dept 2016) ............................................................................................ 6

*Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*,
  98 F.3d 13 (2d Cir. 1996) ........................................................................................................ 3

*Burns Jackson Miller Summit & Spitzer v. Lindner*,
  59 NY2d 314 (1983) ............................................................................................................... 5

*Castellotti v Free*,
  138 A.D.3d 198, 27 N.Y.S.3d 507 (1st Dept 2016) ................................................................ 3

*Calyon v. Mizuho Secs. USA, Inc.*,
  2007 U.S. Dist. LEXIS 66051, at *4 (S.D.N.Y. July 24, 2007) .............................................. 7

*Colina v. One E. River Place Realty Co.*,
  2000 U.S. Dist. LEXIS 11728, at *20 (S.D.N.Y. Aug. 15, 2000) ........................................... 6

*Cronos Group Ltd. v. XComIP, LLC*,
  156 A.D.3d 54, 64 N.Y.S.3d (1st Dept. 2017) ........................................................................ 3

*Drug Research Corp. v. Curtis Pub. Co.*,
  7 N.Y.2d 435 (1960) ............................................................................................................... 5

*Eavzan v. Polo Ralph Lauren Corp.*,
  40 F. Supp. 2d 147 (S.D.N.Y. 1998) ....................................................................................... 6

*Front, Inc. v. Khalil*,
  103 A.D.3d 481 (1st Dept. 2013) ............................................................................................ 9

*Henkin v. News Syndicate Co.*,
  27 Misc. 2d 987 (Sup. Ct. N.Y. County 1960) ....................................................................... 5

*Hermant Patel M.D., P.C. v. Bandikalta*,
  2019 U.S. Dist. LEXIS 210405, at **7-8 (S.D.N.Y. Dec. 5, 2019) ........................................ 4

*JBCHoldings NY, LLC v. Pakter*,
  931 F. Sup. 2d 514 (S.D.N.Y. Mar. 20, 2013) ........................................................................ 7

*Jet One Group, Inc. v. Halcyon Jet Holdings, Inc.*,
  2009 U.S. Dist. LEXIS 72579, at *18 (E.D.N.Y. Aug. 14, 2009) ........................................... 7

*Jung v. Chorus Music Studio, Inc.*,
  2014 U.S. Dist. LEXIS 128103 (S.D.N.Y. Sept. 11, 2014) ............ 7

*Manas v. VMS Assoc., LLC*,
  53 A.D.3d 451, 863 N.Y.S.2d 4 (1st Dept 2008) ............ 2

*Manning v. Utils. Mut. Ins. Co., Inc.*,
  254 F.3d 387 (2d Cir. 2001) ............ 2

*Osan Ltd. v. Accenture LLP*,
  454 F. Supp. 2d 46 (E.D.N.Y. Sept. 18, 2006) ............ 4

*Phillips v. New York Daily News*,
  111 A.D.3d 420 (1st Dept 2013) ............ 5

*Poller v. BioScrip, Inc.*,
  974 F. Supp. 2d 204 (S.D.N.Y. Sept. 25, 2013) ............ 8

*Shallow v. Scofield*,
  2012 WL 4327388 (S.D.N.Y. Sept. 21, 2012) ............ 8

*Silverman Ptnrs., L.P. v. First Bank*,
  687 F. Supp. 2d 269 (E.D.N.Y. Feb. 20, 2010) ............ 9

*Student Advantage Fund I LLC v. Kennedy Lewis Mgmt, LP*,
  2019 U.S. Dist. LEXIS 199892, at *6-8 (S.D.N.Y. Nov. 18, 2019) ............ 3

*Turret Labs USA, Inc. v. CargoSprint, LLC*,
  2021 U.S. Dist. LEXIS 27838, at *19-20 (E.D.N.Y. Feb. 12, 2021) ............ 8

*U.S. ex. Rel. Polansky v. Pfizer, Inc*,
  2009 WL 145682 (E.D.N.Y. May 22, 2009) ............ 1

*Welch v. TD Ameritrade Holding Corp.*,
  2009 U.S. Dist. LEXIS 65584, at *72-74 (S.D.N.Y. July 27, 2009) ............ 9

*Vigoda v. DCA Productions Plus Inc.*,
  293 A.D.2d 265 (1st Dept 2003) ............ 5

Statutes
18 U.S.C. § 1030(e)(8) ............ 8
18 U.S.C. § 1546 ............ 3

Rules
FRCP 9 ............ 2
FRCP 12(b)(6) ............ 2, 10

## INTRODUCTION

AA Medical's Memorandum in Opposition to Dr. Almansoori's Motion to Dismiss AA Medical's Verified Amended Complaint is devoid of any legal support justifying the continuation of any of AA Medical's claims. Although AA Medical alleges sensationalized facts in an attempt to fashion causes of action, those allegations are insufficient to form the basis of any claim upon which the Court can grant relief. Further, several claims simply and improperly sound in contract, namely the Employment Agreement that AA Medical itself attached as an exhibit to the Verified Amended Complaint. Also, AA Medical attempts to understate the privilege protecting Dr. Almansoori from claims stemming from statements and actions in judicial and quasi-judicial proceedings. Also, as AA Medical already has brought a lawsuit in state court based upon the Employment Agreement—the same contract attached as an exhibit to the Verified Amended Complaint—dismissal in favor of the prior pending action is an alternative basis for dismissal.

AA Medical's Memorandum in Opposition erroneously attempts to characterize Dr. Almansoori's Motion to Dismiss as seeking to summarily resolve factual issues. Such a suggestion overlooks that Dr. Almansoori has sought to dismiss AA Medical's Verified Amended Complaint because its *allegations* on their face are insufficient as a matter of law. AA Medical cannot avoid the glaring deficiencies within the four corners of the Verified Amended Complaint. Dismissal of the Verified Amended Complaint with prejudice is proper.

## ARGUMENT

### I.   AA MEDICAL'S FRAUD CLAIM IS DEFICIENT.

#### A.   AA Medical's Amended Complaint Fails to Allege Fraud with Particularity.

AA Medical fails to demonstrate that the Verified Amended Complaint's allegations are sufficient to set forth a fraud claim. "Rule 9(b) requires that a plaintiff set forth the who, what, when, where and how of the alleged fraud." *U.S. ex. Rel. Polansky v. Pfizer, Inc*, 2009 U.S. Dist.

1

LEXIS 43438, 2009 WL 145682 (E.D.N.Y. May 22, 2009) (citations omitted). The Memorandum in Opposition offers no argument to counter Dr. Almansoori's assertion that AA Medical's Verified Amended Complaint failed to allege even a single instance of a fraudulent statement by Dr. Almansoori. AA Medical presents a bulleted list of purported allegations "with specificity," yet <u>none</u> of those allegations contain a single alleged fraudulent statement by Dr. Almansoori to AA Medical. (Memo. in Opp., at pp. 10-11). AA Medical alleges <u>no</u> substance of any statement—it simply references legal conclusions couched as factual allegations, albeit generalized and non-particularized factual allegations. (Memo. in Opp., at pp. 10-11). Also, AA Medical presents <u>no</u> legal authority to support any of these non-particularized allegations as sufficient to state a fraud claim under FRCP 9 or FRCP 12(b)(6). The fraud claim should be dismissed with prejudice.

      **B.**      **AA Medical Fails to Distinguish the Fraud Claim from a Breach of Contract.**

AA Medical's Memorandum in Opposition makes a strained yet ineffective effort to distinguish the fraud claim from the duties set forth in the Employment Agreement. Again, where allegations actually constitute a claimed breach of contract, enhanced only by conclusory allegations that the pleader's adversary made a promise while harboring the concealed intent not to perform it, the fraud claim should be dismissed. *See Manas v. VMS Assoc., LLC*, 53 A.D.3d 451, 453, 863 N.Y.S.2d 4 (1st Dept 2008). Contrary to AA Medical's assertions, any allegations "related" to a breach of contract cannot serve as the basis for a fraud claim. Under New York law, "a misrepresentation [that] is merely a statement of intent to perform under the contract[] cannot constitute fraud . . ." *Manning v. Utils. Mut. Ins. Co., Inc.*, 254 F.3d 387, 401 (2d Cir. 2001).

AA Medical loses sight of New York law holding that where the promised performance is an obligation of the promisor under an enforceable contract between the parties, allegations of such an "insincere promise" are redundant of a claim for breach of contract and, therefore, cannot

2

state a claim for fraud as a matter of law. *See Cronos Group Ltd. v. XComIP, LLC,* 156 A.D.3d 54, 67, 64 N.Y.S.3d 182 (1st Dept. 2017) (citing *Castellotti v Free*, 138 A.D.3d 198, 211, 27 N.Y.S.3d 507 (1st Dept 2016)). The case upon which AA Medical relies, *Deerfield Comm's Corp. v. Chesebrough-Ponds, Inc.,* is not to the contrary. 68 N.Y.2d 954, 502 N.E.2d 1003, 510 N.Y.S.2d 88 (1986). In *Deerfield,* the false promise held to be actionable as fraud was a promise that <u>had not</u> been included in the terms of the parties' written agreement. *Id.* at 954-55. For that reason, the extra-contractual promise in *Deerfield* was held to have been "collateral to . . . the contract" and consequently the fraud claim did not duplicate the breach of contract claim. *Id.* at 956.

  AA Medical's Memorandum in Opposition acknowledges that fraud claims cannot duplicate contract claims. AA Medical cites Second Circuit case law regarding the three limited circumstances under which a plaintiff may maintain a fraud claim based upon alleged "misrepresentations" that constitute alleged breaches of contract, but AA Medical fails to meet any of these three limited circumstances. *See Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.* 98 F.3d 13, 20 (2d Cir. 1996). First, despite AA Medical's assertion, 18 U.S.C. § 1546, a criminal statute, creates no legal duty that Dr. Almansoori would *owe to* AA Medical. Second, despite AA Medical's argument, the Verified Amended Complaint makes no allegation regarding Dr. Almansoori's *ability* to perform the contract, but rather his purported intent to do so. And as stated above, the promise of performance of the Employment Agreement—that is, to "remain employed with AA Medical" during the contractual term—is not collateral to the contract but rather *duplicative* of the Employment Agreement's term. *See Student Advantage Fund I LLC v. Kennedy Lewis Mgmt, LP,* 2019 U.S. Dist. LEXIS 199892, at *6-8 (S.D.N.Y. Nov. 18, 2019).

  And third, AA Medical fails to allege special damages to support a fraud claim that is duplicative of a breach of contract claim. Special damages in this context must be caused by

3

reliance on alleged misrepresentations and must be unrecoverable as contract damages. *Osan Ltd. v. Accenture LLP,* 454 F. Supp. 2d 46, 55-56 (E.D.N.Y. Sept. 18, 2006). Here, AA Medical's Memorandum in Opposition asserts "special damages" that have no causal connection to any representations made *by Dr. Almansoori to AA Medical*. That is, AA Medical asserts damages resulting from costs associated with litigation of claims filed by Dr. Almansoori against AA Medical, which involve no purported representation by Dr. Almansoori upon which AA Medical relied. (Memo. in Opp., at p. 14). Further, AA Medical's Memorandum in Opposition asserts that it lost the opportunity to participate in the H-1B visa program, but such an allegation *is not* contained in the Verified Amended Complaint. (*See* Doc. #24, at ¶ 61). Thus, there are no allegations of special damages in the Verified Amended Complaint related to the fraud claim.

AA Medical itself asserts that the Employment Agreement "formed the basis for [AA Medical's] sponsorship of [Dr. Almansoori's] H-1B visa application in order for [Dr. Almansoori] to legally enter, remain and work in the United States." (Doc. #24, at ¶ 17) (Memo. in Opp., at p. 3). AA Medical's Memorandum in Opposition is ambiguous and non-specific, and its conclusory assertions contain no indication of specific factual allegations to support a fraud claim, as the Verified Amended Complaint's fraud claim is simply a dressed-up reformulation of breach of contract allegations. Thus, the fraud claim should be dismissed with prejudice because it is improperly duplicative of a contract claim based upon the Employment Agreement. *See Hermant Patel M.D., P.C. v. Bandikalta,* 2019 U.S. Dist. LEXIS 210405, at \*\*7-8 (S.D.N.Y. Dec. 5, 2019).

II. <u>**AA MEDICAL HAS FAILED TO ALLEGE AN ACTIONABLE CLAIM FOR PRIMA FACIE TORT.**</u>

A. AA Medical has Failed to Demonstrate Allegations of "Disinterested Malevolence" in the Verified Amended Complaint.

AA Medical's Memorandum in Opposition itself acknowledges that any claim for prima facie tort requires that "malevolence is the sole motive of defendant's otherwise lawful act," yet

4

AA Medical fails to identify sufficient allegations in the Verified Amended Complaint that malevolence was Dr. Almansoori's sole motive. AA Medical's Verified Amended Complaint only alleges in a conclusory manner that Dr. Almansoori was "motivated by malice or disinterested malevolence," yet it is still insufficient. (Doc. #24, at ¶ 65). In this conclusory allegation, AA Medical failed to allege that malice or disinterested malevolence was the sole motivation. Again, such allegations are insufficient to state a claim for prima facie tort. *Burns Jackson Miller Summit & Spitzer v. Lindner*, 59 NY2d 314, 333 (1983) (holding failure to state prima facie tort cause of action if plaintiffs do not allege that defendants' sole motivation was "disinterested malevolence"). Such an allegation is required to state a claim, and it is absent from the four corners of the Verified Amended Complaint. Thus, the prima facie tort claim should be dismissed with prejudice.

      **B.**      **AA Medical Understates the Requirements for Alleging Special Damages.**

AA Medical's Memorandum in Opposition attempts to understate the requirement for alleging special damages to state a claim for prima facie tort. To plead special damages, a Plaintiff must itemize specific losses. *Henkin v. News Syndicate Co., Inc.*, 27 Misc. 2d 987, 988 (Sup. Ct. N.Y. County 1960) (*citing Drug Research Corp. v. Curtis Pub. Co.*, 7 N.Y.2d 435, 440-441 (1960)); *see also Phillips v. New York Daily News*, 111 A.D.3d 420, 421 (1st Dept 2013) (rounded figures without specific itemization of losses is not sufficient to allege element of special damages); *Vigoda v. DCA Productions Plus Inc.*, 293 A.D.2d 265, 266 (1st Dept 2003) (dismissing prima facie tort claim where plaintiff sets forth damages in round numbers).

Applying these standards, AA Medical's conclusory and general allegation, that "Plaintiff suffered specific and measurable losses by having to pay the U.S. Department of Labor to resolve Defendant's complaint as well as counsel fees to deal with that complaint and the recently filed retaliation complaint" (Doc. #24 at ¶ 75), without itemizing a single loss, is manifestly insufficient

5

to plead the requisite special damages. Likewise, AA Medical attempts to avoid the fact that it *voluntarily* resolved a charge by the Department of Labor—and not with Dr. Almansoori directly—for $12,500. (Doc. #24 at ¶71). Since AA Medical has not plead with specificity the precise amount of such damages as required to allege a prima facie tort claim, it is irrelevant whether Dr. Almansoori's alleged conduct could theoretically support a claim for special damages or whether AA Medical hopes to engage in discovery. (Memo. in Opp., pp. 17-18). AA Medical's Memorandum in Opposition cites to no legal authority that would permit AA Medical to sustain a prima facie tort claim without alleging in its Verified Amended Complaint any special damages in the manner required under New York law. Thus, the Verified Amended Complaint's prima facie tort claim should be dismissed with prejudice due to the absence of allegations of a "specific and measurable loss." *Berland v Chi*, 142 A.D.3d 1121, 1123 (2d Dept 2016).

> **C.** **AA Medical Improperly Attempts to Use Prima Facie Tort as a Catch-All.**

AA Medical's Memorandum in Opposition reinforces that AA Medical is improperly attempting to use a "prima facie tort" claim as a catch-all. For example, the Memorandum in Support asserts, albeit deficiently and improperly, that AA Medical seeks damages related to judicial and quasi-judicial proceedings initiated by Dr. Almansoori. (Memo. in Opp., at pp. 17-18). Moreover, despite AA Medical's efforts to mischaracterize the holdings in cases cited in Dr. Almansoori's Memorandum in Support of his Motion to Dismiss, New York law does not require a plaintiff to plead a malicious prosecution claim in order for the prima facie tort claim to constitute an improper attempt to circumvent the pleading requirements for a malicious prosecution claim. *See Colina v. One E. River Place Realty Co.,* 2000 U.S. Dist. LEXIS 11728, at *20 (S.D.N.Y. Aug. 15, 2000); *Eavzan v. Polo Ralph Lauren Corp.*, 40 F. Supp. 2d 147, 152 (S.D.N.Y. 1998). Rather, AA Medical's attempt to circumvent the elements of a malicious prosecution claim by

6

pleading only a prima facie tort claim still constitutes an improper use of prima facie tort as a "catch-all." Thus, the prima facie tort claim should be dismissed with prejudice.

### III. AA MEDICAL HAS FAILED TO ALLEGE AN ACTIONABLE CLAIM UNDER THE COMPUTER FRAUD AND ABUSE ACT.

#### A. AA Medical Simply Alleges Misappropriation, Which is Not Covered by the CFAA.

AA Medical's CFAA claim boils down to allegations of misappropriation, which are not covered by the CFAA. AA Medical erroneously asserts that misappropriation, without unlawful access, is covered by the CFAA by citation to *Calyon v. Mizuho Secs. USA, Inc.* 2007 U.S. Dist. LEXIS 66051, at *4 (S.D.N.Y. July 24, 2007). However, the Eastern District of New York has disagreed with the holding in *Calyon* and held that "the [CFAA], read as a whole, strongly indicates that Congress' intent was to prohibit the act of accessing a computer without authorization - not misusing data that one had a lawful right to access." *Jet One Group, Inc. v. Halcyon Jet Holdings, Inc.,* 2009 U.S. Dist. LEXIS 72579, at *18 (E.D.N.Y. Aug. 14, 2009). Further, the Southern District of New York has also collected cases and ruled that the *Calyon* court expressed a minority view that is not widely accepted, even by the Southern District itself. *JBCHoldings NY, LLC v. Pakter*, 931 F. Sup. 2d 514, 522 (S.D.N.Y. Mar. 20, 2013). Rather, the Second Circuit holds "that the statute as a whole does not reach misappropriation of lawfully accessed information." *Id*. at 524. Further, AA's Memorandum in Opposition cites an inapposite ruling by a magistrate judge on a party's motion for leave to amend a complaint, without any discussion of a 12(b)(6) motion to dismiss. *Jung v. Chorus Music Studio, Inc.,* 2014 U.S. Dist. LEXIS 128103 (S.D.N.Y. Sept. 11, 2014). The Verified Amended Complaint, at its essence, does not allege unauthorized access. Rather, the allegations indicate that the access was not problematic, and AA Medical alleges claims based upon the alleged *misappropriation* of information. Thus, the *access* of patient information

by Dr. Almansoori, a physician formerly employed by AA Medical, was not the issue. *See Poller v. BioScrip, Inc.,* 974 F. Supp. 2d 204, 233 (S.D.N.Y. Sept. 25, 2013). Dismissal of the CFAA claim is proper. *Jet One*, 2009 U.S. Dist. LEXIS 72579, at *17-19.

### B. AA Medical has failed to sufficiently allege "damage" or "loss."

AA Medical asserts that it did not allege "damage" or "loss" under the CFAA in a conclusory manner, but that is *exactly* the manner in which the Verified Amended Complaint alleges these elements by merely copying-and-pasting the statutory definitions. The definition of "damage" under the CFAA is "any impairment to the integrity or availability of data, a program, a system, or information." 18 U.S.C. § 1030(e)(8). The sole allegation of damage in the Verified Amended Complaint simply recites this definition nearly verbatim in a formulaic manner alleging Dr. Almansoori "caused damage to [AA Medical's] protected computer by * * * impairing the integrity of Plaintiff's protected computer network resulting in a substantial annual loss to [AA Medical] in an amount to be proven at trial, but which exceeds the statutory annual threshold of $5,000." (Doc. #24, at ¶ 87) (Memo. in Opp., at pp. 20-21). This is precisely the type of insufficient, conclusory allegation of "damage" or "loss" that warrants dismissal with prejudice under 12(b)(6). *See Turret Labs USA, Inc. v. CargoSprint, LLC,* 2021 U.S. Dist. LEXIS 27838, at *19-20 (E.D.N.Y. Feb. 12, 2021) (dismissing CFAA claim that merely recited statutory definition of loss and in conclusory fashion simply asserted that losses exceeded $5,000).

### C. AA Medical has no enforceable rights under HIPAA.

AA Medical's attempt to base any claim on HIPAA is futile. Again, HIPAA does not provide a cause of action through which private parties can enforce its provisions. *Shallow v. Scofield,* No. 11 Civ. 6028, 2012 U.S. Dist. LEXIS 135697, 2012 WL 4327388, at *4 (S.D.N.Y. Sept. 21, 2012). Such citation to HIPAA should be disregarded.

8

**IV.     AA MEDICAL'S AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR UNJUST ENRICHMENT UPON WHICH RELIEF CAN BE GRANTED.**

    **A.     AA Medical Fails to Allege Unjust Enrichment with Particularity.**

As AA Medical has wholly based its unjust enrichment claim on alleged "fraudulent misrepresentations," the claim must fail due to the non-particularized allegations. As stated above, AA Medical's Memorandum in Opposition offers no argument to counter Dr. Almansoori's assertion that AA Medical's Verified Amended Complaint failed to allege even a single instance of a fraudulent statement by Dr. Almansoori. Thus, the unjust enrichment claim based upon alleged "fraudulent misrepresentations" without particularity should be dismissed. *Welch v. TD Ameritrade Holding Corp.,* 2009 U.S. Dist. LEXIS 65584, at *72-74 (S.D.N.Y. July 27, 2009).

    **B.     AA Medical's Unjust Enrichment Claim Merely Sounds in Contract.**

AA Medical's damages claimed under the unjust enrichment claims simply relate to compensation provided under the Employment Agreement. (Doc. #24, at ¶ 96). AA's Memorandum in Opposition provides no argument to the contrary with any detail. (Memo. in Opp., at p. 22). Thus, a contract applies, and the unjust enrichment claim should be dismissed. *Silverman Ptnrs., L.P. v. First Bank,* 687 F. Supp. 2d 269, 280-81 (E.D.N.Y. Feb. 20, 2010).

**V.     The Litigation Privilege is Not Limited to Defamation Claims.**

Although AA Medical asserts that the litigation privilege applies only to a defamation action, that is not true under New York law. The litigation privilege applies to bar other causes of action, as absolute immunity from liability exists for statements made in the course of judicial or quasi-judicial proceedings. *See Front, Inc. v. Khalil,* 103 A.D.3d 481, 483-84 (1st Dept. 2013), *aff'd* 24 N.Y.3d 713 (holding absolute litigation privilege bars claims for tortious interference). Thus, any claims that AA Medical bases on Dr. Almansoori's conduct and statements made in the course of litigation or quasi-judicial proceedings should be dismissed.

9

**VI.     AA Medical Improperly Ignores the Duplicative Issues in the Prior Pending Action.**

AA Medical attempts to disregard the duplicative claims and issues in the prior pending action. Dr. Almansoori's Suffolk County lawsuit (the "First Action") and AA Medical's Suffolk County lawsuit (the "Second Action") have been consolidated into the same action (Suffolk County Supreme Court, Index No. 615178/2019, Doc. No. 63). The Employment Agreement that AA Medical attached to and referenced in the Verified Amended Complaint is also attached to and the basis for AA Medical's claims asserted in its Amended Complaint in Suffolk County. (*Compare* Doc. #24-2, with Suffolk County Supreme Court, Index No. 615178/2019, Doc. No. 68, Exhibit 1). The claims alleged in AA Medical's Verified Amended Complaint in this case are simply reformulations of the same facts underling AA Medical's claims against Dr. Almansoori alleged in the Suffolk County lawsuit. Thus, the prior pending action doctrine and *Colorado River* abstention doctrine justify dismissal in favor of the prior pending action in Suffolk County.

## CONCLUSION

For the foregoing reasons, as well as those stated in Dr. Almansoori's Motion to Dismiss and Memorandum in Support, Dr. Almansoori respectfully requests that the Court dismiss AA Medical's Verified Amended Complaint in its entirety and with prejudice due to AA Medical's demonstrated inability to allege facts to support any of these claims. In the alternative, and only in the event any claims remain in this matter after a Fed. R. Civ. P. 12(b)(6) analysis, Dr. Almansoori respectfully requests that such remaining claims be dismissed in favor of the pending consolidated lawsuit in Suffolk County.

Dated: Carle Place, New York
November 5, 2021

SOKOLOFF STERN LLP

By:     ADAM I. KLEINBERG