UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
AA MEDICAL P.C.,

                       Plaintiff,

       -against-

KHALED ALMANSOORDI, M.D.,

                       Defendant.
-----------------------------------------------------------------X

Case No.: 2:20-cv-3852 (DG) (JMW)

**DECLARATION IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED PLEADINGS**

**DR. NAKUL KARKARE**, declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

1. I am an orthopedic surgeon to practice medicine in the State of New York, and am the President of AA Medical, P.C. (hereinafter "Plaintiff" or the "Practice"), the Plaintiff in this case.

2. I submit this affidavit in support of Plaintiff's instant motion for leave to file an amended pleading. I have personal knowledge of the facts set forth below.

3. Our practice hired Defendant Khaled Almansoori, M.D. (hereinafter "Defendant" or "Almansoori") on October 1, 2018; he was terminated for cause on July 15, 2019.

4. During the period of Almansoori's employment, he had access to private information of the Practice and of patients.

5. At some point during his employment with the Practice, Almansoori inappropriately kept and retained, without my consent, the Practice's confidential information, trade secrets, financial information, and medical records.

6. Almansoori thus stole sensitive private information. Apart from the theft of the aforesaid records and information, Defendant also compromised many of my patients by disseminating this data to others in an effort to advance his personal interests.

7. I learned of this on October 30, 2020, when Sandy Wen – an investigator with the United States Department of Labor ("USDOL") – forwarded me emails that contained sensitive patient information including date of birth, surgical procedure, and medications being taken by the patient.

8. Nobody but the Practice or the patient should have access to such information.

9. These actions have most egregiously illegally disseminated private health information of the Practice's patients, exposing the Practice to severe risk, as it is my understanding that such actions are in contravention of both New York State and federal law concerning protection of personal health information, including the law commonly known as HIPAA.

10. What is most terrible to contemplate – and it is something that keeps me up at night – is that Almansoori still has confidential patient information and he can again use it in a reckless manner.

11. In fact, Almansoori's very retention of the Practice's medical records is unlawful.

12. Separate from this main concern, it must be noted that, although I went through the great expense of obtaining one for him and spent time and money both on this and a complete Employment Agreement that Almansoori signed to commit himself to employment with the Practice for ten (10) years, I never received the benefit of my bargain.

13. Almansoori was hardly ever present at work and ended up leaving my Practice, during which time he apparently misappropriated confidential information, trade secrets, financial information, and medical records from the Practice.

14. He also sued the Practice in the Supreme Court of the State of New York, at which point I was required by law to obtain counsel, because I am advised that my business cannot represent itself even if I wished to do so.

15. I, too, have pursued claims against Almansoori for his violations of the law.

16. I am not an attorney and have no way of knowing what claims I am able to bring; as such, I have always relied on my counsel in advising me on whether I may bring any claim.

17. None of my prior attorneys have informed me about the Defend Trade Secrets Act ("DTSA"), which would provide me appropriate relief for Almansoori's misappropriation of the Practice's information if I am successful on the merits of this claim.

18. I first learned about the DTSA in conversations with attorneys at Milman Labuda Law Group PLLC ("MLLG"), which prompted me to retain them and substitute MLLG in as counsel in this case.

19. Upon information and belief, Almansoori remains in possession of the Practice's confidential information, trade secrets, financial information, and medical records.

20. The DTSA provides the Practice with the means to have these records and information returned to Plaintiff, its rightful owner.

21. For the foregoing reasons, Plaintiff's motion for leave to file an amended pleading should be granted as Defendants cannot in any way establish prejudice nor bad faith to support an Order denying the requested relief.

22. A copy of the proposed amended complaint is annexed hereto as **Exhibit "A."**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 28, 2022.

                                                                                     **DR. NAKUL KARKARE**