UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――

AA MEDICAL P.C.,

      Plaintiff,

      -against-

KHALED ALMANSOORI, M.D.,

       Defendant.

―――――――――――――――――――――――――

         Docket No. 20-cv-03852 (DG)(JMW)


**DEFENDANT KHALED ALMANSOORI'S (1) MEMORANDUM IN OPPOSITION TO AA MEDICAL'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT, AND (2) MEMORANDUM IN SUPPORT OF CROSS-MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)**


SOKOLOFF STERN LLP
*Attorneys for Defendant Khaled Almansoori, M.D.*
179 Westbury Ave.
Carle Place, NY 11514
   (516) 334-4500

Of Counsel:

Adam I. Kleinberg

## TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND.................................................... 1

MEMORANDUM OF LAW IN OPPOSITION TO AA MEDICAL'S MOTION
    FOR LEAVE TO FILE PROPOSED SECOND AMENDED
    COMPLAINT ......................................................................................................... 3

    I.    Legal Standard. ........................................................................................... 3

    II.    There is Not Good Cause for Amendment Because AA Medical
        was Previously Aware of the Facts Underlying His Proposed
        DTSA Claims.............................................................................................. 4

    III.    The Proposed Amendments are Futile. ...................................................... 5

        A.    Dr. Almansoori is Entitled to Statutory Immunity Under
            the DTSA. ....................................................................................... 5

        B.    AA Medical's Proposed Second Amended Complaint
            Fails to meet the Pleading Standard for a DTSA Claim. ................. 6

        C.    iii. The Remainder of AA Medical's Claims Are Still
            Deficient and AA Medical Fails to State Claims Upon
            Which Relief can be Granted............................................................ 8

    IV.    AA Medical Presents the Proposed Second Amended Complaint
        in Bad Faith................................................................................................ 8

    V.    Dr. Almansoori Will Be Prejudiced by AA Medical's Continued
        Frivolous Efforts to Expand the Universe of Claims.................................. 9

MEMORANDUM OF LAW IN SUPPORT OF  MOTION TO DISMISS
    PROPOSED SECOND AMENDED COMPLAINT................................................ 10

STATEMENT OF FACTS AND PROCEDURAL HISTORY.................................... 10

    I.    AA Medical's Proposed Second Amended Complaint................................. 10

    II.    AA Medical's Litigation History ................................................................ 12

LEGAL STANDARD................................................................................................... 13

ARGUMENT ............................................................................................................... 14

I.      AA Medical's DTSA Claims Fail as a Matter of Law. ................................ 14

II.     AA Medical's Third Cause of Action for Fraud Fails as a Matter
        of Law. ................................................................................................ 15

        A.      AA Medical's Proposed Second Amended Complaint
                Fails to Allege Fraud with Particularity. .............................. 15

        B.      AA Medical's Fraud Claim Merely Sounds in Breach of
                Contract. ............................................................................... 16

III.    AA Medical has Failed to Allege an Actionable Claim for Prima
        Facie Tort. ........................................................................................... 18

        A.      AA Medical has Failed to Allege Dr. Almansoori's Sole
                Motivation was "Disinterested Malevolence." .................... 18

        B.      AA Medical Fails to Allege That it Suffered Special
                Damages. ............................................................................... 19

        C.      AA Medical Improperly Attempts to Use Prima Facie Tort
                as a Catch-All. ...................................................................... 20

IV.     AA Medical has Failed to Allege an Actionable Claim under the
        Computer Fraud and Abuse Act. ....................................................... 21

        A.      AA Medical has failed to allege that Dr. Almansoori
                engaged in unauthorized access of a protected computer. ...... 21

        B.      AA Medical has failed to sufficiently quantify any alleged
                "damage" or "loss." ............................................................. 23

        C.      AA Medical has no privacy rights under HIPAA. ............................. 24

V.      AA Medical's Proposed Second Amended Complaint Fails to
        State a Claim for Unjust Enrichment Upon Which Relief Can Be
        Granted. ............................................................................................... 25

        A.      AA Medical Fails to Allege Unjust Enrichment with
                Particularity. ......................................................................... 25

        B.      AA Medical's Unjust Enrichment Claim Sounds in
                Contract. ............................................................................... 26

VI.     Claims Premised on Dr. Almansoori's Litigation Privilege Should
        Be Dismissed. ..................................................................................... 26

VII.    Alternatively, the Lawsuit Should be Dismissed Due to a Prior
        Pending Action. ................................................................................... 27

ii

CONCLUSION ........................................................................................................................ 29

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*246 Sears Rd. Realty Corp. v. Exxon Mobil Corp.*,
  2012 U.S. Dist. LEXIS 133280 (E.D.N.Y. Sept. 18, 2012)....................................................5

*Adam v. Jacobs*,
  950 F.2d 89 (2d Cir. 1991)...............................................................................................28

*Aequitron Med., Inc. v. Dyro*,
  999 F. Supp. 294 (E.D.N.Y. Mar. 13, 1998)....................................................................26

*Alexander Interactive, Inc. v. Leisure Pro Ltd.*,
  2014 U.S. Dist. LEXIS 132206 (S.D.N.Y. Sept. 16, 2014)...............................................7, 8

*Berland v Chi*,
  142 A.D.3d 1121 (2d Dept 2016) .....................................................................................19

*Bernstein v. Seeman*,
  593 F. Supp. 2d 630 (S.D.N.Y. Jan. 9, 2009) ...................................................................26

*Block v. First Blood Assocs.*,
  988 F.2d 344 (2d Cir. 1993)...............................................................................................9

*Bose v. Interclick, Inc.*,
  No. 10 Civ. 9183 DAB, 2011 U.S. Dist. LEXIS 93663 (S.D.N.Y. Aug. 17,
  2011) .............................................................................................................................24

*Burns Jackson Miller Summit & Spitzer v. Lindner*,
  59 NY2d 314 (1983) ...................................................................................................18, 19

*Case Props. Servs., LLC v. Columbia Props. Phoenix, L.P.*,
  2018 U.S. Dist. LEXIS 158199 (S.D.N.Y. Sept. 17, 2018)..................................................6

*Cathy Daniels, Ltd. v. Weingast*,
  91 A.D.3d 431, 936 N.Y.S.2d 44 (1st Dept 2012)............................................................15

*United States ex rel. Chorches v. Am. Med. Response, Inc.*,
  865 F.3d 71 (2d Cir. 2017)...............................................................................................15

*Church of Scientology v. Siegelman*,
  94 F.R.D. 735 (S.D.N.Y. 1982) .......................................................................................20

*Colina v. One E. River Place Realty Co.*,
  2000 U.S. Dist. LEXIS 11728 (S.D.N.Y. 2000) ...............................................................20

i

*Colo. River Water Conserv. Dist. v. United States*,
   424 U.S. 800, 47 L. Ed. 2d 483, 96 S. Ct. 1236 (1976) ........................................28

*Cronos Group Ltd. v. XComIP, LLC*,
   156 A.D.3d 54, 64 N.Y.S.3d 182 (1st Dept. 2017) ...................................................17

*Curiano v Suozzi*,
   63 N.Y.2d 113 (1984) .............................................................................................18

*DePasquale v. Daniel DePasquale*,
   2013 U.S. Dist. LEXIS 30215 (E.D.N.Y. Feb. 28, 2013) ........................................14

*Deutsch v. Human Res. Mgmt.*,
   2020 U.S. Dist. LEXIS 65926 (S.D.N.Y. Apr. 15, 2020) ...............................23, 24

*Eavzan v. Polo Ralph Lauren Corp.*,
   40 F. Supp. 2d 147 (S.D.N.Y. 1998) ......................................................................20

*In re First Central Financial Corp.*,
   377 F.3d 209 (2d Cir. 2004) ...................................................................................26

*FirstEnergy Corp. v. Pircio*,
   524 F. Supp. 3d 732 (N.D. Ohio Mar. 8, 2021) .......................................................5

*Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*,
   8 F. Supp. 3d 467 (S.D.N.Y. Mar. 27, 2014) .........................................................25

*Golden Pacific Bancorp v. F.D.I.C.*,
   273 F.3d 509 (2d Cir. 2001) ...................................................................................25

*Hermant Patel M.D., P.C. v. Bandikalta*,
   2019 U.S. Dist. LEXIS 210405 (S.D.N.Y. Dec. 5, 2019) .......................................16

*Howard v Block*,
   90 A.D.2d 455 (1st Dept 1982) ..............................................................................20

*Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*,
   146 F.3d 66 (2d Cir. 1998) .....................................................................................14

*Intrepid Fin. Partners, LLC v. Fernandez*,
   2020 U.S. Dist. LEXIS 244742 (S.D.N.Y. Dec. 30, 2020) ........................................6

*JBCHoldings NY, LLC v. Pakter*,
   931 F. Supp. 2d 514 (S.D.N.Y. Mar. 20, 2013) .....................................................20

*Jet One Group, Inc. v. Halcyon Jet Holdings, Inc.*,
   2009 U.S. Dist. LEXIS 72579 (E.D.N.Y. Aug. 14, 2009) ......................................22

*Kottler v. Deutsche Bank AG*,
    607 F. Supp. 2d 447 (S.D.N.Y. Jan. 9, 2009) ...........................................................................26

*Law Firm of Omar T. Mohammedi, LLC v. Computer Assisted Practice Elec.*
    *Mgmt. Sols.*,
    No. 17-CV-4567, 2019 U.S. Dist. LEXIS 121735 (S.D.N.Y. July 22, 2019) ........................24

*Luciano v Handcock*,
    78 A.D.2d 943 (3d Dept 1980) ................................................................................................19

*Manas v. VMS Assoc., LLC*,
    53 A.D.3d 451, 863 N.Y.S.2d 4 (1st Dept 2008).....................................................................16

*Moore v Liberty Power Corp., LLC*,
    72 A.D.3d 660, 897 N.Y.S.2d 723 (2d Dept 2010) .................................................................16

*Mountain Lion Baseball Inc. v. Gaiman*,
    263 A.D.2d 636, 693 N.Y.S.2d 289 (3d Dept 1999) ...............................................................15

*Nevin v. Citibank, N.A.*,
    107 F.Supp.2d 333 (S.D.N.Y. July 14, 2000) .........................................................................18

*Officemax Inc. v. Cinotti*,
    966 F. Supp. 2d 74 (E.D.N.Y. Apr. 29, 2013) ........................................................................26

*Orbit One Commc'ns, Inc. v. Numerex Corp.*,
    692 F. Supp. 2d 373 (S.D.N.Y. Mar. 10, 2010)................................................................21, 22

*Perfect Pearl Co. v. Majestic Pearl & Stone, Inc.*,
    889 F. Supp. 2d 453 (S.D.N.Y. 2012).......................................................................................3

*U.S. ex. rel. Polansky v. Pfizer, Inc*,
    2009 U.S. Dist. LEXIS 43438, 2009 WL 145682 (E.D.N.Y. May 22, 2009) .........................15

*Poller v. BioScrip, Inc.*,
    974 F. Supp. 2d 204 (S.D.N.Y. Sept. 25, 2013) .....................................................................21

*Register.com, Inc. v. Verio, Inc.*,
    356 F.3d 393 (2d Cir. 2004).....................................................................................................23

*Rodriguez v. City of New York*,
    No 21-cv-1649, 2022 U.S. Dist. LEXIS 180308 (E.D.N.Y. Sept. 29, 2022) .......................4, 5

*Rothman v. Gregor*,
    220 F.3d 81 (2d. Cir. 2000).....................................................................................................14

*Schoch v Lake Champlain Ob-Gyn, P.C.*,
    184 AD3d 338 (3d Dept 2020) ................................................................................................25

*Shallow v. Scofield*,
No. 11 Civ. 6028, 2012 U.S. Dist. LEXIS 135697, 2012 WL 4327388
(S.D.N.Y. Sept. 21, 2012) ................................................................................................24

*Silverman Ptnrs., L.P. v. First Bank*,
687 F. Supp. 2d 269 (E.D.N.Y. Feb. 20, 2010) ...............................................................26

*Soroof Trading Dev. Co. v. GE Microgen, Inc.*,
283 F.R.D. 142 (S.D.N.Y. 2012) .......................................................................................3

*Turret Labs USA, Inc. v. CargoSprint, LLC*,
2021 U.S. Dist. LEXIS 27838 (E.D.N.Y. Feb. 12, 2021) ......................................7, 23, 24

*Twin Labs, Inc. v. Weider Health and Fitness*,
900 F.2d 566 (2d Cir. 1990) .......................................................................................18, 19

*United States v. Aleynikov*,
737 F. Supp. 2d 173 (S.D.N.Y. Sept. 3, 2010) ................................................................22

*Warren Pearl Constr. Corp. v. Guardian Life Ins. Co. of Am.*,
639 F. Supp. 2d 371 (S.D.N.Y. July 22, 2009) ...............................................................24

*Welch v. TD Ameritrade Holding Corp.*,
2009 U.S. Dist. LEXIS 65584 (S.D.N.Y. July 27, 2009) .................................................25

*Wells Fargo Bank, N.A. v Wine*,
90 A.D.3d 1216, 935 N.Y.S.2d 664 (3d Dept 2011) ........................................................15

**Statutes**

18 U.S.C. §§ 1030 ..........................................................................................................23, 24

18 U.S.C. § 1833 ..............................................................................................................5, 6

18 U.S.C. § 1839 ..............................................................................................................6, 7

**Other Authorities**

Fed R. Civ. P. 9 ..............................................................................................................15, 25

Fed R. Civ. P. 15 ..................................................................................................................3

Fed R. Civ. P. 16 ..............................................................................................................3, 4

## INTRODUCTION

Defendant Khaled Almansoori, M.D. ("Dr. Almansoori") respectfully requests that the Court deny Plaintiff AA Medical P.C.'s ("AA Medical") motion for leave to file a Second Amended Complaint to add claims under the Defend Trade Secrets Act. AA Medical is yet again engaging in a baseless, futile attempt to multiply the proceedings. AA Medical's dilatory tactics, including routinized substitutions of its counsel and meritless requests by successive counsel, demonstrate AA Medical's failure to duly prosecute its claims and lack of a serious intent to do so. Such conduct reinforces Dr. Almansoori's assertions since the outset of these matters that AA Medical only seeks to weaponize the judicial system to harm and harass Dr. Almansoori.

In the event the Court denies AA Medical's motion for leave to amend, the Court should reinstate Dr. Almansoori's previously pending, fully-briefed motion to dismiss (Dkt. #44-49) and dismiss this action with prejudice. In the event the Court grants AA Medical's request for leave to amend, Dr. Almansoori respectfully requests that the Court dismiss this action in its entirety and with prejudice due to AA Medical's failure to state a claim upon which relief can be granted in the Proposed Second Amended Complaint.

## FACTUAL AND PROCEDURAL BACKGROUND

AA Medical, then represented by Jeffrey Eisenberg, filed this action on August 21, 2020. (Dkt. #1). AA Medical's filing of this action was in addition to AA Medical's filing of numerous other lawsuits against Dr. Almansoori at the exact same time. On March 25, 2021, Attorney David Antwork filed a notice of consent to substitute as AA Medical's counsel of record. (Dkt. #16).

After Dr. Almansoori successfully sought to consolidate AA Medical's various duplicative pending lawsuits into this case (which AA Medical resisted due to AA Medical's singular focus on harassing Dr. Almansoori and causing him to unnecessarily incur attorneys' fees), the Court

directed AA Medical to file a consolidated amended complaint.  (Dkt. #21).  AA Medical filed the Consolidated Verified Amended Complaint on June 14, 2021.  (Dkt. #24).

In an AA Medical state court action pending in Suffolk County, action, AA Medical first sought on July 14, 2021 leave to add a claim for common law misappropriation of trade secrets, among other claims that AA Medical sought to add as one of numerous periodic efforts by AA Medical to expand the universe of claims.  On September 23, 2021,, AA Medical filed in Suffolk County an amended complaint asserting misappropriation of trade secrets claim after receiving leave to amend. (Motion for Leave and Amended Complaint, Suffolk County Index No. 000092/2021, **Exhibit A** to A. Kleinberg Declaration).

On August 17, 2021, this Court entered a scheduling order.  (Dkt. #34).  The Court set a deadline of November 15, 2021 for any amendments to the pleadings.  Before the expiration of the deadline, AA Medical never made a request to extend this deadline or sought to amend its complaint.

On September 10, 2021, Dr. Almansoori filed a motion to stay discovery pending the Court's determination of Dr. Almansoori's Motion to Dismiss AA Medical's Verified Amended Complaint. (Dkt. #36). On March 3, 2022, the Court granted a stay on discovery, finding that Dr. Almansoori's arguments for dismissal had merit.  (Dkt. #59).

On November 5, 2021, Dr. Almansoori filed the fully-briefed Motion to Dismiss AA Medical's Verified Amended Complaint.  (Dkt. #44-49).

On December 3, 2021 and December 6, 2021, attorneys from the law firm Forchelli Deegan Terrana filed appearances to substitute as AA Medical's counsel of record.  (Dkt. #51-53).

On January 28, 2022, Attorney Emanuel Kataev from the law firm Milman Labuda filed a motion to substitute as counsel of record for AA Medical.  (Dkt. #55).

On June 18, 2022, nearly five months after AA Medical's current counsel of record filed his notice to appear on behalf of AA Medical, and nearly one year after AA Medical sought leave to amend its state court complaint to add a claim for common law misappropriation of trade secrets, AA Medical filed its request to amend its pleading and file a Second Amended Complaint to add claims under the DTSA for alleged misappropriation of trade secrets.

AA Medical has renewed this request, which Dr. Almansoori opposes as futile and without good cause. As this matter was previously poised for dismissal, Dr. Almansoori respectfully requests that the Court deny AA Medical's motion for leave to amend, reinstate Dr. Almansoori's previously pending and fully-briefed Motion to Dismiss AA Medical's Verified Amended Complaint, and issue a decision dismissing this action with prejudice and in its entirety.

## MEMORANDUM OF LAW IN OPPOSITION TO AA MEDICAL'S MOTION FOR LEAVE TO FILE PROPOSED SECOND AMENDED COMPLAINT

## I.    Legal Standard.

Determining whether a motion to amend is governed by Rule 15 or Rule 16 turns on whether "the motion is timely filed under [the] scheduling order in place in th[e] action. If it is timely filed, only Rule 15's liberal standard governs; if it is not, [the moving party] must also show good cause for the amendment under Rule 16." *Soroof Trading Dev. Co. v. GE Microgen, Inc.*, 283 F.R.D. 142, 147 (S.D.N.Y. 2012) (requiring motion to amend filed after court-ordered deadline to meet requirements of both Rule 15(a)(2) and Rule 16(b)(4)).

Federal Rule of Civil Procedure 16(b)(4) states that a court-ordered schedule "may be modified <u>only</u> for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4) (emphasis supplied). "[W]hen a scheduling order has been entered which has restricted a party's ability to file an amended complaint, Rule 15's liberal standard must be balanced against the more stringent standard of Rule 16, under which such an order 'may be modified only for good cause.'" *Perfect*

*Pearl Co. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 457 (S.D.N.Y. 2012) (quoting Fed. R. Civ. P. 16(b)(4)).  A party <u>cannot</u> establish good cause "where the proposed amendment to the pleading is based on information 'that the party knew, or should have known, in advance of the deadline' sought to be extended."  *Rodriguez v. City of New York,* No 21-cv-1649, 2022 U.S. Dist. LEXIS 180308, at *8 (E.D.N.Y. Sept. 29, 2022) (denying motion for leave to further amend pleading where plaintiff was previously aware of the facts underlying his proposed new claim).  If a "plaintiff was previously aware of the facts underlying his proposed new claim or party, it is well established that he has not established 'good cause' under Rule 16(b)." *Id.*

## II.     There is Not Good Cause for Amendment Because AA Medical was Previously Aware of the Facts Underlying His Proposed DTSA Claims.

Since AA Medical previously had knowledge of the facts it seeks to add through its Proposed Second Amended Complaint, AA Medical cannot show good cause. AA Medical has asserted a common law misappropriation of trade secrets claim in the Suffolk County lawsuit through its amended complaint filed on <u>September 23, 2021</u> (and for which AA Medical first sought leave to amend the state court complaint on <u>July 14, 2021</u>). (See **Ex. A**).  This common law misappropriation claim is based on the same baseless factual allegations, which apparently AA Medical conceived long ago. (See **Ex. A**, at p. 19-21, ¶¶ 102-118).  The pleading amendment deadline in this case was November 15, 2021. (Dkt. 34). Thus, there is undue delay and an absence of good cause in AA Medical's request seeking leave to amend to add DTSA claims.  *See Rodriguez*, 2022 U.S. Dist. LEXIS 180308, at *8.

Despite AA Medical's prior knowledge of these allegations, AA Medical makes no effort to explain this delay. As AA Medical previously asserted a common law trade secret misappropriation claim, the status of discovery in the instant action is irrelevant.  Given AA Medical's conduct to date in the course of this litigation, AA Medical's motion can only be

construed as an underhanded attempt to prolong these proceedings and to unnecessarily increase Dr. Almansoori's attorneys' fees. AA Medical's course of abusive conduct and repeated, unethical abuse of the judicial system also warrants denying AA Medical leave to file a Second Amended Complaint. *See id.; see also 246 Sears Rd. Realty Corp. v. Exxon Mobil Corp.*, 2012 U.S. Dist. LEXIS 133280, at *34-35 (E.D.N.Y. Sept. 18, 2012) (denying motion for leave to amend complaint due to lack of good cause where plaintiff unnecessarily delayed filing motion for leave to amend complaint). It strains credulity for AA Medical to assert it needed to retain a <u>fourth</u> set of counsel in order to assert claims under the DTSA. Since the Court previously set a deadline for pleading amendments, and AA Medical knew prior to the pleading amendment deadline about the alleged facts for which AA Medical now seeks to amend its pleading again, AA Medical's motion should be denied.

### III.     The Proposed Amendments are Futile.

#### A.     Dr. Almansoori is Entitled to Statutory Immunity Under the DTSA.

The only disclosure alleged—to the U.S. Department of Labor—is statutorily protected. The DTSA states that "[a]n individual shall not be held criminally or civilly liable under any Federal or State trade secret law for the disclosure of a trade secret that is made in confidence to a Federal, State, or local government official, either directly or indirectly, or to an attorney; and solely for the purpose of reporting or investigating a suspected violation of law." 18 U.S.C. § 1833(b)(1)(A). Courts routinely dismiss DTSA claims where the facts alleged relate to disclosure of a trade secret to a governmental official. *See FirstEnergy Corp. v. Pircio,* 524 F. Supp. 3d 732, 738, 741-43 (N.D. Ohio Mar. 8, 2021) (granting 12(b)(6) dismissal of DTSA claim where allegations in complaint related to alleged disclosure of trade secrets to Securities and Exchange Commission). Here, the <u>only</u> alleged disclosure in AA Medical's proposed Second Amended Complaint is to the U.S. Department of Labor in relation to an administrative complaint filed by

Dr. Almansoori. (*Proposed 2d Am. Compl*, at pp. 8-9, ¶¶ 43, 53).[1] Thus, the proposed Second Amended Complaint is futile on its face and subject to dismissal due to the statutory immunity set forth in 18 U.S.C. § 1833(b)(1)(A). AA Medical's request for leave to file another amended complaint should be accordingly denied.

> ### B.    AA Medical's Proposed Second Amended Complaint Fails to meet the Pleading Standard for a DTSA Claim.

The remainder of the proposed Second Amended Complaint only contains threadbare allegations that fail to plausibly allege misappropriation of trade secrets in violation of the DTSA. Courts dismiss DTSA claims where a complaint only contains conclusory allegations.  *See Intrepid Fin. Partners, LLC v. Fernandez*, 2020 U.S. Dist. LEXIS 244742, at *16-17 (S.D.N.Y. Dec. 30, 2020) (granting 12(b)(6) dismissal of DTSA claim where complaint was devoid of any specific factual allegations of misappropriation); *see also Case Props. Servs., LLC v. Columbia Props. Phoenix, L.P.,* 2018 U.S. Dist. LEXIS 158199, at *12-13 (S.D.N.Y. Sept. 17, 2018) (granting 12(b)(6) dismissal of DTSA claim where complaint's description of violation is essentially recitation of statutory text).

AA Medical only offers formulaic and conclusory descriptions of alleged trade secrets and misappropriation, without any specific factual detail.  In order to state a DTSA claim, a plaintiff must allege, as a threshold matter, the existence of a trade secret by adequately allegation that the property in question is comprised of "financial, business, scientific, technical, economic, or engineering information" including "formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes." 18 U.S.C. § 1839(3).  Plaintiff's Proposed Second

---

[1] AA Medical's Proposed Second Amended Complaint lacks consecutive numbering in its paragraphs, so Almansoori respectfully requests that the Court refer to both the page and paragraph citations to AA Medical's Proposed Second Amended Complaint set forth in this memorandum.

Amended Complaint fails to describe what exactly constitute the trade secrets at issue purportedly underlying this claim, only offering vague allegations of "medical records." Such conclusory, vague allegations are insufficient to state a claim. *See Alexander Interactive, Inc. v. Leisure Pro Ltd.*, 2014 U.S. Dist. LEXIS 132206, at *11-12 (S.D.N.Y. Sept. 16, 2014) (dismissing misappropriation of trade secrets claim in part because "conclusory assertion that the Deliverables constitute[d] trade secrets [was] insufficient").

Even if Plaintiff had adequately alleged the existence of information meeting the aforementioned definition under 18 U.S.C. § 1839(3), Plaintiff's proposed DTSA claim also fails to state a claim due to Plaintiff's failure to adequately allege any efforts of AA Medical to protect the secrecy of the information or that AA Medical derives economic value from the information not being generally known to others, as required by 18 U.S.C. § 1839(3)(B).  AA Medical quite simply copies and pastes these statutory elements, such that the proposed Second Amended Complaint contains conclusory allegations and nothing more. (*Proposed 2d Am. Compl.*, at pp. 11 and 13, at ¶¶ 63, 66, 78, 80). Accordingly, AA Medical's proposed DTSA claim fails as a matter of law and AA Medical should not be granted leave to add this claim.   *See Turret Labs USA, Inc. v. CargoSprint, LLC,* 2021 U.S. Dist. LEXIS 27838, at *11 (E.D.N.Y. Feb. 12, 2021) (ruling that a proposed second amended complaint's DTSA claim failed as a matter of law due to plaintiff's failure to adequately allege that it took reasonable measures to keep its information secret from third parties).

Further, AA Medical must allege acts constituting misappropriation under 18 U.S.C. § 1839(5), but it does not.  The single extremely conclusory and speculative allegation that "[u]pon information and belief, defendants [sic] are retaining and using that information to compete with

AA Medical," will not save the proposed Second Amended Complaint's DTSA claim, because it is so lacking in detail that it fails to meet the *Iqbal* and *Twombly* standards.

The Proposed Second Amended Complaint also fails to allege any improper means employed in obtaining the trade secrets. Where a pleading does not specify the improper means taken in obtaining alleged trade secrets, it must be dismissed. *See Alexander Int.,* 2014 U.S. Dist. LEXIS 132206, at *13. The Proposed Second Amended Complaint contains no factual allegations regarding what improper means, if any, Almansoori used to obtain alleged trade secrets. For all these reasons, AA Medical's DTSA claims are futile and leave to amend should not be granted.

### C.    iii.    The Remainder of AA Medical's Claims Are Still Deficient and AA Medical Fails to State Claims Upon Which Relief can be Granted.

The proposed Second Amended Complaint contains no allegations curing the deficiencies in the previously-lodged set of claims, which Dr. Almansoori pointed out extensively through his fully-briefed Motion to Dismiss AA Medical's Verified Amended Complaint. As discussed below, the preexisting causes of action are deficient for the same reasons as set forth in Dr. Almansoori's Motion to Dismiss the Verified Amended Complaint. (*See* Dkt. #44-47, 49). Dr. Almansoori incorporates by reference the arguments set forth in his Motion to Dismiss the Verified Amended Complaint. (*See id.*). Thus, the proposed Second Amended Complaint entirely fails to state a claim upon which relief can be granted, and consequently any leave to amend will be futile.

### IV.    AA Medical Presents the Proposed Second Amended Complaint in Bad Faith.

As stated above, AA Medical has apparently known for some time the baseless factual allegations underlying its proposed DTSA claims. Thus, there is undue delay in AA Medical's request seeking leave to amend to add DTSA claims. AA Medical's request for leave to file a second amended complaint is just one of AA Medical's many attempts to prolong this matter and

8

harass Dr. Almansoori.  Given AA Medical's course of abusive conduct and repeated abuse of the judicial system, AA Medical should be denied leave to file a Second Amended Complaint.

**V.      Dr. Almansoori Will Be Prejudiced by AA Medical's Continued Frivolous Efforts to Expand the Universe of Claims.**

Delay that prejudices the opposing party may result in denial of leave to amend. *See Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). A proposed amendment may trigger unacceptable prejudice when it will "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Id*. Because Dr. Almansoori will be prejudiced by AA Medical's undue delay, the motion for leave to amend should be denied. Here, Dr. Almansoori has already expended significant resources responding to AA Medical's prior filings, and allowance of the motion for leave to amend and file a deficient Second Amended Complaint will only continue such unnecessary expenditure of time and fees.  Further, AA Medical's frivolous conduct, including seeking leave to file a proposed Second Amended Complaint that fails as a matter of law, has significantly delayed adjudication in favor of Dr. Almansoori.  Thus, AA Medical's motion for leave to amend should be denied due to the unfair prejudice that it will cause Dr. Almansoori.

In the event the Court denies AA Medical's Motion for Leave to file a Second Amended Complaint, Dr. Almansoori respectfully requests that the Court (i) deem reinstated the fully-briefed motion to dismiss on AA Medical's Verified Amended Complaint (*see* Dkt. #44-49) and (ii) issue a ruling on that pending Motion to Dismiss and dismiss this action in its entirety and with prejudice.

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO DISMISS PROPOSED SECOND AMENDED COMPLAINT

In the event the Court grants AA Medical's Motion for Leave to file a Second Amended Complaint, Almansoori moves to dismiss the Proposed Second Amended Complaint and respectfully requests that the Court dismiss the Proposed Second Amended Complaint in its entirety with prejudice.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

**I.      AA Medical's Proposed Second Amended Complaint.**

AA Medical alleges that Dr. Almansoori is an orthopedic surgeon who was a former employee of AA Medical in New York.[2] (*Proposed 2d Am. Compl.*, at p. 3, ¶ 11) (the "Amended Complaint".)  AA Medical and Dr. Almansoori entered a written employment agreement (the "Employment Agreement") governing the terms of Dr. Almansoori's employment.  (*Proposed 2d Am. Compl.*, at p. 3, ¶ 16) (**Exhibit B** to A. Kleinberg Declaration).  One such term of the Employment Agreement provided for a ten-year term of employment commencing on October 1, 2018.  (**Ex. B**, at 2(a).)  Another term of the Employment Agreement set forth Dr. Almansoori's duties, which included providing orthopedic services to the best of his ability and according to professional medical standards, as well as fulfilling requirements for working hours set by AA Medical.  (**Ex. B**, at 4(a), 4(b).)  In employing Dr. Almansoori, AA Medical sponsored Dr. Almansoori's H-1B visa for immigration purposes.  (*Proposed 2d Am. Compl.*, at p. 3, ¶¶ 15, 17.)

AA Medical asserts Dr. Almansoori did not meet the requirements for working hours set by AA Medical.  (*Proposed 2d Am. Compl.*, at p. 4, ¶¶ 19-20, 22.)  Further, AA Medical asserts

---

[2] Dr. Almansoori denies as untrue many of the factual allegations in AA Medical's Proposed Second Amended Complaint.  For ease of reading and because the Court must assume all of the facts properly alleged in the Complaint as true solely for purposes this motion to dismiss, Dr. Almansoori will not label each and every fact as "alleged" from this point forward, despite Dr. Almansoori reserving the right to contest any or all of them at the appropriate stage.

Dr. Almansoori did not provide services to the degree of quality and professionalism expected by AA Medical.  (*Proposed 2d Am. Compl.*, at pp. 4-6, ¶¶ 23, 25, 32, 36, 30-34.)  Eventually, Dr. Almansoori provided written notice on April 3, 2019 indicating that he desired to terminate his employment under the Employment Agreement in accordance with the Employment Agreement's "termination without cause" provision that simply required 120-day notice of such intent to terminate employment.  (*Proposed 2d Am. Compl.*, at p. 7, ¶¶ 37-38) (**Ex. B**, at 8(b).)  Prior to the completion of the 120-day period preceding termination of Dr. Almansoori's employment, AA Medical decided to terminate Dr. Almansoori's employment, supposedly for cause, on or about July 15, 2019.  (*Proposed 2d Am. Compl.*, at p. 7, ¶ 41.)

AA Medical asserts that Dr. Almansoori, during the course and scope of his employment as an orthopedic surgeon with AA Medical, accessed AA Medical's computer system.  (*Proposed 2d Am. Compl.*, at p. 9, ¶ 49.)  AA Medical asserts that, in accessing AA Medical's computer system, Dr. Almansoori misappropriated and downloaded patient files and information prior to the conclusion of his employment with AA Medical.  (*Proposed 2d Am. Compl.*, at pp. 4-5, 9, ¶¶ 26-27, 49.)  Dr. Almansoori is claimed to have later disclosed this patient information to third parties, specifically alleged to be governmental authorities.  (*Proposed 2d Am. Compl.*, at p. 9, ¶ 53.)  Dr. Almansoori did not access AA Medical's computer system after the conclusion of his employment with AA Medical.  (*Proposed 2d Am. Compl.*, at pp. 4, 9, ¶¶ 26, 49.)

On August 6, 2019, Dr. Almansoori filed a lawsuit against AA Medical seeking contractual damages, declaratory and injunctive relief against AA Medical's enforcement of unlawful restrictive covenants, unjust enrichment, and retaliation in violation of the New York State Human Rights Law.  (*Proposed 2d Am. Compl.*, at pp. 8-9, ¶¶ 41, 47-48.)  During the course and scope of that litigation, via his counsel of record, Dr. Almansoori attempted to engage in settlement

discussions with AA Medical.  (*Proposed 2d Am. Compl.*, at p. 8, ¶¶ 40-42.)  AA Medical voluntarily executed a stipulated preliminary injunction preventing the enforcement of the Employment Agreement's non-compete provision.  (*Proposed 2d Am. Compl.*, at p. 9, ¶ 48.) Dr. Almansoori further asserted his right to administrative relief by filing administrative complaints with the U.S. Department of Labor. (*Proposed 2d Am. Compl.*, at p. 8, ¶¶ 43, 46.)  AA Medical voluntarily settled and resolved for $12,500 one complaint filed by Dr. Almansoori with the U.S. Department of Labor.  (*Proposed 2d Am. Compl.*, at p. 8, ¶ 44.)

Based on these allegations, AA Medical's Amended Complaint asserts six separate counts: "Violation of Defend Trade Secrets Act" (*Proposed 2d Am. Compl.*, at pp. 11-12, ¶¶ 60-74); "Injunctive Relief under the DTSA" (*Proposed 2d Am. Compl.*, at pp. 12-14, ¶¶ 75-87); "Fraud" (*Proposed 2d Am. Compl.*, at pp. 14-16, ¶¶ 88-91); "Prima Facie Tort" (*Proposed 2d Am. Compl.*, at pp. 16-18, ¶¶ 92-104); "Violation of the CFAA" (*Proposed 2d Am. Compl.*, at pp. 18-20, ¶¶ 105-117); and "Unjust Enrichment" (*Proposed 2d Am. Compl.*, at pp. 20-21, ¶¶ 118-126.)

## II.   AA Medical's Litigation History

In relation to this matter, AA Medical (and, in one case, an affiliated physician) filed a web of pending lawsuits against Dr. Almansoori.  The set of six lawsuits against Dr. Almansoori included:

- *AA Medical, P.C. v. Khaled Almansoori, M.D.*, Index No. 000092/2021, Supreme Court of the State of New York, Suffolk County (previously Index No. 607264/2020, Supreme Court of the State of New York, Nassau County, filed July 17, 2020).

- *Thor Robert Rhodin v. Khaled Almansoori*, Index No. 609950/2020, Supreme Court of the State of New York, Suffolk County, filed August 4, 2020.

- *AA Medical, P.C. v. Khaled Almansoori, M.D.*, Docket No. 2:20-cv-04350 (NGG)(AKT), United States District Court, Eastern District of New York (originally filed in Supreme Court of the State of New York, Suffolk County on August 10, 2020).

- *AA Medical, P.C. v. Khaled Almansoori*, Docket No. 2:20-cv-03852 (JS)(ARL), United States District Court, Eastern District of New York, filed August 25, 2020.

- *AA Medical, P.C. v. Khaled Almansoori,* Case No. 2:20-cv-04413 (GRB)(AYS), United States District Court, Eastern District of New York (originally filed in filed in Supreme Court of the State of New York, Suffolk County on August 31, 2020)

- *AA Medical, P.C. v. Khaled Almansoori*, Docket No. 1:20-cv-06923 (JPC), United States District Court, Southern District of New York, filed August 28, 2020.

The three matters pending in the United States District Court, Eastern District of New York have been transferred to and consolidated in this Case No. 2:20-cv-03852.  AA Medical further voluntarily dismissed its claims in its case filed in the Southern District of New York, while partially incorporating those claims in the Amended Complaint in this case.  As noted above, before any of AA Medical's barrage of lawsuits, Dr. Almansoori had filed an action in 2019 against AA Medical in the Supreme Court of the State of New York, Suffolk County, currently pending under Index No. 615178/2019.  Due to Dr. Almansoori's prior action in Suffolk County, Dr. Almansoori successfully sought transfer of AA Medical's Nassau County lawsuit.

AA Medical has already amended its pleading once in this matter. (Dkt. 24).  The proposed Second Amended Complaint is simply another effort by AA Medical to unnecessarily prolong this matter and unnecessarily cause Dr. Almansoori to incur additional legal fees.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This standard deploys two prongs.

First, a complaint must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id*. (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further

factual enhancement.'"  *Id*. (quoting *Twombly*, 550 U.S. at 557).  While the Court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Id*. (quoting *Twombly*, 550 U.S. at 555).

Second, the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully."  *Id*.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id*.

In ruling on a Rule 12(b)(6) motion, a court may consider matters of which judicial notice may be taken and documents of which plaintiff had knowledge and relied on in bringing suit.  *DePasquale v. Daniel DePasquale,* 2013 U.S. Dist. LEXIS 30215, at *6 (E.D.N.Y. Feb. 28, 2013).  A court may take judicial notice of a document filed in another court.  *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998).  A court may also take judicial notice of a contract referred to in a pleading.  *Rothman v. Gregor,* 220 F.3d 81, 88-89 (2d. Cir. 2000) (noting that it is proper to consider documents that are quoted in or attached to the complaint or incorporated in it by reference, or that plaintiffs either possessed or knew about and upon which they relied in bringing suit)

## ARGUMENT

### I.    AA Medical's DTSA Claims Fail as a Matter of Law.

AA Medical's first and second causes of action asserting violations of the DTSA fail as a matter of law and must be dismissed.  Almansoori incorporates by reference as if fully set forth herein his arguments set forth above in opposition to AA Medical's motion for leave to file a second amended complaint.

## II.   AA Medical's Third Cause of Action for Fraud Fails as a Matter of Law.

### A.   AA Medical's Proposed Second Amended Complaint Fails to Allege Fraud with Particularity.

AA Medical fails to sufficiently set forth a fraud claim.  The elements of fraud are (1) a material misrepresentation of fact; (2) with knowledge of its falsity; (3) an intent to induce reliance upon the misrepresentations; (4) justifiable reliance by the plaintiff; and (5) resulting damages. *Cathy Daniels, Ltd. v. Weingast*, 91 A.D.3d 431, 433, 936 N.Y.S.2d 44 (1st Dept 2012).  Rule 9(b) requires that, "a party must state with particularity the circumstances constituting fraud . . .." Fed. R. Civ. P. 9(b).  Rule 9(b) "ordinarily requires a complaint alleging fraud to '(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" *United States ex rel. Chorches v. Am. Med. Response, Inc.*, 865 F.3d 71, 81 (2d Cir. 2017) (quoting *U.S. ex rel. Ladas v. Exelis, Inc.*, 824 F.3d 16, 25 (2d Cir. 2016)).  "Rule 9(b) requires that a plaintiff set forth the who, what, when, where and how of the alleged fraud."  *U.S. ex. rel. Polansky v. Pfizer, Inc*, 2009 U.S. Dist. LEXIS 43438, 2009 WL 145682 (E.D.N.Y. May 22, 2009) (quoting *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)).

New York courts regularly dismiss fraud claims where a plaintiff has failed to plead specific and detailed allegations of fact, including specific dates and items in the complaint. *See Mountain Lion Baseball Inc. v. Gaiman*, 263 A.D.2d 636, 638, 693 N.Y.S.2d 289 (3d Dept 1999) (citation omitted) (dismissing fraud claim and finding that "plaintiff's complaint, which fails to set forth the substance of, the dates upon which, or the persons to whom the alleged misrepresentations purportedly were made, falls far short of satisfying the pleading requirement imposed by CPLR 3016 (b)"); *see also Wells Fargo Bank, N.A. v Wine*, 90 A.D.3d 1216, 1218, 935 N.Y.S.2d 664 (3d Dept 2011) (dismissing fraud claim as "nothing more than general allegations of fraudulent

services and, thus, do not provide the detailed and specific factual allegations of fraudulent conduct necessary to sustain such claims"); *Moore v Liberty Power Corp., LLC*, 72 A.D.3d 660, 661, 897 N.Y.S.2d 723 (2d Dept 2010) (dismissing fraud claim where "[t]he plaintiff failed to allege or provide details of any misstatements or misrepresentations made specifically by the defendant's representatives to him, as required by CPLR 3016 (b)").

AA Medical has failed to allege *even a single instance* of a fraudulent statement by Dr. Almansoori related to his intent to be employed or remain employed by AA Medical. (*Proposed 2d Am. Compl.*, at pp. 14-16, ¶¶ 88-91.)  The only place where Dr. Almansoori is alleged to have made any representation regarding the term of his employment was *in a contract* at Section 2(a) of the Employment Agreement.  (*Proposed 2d Am. Compl.*, at p. 3, at ¶¶ 16-17) (**Ex. B**, at 2(a).)  In the absence of identification of an allegedly false statement, it is not clear what, if anything, AA Medical alleges to constitute fraud.  Due to the utter absence of any allegations identifying a single instance of a fraudulent representation, AA Medical's fraud claim should be dismissed for the failure to plead fraud with particularity.

### B.   AA Medical's Fraud Claim Merely Sounds in Breach of Contract.

AA Medical's fraud claim also fails because it merely sounds in breach of contract.  An alleged breach of contract may not serve as the basis for a fraud claim. Where allegations actually constitute a breach of contract, enhanced only by conclusory allegations that the pleader's adversary made a promise while harboring the concealed intent not to perform it, the fraud claim should be dismissed.  *See Hermant Patel M.D., P.C. v. Bandikalta,* 2019 U.S. Dist. LEXIS 210405, at *7 (S.D.N.Y. Dec. 5, 2019) (dismissing former employer's fraud claim based upon an immigrant physician's alleged "insincere promise" that the physician would complete the full term contained in a written employment contract); *see also Manas v. VMS Assoc., LLC*, 53 A.D.3d 451, 453, 863 N.Y.S.2d 4 (1st Dept 2008) ("A fraud-based cause of action is duplicative of a breach of contract

claim when the only fraud alleged is that the defendant was not sincere when it promised to perform under the contract.").  New York law holds that where the promised performance is an obligation of the promisor under an enforceable contract between the parties, and the only damages sought are those recoverable for a breach of contract, allegations of such an "insincere promise" are redundant of a claim for breach of contract and, therefore, do not state a claim for fraud as a matter of law.  *See Cronos Group Ltd. v. XComIP, LLC,* 156 A.D.3d 54, 67, 64 N.Y.S.3d 182 (1st Dept. 2017) (citing *Castellotti v Free*, 138 A.D.3d 198, 211, 27 N.Y.S.3d 507 (1st Dept 2016)).

The allegations in AA Medical's fraud claim are based entirely on the Dr. Almansoori's Employment Agreement, which AA Medical claims that Dr. Almansoori did not fulfill.  (*See Proposed 2d Am. Compl.*, at pp. 4-5, 15, ¶¶ 19, 22, 23, 25, 32, 34, 29-33, 83, 88) (**Ex. B**, at 2(a), 4(a), 4(b).)  Further, AA Medical bases its fraud claim on Dr. Almansoori's act of exercising the right to termination upon 120 days' written notice in accordance with the contractually bargained-for term contained in the Employment Agreement.  (*Proposed 2d Am. Compl.*, at pp. 7, 15, ¶¶ 37-38, 83) (**Ex. B**, at 8(b).)  The Employment Agreement, which was attached as AA Medical's own exhibit to its Verified Amended Complaint (*See* Dkt. #24-2), undercuts any assertion that its allegations constitute fraud rather than, at most, a claimed breach of contract.  (*See* **Ex. B**.)  AA Medical's removal of the Employment Agreement as an exhibit to the Proposed Second Amendment Complaint constitutes an acknowledgement that AA Medical's alleged fraud claim is duplicative of breach of contract allegations. Dismissal of this fraud claim is warranted due to the allegations' complete and absolute foundation in the terms of the Employment Agreement.

**III.    AA Medical has Failed to Allege an Actionable Claim for Prima Facie Tort.**

    **A.    AA Medical has Failed to Allege Dr. Almansoori's Sole Motivation was "Disinterested Malevolence."**

AA Medical has failed to allege sufficiently "disinterested malevolence" in its single conclusory attempt to assign such a label to its allegations.  To state a claim for prima facie tort, a complaint must allege: (1) intentional infliction of harm, (2) causing special damages, (3) without excuse or justification, (4) by an act or series of acts that would otherwise by lawful.  *Curiano v Suozzi*, 63 N.Y.2d 113, 117 (1984).  "There is no recovery in prima facie tort unless malevolence is the ***sole motive*** for defendant's otherwise lawful act or . . . unless defendant acts from 'disinterested malevolence.'"  *Burns Jackson Miller Summit & Spitzer v. Lindner*, 59 NY2d 314, 333 (1983) (emphasis supplied) (finding plaintiffs failed to state prima facie tort cause of action because "although they allege intentional and malicious action, they do not allege that defendants' sole motivation was 'disinterested malevolence'").  "The touchstone [of prima facie tort] is 'disinterested malevolence,' meaning that the plaintiff cannot recover unless the defendant's conduct was not only harmful, but done with the ***sole intent*** to harm."  *Twin Labs, Inc. v. Weider Health and Fitness,* 900 F.2d 566, 571 (2d Cir. 1990) (emphasis supplied).  Prima facie tort is a highly disfavored cause of action under New York law.  *Nevin v. Citibank, N.A.*, 107 F.Supp.2d 333, 347 (S.D.N.Y. July 14, 2000) (stating that prima facie tort is "highly disfavored in New York" and that "it is well settled that any claim covered by a traditional tort claim cannot be the basis of a prima facie tort—even if the traditional tort claim turns out not to be viable").

AA Medical's conclusory allegation that Dr. Almansoori was "motivated by malice or disinterested malevolence" is insufficient.  AA Medical does not allege facts sufficient to establish that Dr. Almansoori acted with "disinterested malevolence" or that malevolence was the ***sole motive*** for Dr. Almansoori's acts.  The Proposed Second Amended Complaint's second cause of

action only cites conduct occurring in the course and scope of judicial and quasi-judicial proceedings, and these allegations are also barred as a basis for any claim due to the litigation privilege as discussed in more detail below.  Such allegations are insufficient to state a claim for prima facie tort.  *Burns*, 59 N.Y.2d at 333 (affirming dismissal of prima facie tort claim where plaintiffs merely alleged "intentional and malicious action" but did not allege "defendants' sole motivation was 'disinterested malevolence").  Further, the allegations in the Proposed Second Amended Complaint fail to show that Dr. Almansoori's actions *were not* based on *his own self-interest.  See Twin Labs*, 900 F.2d at 571.  Due to the lack of factual allegations showing that Dr. Almansoori's sole motivation for the alleged conduct was disinterested malevolence, this claim should be dismissed as a matter of law.

### B.      AA Medical Fails to Allege That it Suffered Special Damages.

The prima facie tort claim fails also because AA Medical has not alleged specific and measurable loss in the form of special damages with sufficient particularity.  Special damages "must be alleged with sufficient particularity to identify actual losses and be related causally to the alleged tortious acts."  *Luciano v Handcock*, 78 A.D.2d 943, 943 (3d Dept 1980).  The only point at which AA Medical quantifies any purported damages is in relation to the Settlement Payment of $12,500 that AA Medical *voluntarily paid pursuant to a consensual resolution* with the U.S. Department of Labor.  (*Proposed 2d Am. Compl.*, at pp. 17, ¶¶ 97-98, 100.)  As explained more fully below, Dr. Almansoori is entitled to an absolute litigation privilege for settlement proceedings in a quasi-judicial setting.

Beyond this improper allegation, AA Medical merely alleges without specificity that it had to pay fees to legal counsel and that it voluntarily entered into a preliminary injunction against enforcement of the non-compete in the Employment Agreement. AA Medical does not allege "specific and measurable loss" necessary to satisfy the requirement to plead special damages.

*Berland v Chi*, 142 A.D.3d 1121, 1123 (2d Dept 2016) (affirming lower court's finding that the allegations in the complaint were insufficient to allege special damages for failing to allege "specific and measurable loss").  This pleading failure is grounds for dismissal.  *Howard v Block*, 90 A.D.2d 455, 455 (1st Dept 1982) (affirming dismissal of complaint and finding no special damage for prima facie tort claim where plaintiffs alleged that defendant engaged in malicious conduct in order to obtain plaintiffs' eviction, but the plaintiff were "not in fact, evicted, and there was no showing of intentional harm").

## C.   AA Medical Improperly Attempts to Use Prima Facie Tort as a Catch-All.

AA Medical has improperly attempted to allege a prima facie tort claim to circumvent the stringent requirements for bringing a malicious prosecution claim.  Prima facie tort may not be used as a "catch-all" alternative for traditional tort claims.  *See Colina v. One E. River Place Realty Co.,* 2000 U.S. Dist. LEXIS 11728, at *20 (S.D.N.Y. 2000) (dismissing prima facie tort claim as improper "catch-all" attempt that merely repeated facts set forth in malicious prosecution claim); *Eavzan v. Polo Ralph Lauren Corp.*, 40 F. Supp. 2d 147, 152 (S.D.N.Y. 1998) (dismissing prima facie tort claim that attempted to circumvent the obstacles to a malicious prosecution action); *Church of Scientology v. Siegelman*, 94 F.R.D. 735, 738 (S.D.N.Y. 1982) ("A party will not be allowed to take a defective claim for malicious prosecution, abuse of process, or any other traditional tort and simply recast it as one for prima facie tort.").  Here, AA Medical has solely based its prima facie tort claim on Dr. Almansoori's lawsuit and complaints filed with the U.S. Department of Labor.  Thus, the prima facie tort claim should be dismissed as an improper attempt by AA Medical to circumvent the stringent requirements of a malicious prosecution claim.

**IV.    AA Medical has Failed to Allege an Actionable Claim under the Computer Fraud and Abuse Act.**

    **A.    AA Medical has failed to allege that Dr. Almansoori engaged in unauthorized access of a protected computer.**

AA Medical has failed to allege unauthorized access other than, at most, through mere speculation. Such conjecture is insufficient to state a claim under the CFAA. *JBCHoldings NY, LLC v. Pakter,* 931 F. Supp. 2d 514, 526 (S.D.N.Y. Mar. 20, 2013). The Complaint merely states that Dr. Almansoori "unlawfully accessed, downloaded and misappropriated" patient files from AA Medical's computer system "without authorization, or in excess of authorization," without providing any further detail on the manner in which such alleged access occurred. (*Proposed 2d Am. Compl.*, at pp. 9, 18, ¶¶ 49, 107, 109) (emphasis supplied). This speculative, conclusory allegation without any detail is the type of conjecture that is insufficient to state a claim under the CFAA. Thus, dismissal is proper.

Even if such speculation were sufficient, the CFAA does not permit civil claims based upon an employee's access of his employer's computer system during his period of employment. "[W]here an employee has certain access to a computer or system associated with her job, that access will be construed as unauthorized within the meaning of the CFAA <u>only where it occurs after the employee is terminated or resigns</u>." *Poller v. BioScrip, Inc.,* 974 F. Supp. 2d 204, 233 (S.D.N.Y. Sept. 25, 2013) (citations omitted) (emphasis supplied). "[R]eading the phrases 'access without authorization' and 'exceeds authorized access' to encompass an employee's misuse or misappropriation of information to which the employee freely was given access and which the employee lawfully obtained would depart from the plain meaning of the statute." *Orbit One Commc'ns, Inc. v. Numerex Corp.,* 692 F. Supp. 2d 373, 385 (S.D.N.Y. Mar. 10, 2010). Here, AA Medical's Complaint alleges access only *during* Dr. Almansoori's period of employment. (*Proposed 2d Am. Compl.*, at pp. 9, 18, ¶¶ 49, 107). Such access does not constitute access

"without authorization" or "exceeding authorized access" as a matter of law, despite AA Medical's attempts to merely slap such labels upon the alleged actions.   The CFAA claim should be dismissed.

AA Medical's allegations boil down to alleged misappropriation or misuse, which <u>are not</u> actions for which the CFAA provides a remedy.  *Jet One Group, Inc. v. Halcyon Jet Holdings, Inc.,* 2009 U.S. Dist. LEXIS 72579, at *18 (E.D.N.Y. Aug. 14, 2009).  The federal district courts in New York construe the CFAA's terms narrowly, holding that an employee's misuse or misappropriation of an employer's business information is not "without authorization" where the employer has given the employee permission to access such information.  *Orbit One,* 692 F. Supp. 2d at 385 ("The plain language of the CFAA supports a narrow reading. The CFAA expressly prohibits improper 'access' of computer information. It does not prohibit misuse or misappropriation.").    Here, AA Medical alleges that Dr. Almansoori "misappropriated" confidential patient information and misused and/or disclosed such confidential information to other third parties.  (Doc. #24, at ¶¶ 81, 83-85).  Federal district courts in New York have explained at length that such allegations are insufficient to state a cognizable claim under the CFAA:

> While a confidentiality agreement or other policies or obligations owed to an employer may prohibit misuse of a company's internal computer system or misappropriation of confidential information therein, the plain text of the CFAA does not. Furthermore, an interpretation of the CFAA based upon agency principles would greatly expand the reach of the CFAA to any employee who accesses a company's computer system in a manner that is adverse to her employer's interests. This would convert an ordinary violation of the duty of loyalty or of a confidentiality agreement into a federal offense. An employee does not lose "authorization" by accessing a computer with an improper purpose; rather, authorization is controlled by the employer, who may or may not terminate or restrict an employee's access privileges.

*United States v. Aleynikov,* 737 F. Supp. 2d 173, 194 (S.D.N.Y. Sept. 3, 2010).  AA Medical's allegations fail to establish the elements of a CFAA claim and dismissal is proper as a matter of law.

### B.    AA Medical has failed to sufficiently quantify any alleged "damage" or "loss."

AA Medical's CFAA claim also fails due to the absence of sufficient allegations of "damage" or "loss."  The CFAA created a civil right of action for any person who suffered sufficient "damages or loss," as those terms are defined under the statute, as a result of individuals who intentionally accessed a protected computer without authorization or in a way that exceeded their authorized access.  18 U.S.C. §§ 1030(a)(2)(C), 1030(g).   "Damage" is defined as "any impairment to the integrity or availability of data, a program, a system, or information." 18 U.S.C. § 1030(e)(8).  "Loss" is defined as "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other  consequential damages incurred  because  of  interruption  of  service." 18 U.S.C. § 1030(e)(11).  The absence of such allegations *sufficiently quantifying* the alleged damages in a minimum amount of $5,000 justifies dismissal under the CFAA.  *See Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 440 (2d Cir. 2004) (to maintain a cause of action under the CFAA against a defendant, a plaintiff must demonstrate that the defendant violated the CFAA in "a manner that has caused [the plaintiff] damages or losses of at least $5,000."); *see also Turret Labs USA, Inc., v. CargoSprint, LLC,* 2021 U.S. Dist. LEXIS 27838, at *19-20 (E.D.N.Y. Feb. 12, 2021) (dismissing CFAA claim where amended complaint merely recited statutory definition of loss and in conclusory fashion simply asserted losses exceeded $5,000); *Deutsch v. Human Res. Mgmt.,*

2020 U.S. Dist. LEXIS 65926, at *11-12 (S.D.N.Y. Apr. 15, 2020) (dismissing CFAA claim where plaintiff only offered conclusory allegation that loss exceeded threshold of $5,000).

Beyond insufficient conclusory allegations, AA Medical has failed to allege facts showing it has met the minimum loss threshold for a civil claim under the CFAA.  Here, AA Medical's allegation on loss is nothing more than copying-and-pasting the statutory definition of "loss" under 18 U.S.C. § 1030(e)(11) and a conclusory assertion that it has been damaged in an amount "not less than one million dollars."  (*Proposed 2d Am. Compl.*, at pp. 19-20, ¶¶ 113, 116.)  Those conclusory allegations are insufficient to plead a CFAA claim.  *See, e.g., Turret Labs,* 2021 U.S. Dist. LEXIS 27838, at *19-20; *see also Deutsch,* 2020 U.S. Dist. LEXIS 65926, at *12; *Law Firm of Omar T. Mohammedi, LLC v. Computer Assisted Practice Elec. Mgmt. Sols.,* No. 17-CV-4567, 2019 U.S. Dist. LEXIS 121735, at *12 (S.D.N.Y. July 22, 2019) (noting that "courts within this District have dismissed CFAA claims for failing to sufficiently quantify damages"); *Bose v. Interclick, Inc.*, No. 10 Civ. 9183 DAB, 2011 U.S. Dist. LEXIS 93663, at *12 (S.D.N.Y. Aug. 17, 2011) (finding that Plaintiff's "claims therefore fail because she does not quantify the repair cost or cost associated with investigating the alleged damage.").  Due to the absence of allegations quantifying damages beyond a mere conclusory assertion, AA Medical has failed to satisfy the pleading requirements under the CFAA, and dismissal is warranted.

## C.    AA Medical has no privacy rights under HIPAA.

To the extent AA Medical attempts to base any claim on the Health Insurance Portability and Accountability Act ("HIPAA"), such basis is futile.  HIPAA does not provide a cause of action through which private parties can enforce its provisions.  *Shallow v. Scofield,* No. 11 Civ. 6028, 2012 U.S. Dist. LEXIS 135697, 2012 WL 4327388, at *4 (S.D.N.Y. Sept. 21, 2012); *see also Warren Pearl Constr. Corp. v. Guardian Life Ins. Co. of Am.,* 639 F. Supp. 2d 371, 376-77 (S.D.N.Y. July 22, 2009) (collecting cases).  AA Medical's Proposed Second Amended Complaint

haphazardly attempts to invoke HIPAA, but there is no claim available to AA Medical under HIPAA, providing yet another reason to dismiss AA Medical's CFAA claim.

**V.    AA Medical's Proposed Second Amended Complaint Fails to State a Claim for Unjust Enrichment Upon Which Relief Can Be Granted.**

**A.    AA Medical Fails to Allege Unjust Enrichment with Particularity.**

AA Medical premises its unjust enrichment claims upon allegations of purported "fraudulent misrepresentations" (*Proposed 2d Am. Compl.*, at pp. 20-21 ¶¶ 120-121, 123), and therefore must allege such unjust enrichment with particularity.  To assert a claim of unjust enrichment, the plaintiff must allege: "(1) that the defendant was enriched; (2) that the enrichment was at the plaintiff's expense; and (3) that the circumstances are such that in equity and good conscience the defendant should return the money or property to the plaintiff." *Golden Pacific Bancorp v. F.D.I.C.,* 273 F.3d 509, 519 (2d Cir. 2001).  An allegation that the other party "received benefits, standing alone, is insufficient to establish a cause of action to recover damages for unjust enrichment." *Schoch v Lake Champlain Ob-Gyn, P.C.*, 184 AD3d 338, 344 (3d Dept 2020).

An analysis under Rule 9(b) applies to unjust enrichment claims premised on alleged fraud: "A complaint must satisfy the particularity requirement of Rule 9(b) only where the alleged unjust enrichment is premised on fraudulent acts." *Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*, 8 F. Supp. 3d 467, 483 (S.D.N.Y. Mar. 27, 2014) (*citing Hughes v. Ester C Co.*, 930 F. Supp. 2d 439, 471 (E.D.N.Y. Mar. 15, 2013)).  District courts in New York dismiss unjust enrichment claims based upon allegations of fraud pursuant to Rule 9(b) where they are not pleaded with particularity.  *See Welch v. TD Ameritrade Holding Corp.,* 2009 U.S. Dist. LEXIS 65584, at \*72-74 (S.D.N.Y. July 27, 2009).

As identified above, AA Medical has not identified a single instance of a false statement by Dr. Almansoori, nor has AA medical identified the substance of any such alleged fraudulent

misrepresentation.  Because no fraud is sufficiently alleged, fraudulent misrepresentation cannot provide the basis for an unjust enrichment claim and that claim should be dismissed.

### B.     AA Medical's Unjust Enrichment Claim Sounds in Contract.

AA Medical also is barred from alleging an unjust enrichment claim that sounds in contract. "Courts have not allowed claims for unjust enrichment, however, where there is a valid and enforceable written contract governing the subject matter of the dispute."  *Kottler v. Deutsche Bank AG*, 607 F. Supp. 2d 447, 467 (S.D.N.Y. Jan. 9, 2009).  "Where a valid contract governs the obligations between parties, no claim for unjust enrichment will stand.  *See In re First Central Financial Corp.*, 377 F.3d 209, 214, n. 4 (2d Cir. 2004) (citing cases).   The Employment Agreement governs the disputes asserted by AA Medical.  (*Proposed 2d Am. Compl.*, at p. 20, ¶ 121) (*See* **Ex. B**, at ¶ 3.)  Thus, the unjust enrichment claim fails as a matter of law and should be dismissed.  *See Silverman Ptnrs., L.P. v. First Bank,* 687 F. Supp. 2d 269, 280-81 (E.D.N.Y. Feb. 20, 2010) (dismissing unjust enrichment claim where plaintiff claimed unjust enrichment resulting from defendant's collection of monies under a loan agreement).

### VI.   Claims Premised on Dr. Almansoori's Litigation Privilege Should Be Dismissed.

AA Medical's attempts to base claims on Dr. Almansoori's lawsuit or his complaints filed with the U.S. Department of Labor represent improper attempts to interfere with Dr. Almansoori's litigation privilege.  New York federal courts dismiss claims pursuant to Rule 12(b)(6) where such claims are based upon statements made by parties, attorneys, and witnesses in the course of a judicial or quasi-judicial proceeding, as they are absolutely privileged so long as they are material and pertinent to the issue to be resolved in the proceeding.  *Officemax Inc. v. Cinotti,* 966 F. Supp. 2d 74, 79-81 (E.D.N.Y. Apr. 29, 2013).

Such litigation privilege applies in full to AA Medical's claims based on settlement negotiations and discussions between AA Medical and Dr. Almansoori.  The litigation privilege is

absolute and "has been applied not only to statements made in pleadings and in court, but also to statements made in . . . letters between attorneys and parties . . . [and] during offers of settlement by attorneys." *Aequitron Med., Inc. v. Dyro,* 999 F. Supp. 294, 298 (E.D.N.Y. Mar. 13, 1998) (citation omitted).   In addition, courts have consistently held that the litigation privilege extends to statements made before the commencement of litigation. *See Bernstein v. Seeman,* 593 F. Supp. 2d 630, 636 (S.D.N.Y. Jan. 9, 2009) (noting that the litigation privilege "attaches to every step of a judicial proceeding, not just the hearing and trial phase" when holding that statements contained in the defendants' submission to the EEOC and in defense counsel's letter to the plaintiff prior to the plaintiff's commencement of the litigation were protected under the litigation privilege) (quoting *Weitz v. Wagner,* CV-07-1106 (ERK)(ETB), 2008 U.S. Dist. LEXIS 61112, at *24 (E.D.N.Y. July 24, 2008), adopted by 2008 U.S. Dist. LEXIS 62729, at *1 (E.D.N.Y., Aug. 8, 2008)).

Here, AA Medical improperly attempts to base claims upon statements made in the course of Dr. Almansoori's lawsuit and his complaints to the U.S. Department of Labor. Those allegations are contrary to Dr. Almansoori's absolute litigation privilege, and the alleged claims would have a chilling effect on parties' right to speak freely toward the administration of justice.  All claims in the Proposed Second Amended Complaint based upon statements related to judicial and quasi-judicial proceedings should be dismissed.

## VII.   Alternatively, the Lawsuit Should be Dismissed Due to a Prior Pending Action.

As explained above, this case should be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).  In the event any of AA Medical's claims survives Dr. Almansoori's motion to dismiss for failure to state a claim, Dr. Almansoori alternatively and respectfully requests that the Court dismiss such a claim due to the presence of a prior pending action.  Pursuant to the Court's inherent authority, dismissal is proper under the prior pending action and *Colorado River* abstention

doctrines.  Dr. Almansoori's first-filed lawsuit in the Supreme Court of the State of New York, Suffolk County, currently pending under Index No. 615178/2019, as well as AA Medical's lawsuit against Dr. Almansoori currently pending in the Supreme Court of the State of New York, Suffolk County, under Index No. 0000922021 both preceded all five other lawsuits by AA Medical and its employee, including the three lawsuits consolidated in this case.

The instant lawsuit involves issues that are identical to or nearly duplicative of issues pending for adjudication in the 2019 state court action in which Dr. Almansoori is the plaintiff and AA Medical the defendant, as well as in AA Medical's own initial lawsuit currently pending in Suffolk County.  (Complaint, Suffolk County Index. No. 615178/2019, **Exhibit C** to A. Kleinberg Declaration) (Complaint, Suffolk County Index No. 000092/2021, **Exhibit D** to A. Kleinberg Declaration.)  In Dr. Almansoori's lawsuit, Dr. Almansoori asserted claims for breach of contract among others relating to Employment Agreement—that is, the same contract AA Medical attached to its Verified Amended Complaint and has referenced in it Proposed Second Amended Complaint in the instant lawsuit as the basis for various claims.  (**Ex. C**, at ¶¶ 11, 44-74) (*see* Doc. #24, at ¶ 16) (*see* **Ex. B**.)  Furthermore, Dr. Almansoori's lawsuit itself is the subject of claims asserted in AA Medical's Proposed Second Amended Complaint.  (*Proposed 2d Am. Compl.*, at pp. 8-9, 17, ¶¶ 41, 47, 95-96, 99-100.)  Similarly, the Proposed Second Amended Complaint largely and merely reformulates the same alleged conduct underlying AA Medical's breach of contract claim in its lawsuit now pending in Suffolk County.  (*See* **Ex. A**, at pp. 8-10, ¶¶ 6-31) (**Ex. D**, at ¶¶ 6-31).

Due to the identical and duplicative issues in both actions, dismissal in favor of prior lawsuits in Suffolk County is proper.  As a general rule, under the prior pending action doctrine, and to avoid duplicative litigation, the suit filed first should have priority "absent the showing of balance of convenience in favor of the second action." *Adam v. Jacobs*, 950 F.2d 89, 93-94 (2d

Cir. 1991) (internal quotation marks and citation omitted).  The *Colorado River* abstention doctrine similarly justifies dismissal as the issues presented in this action parallel certain issues presented in the AA Medical's first lawsuit now pending in Suffolk County and Dr. Almansoori's lawsuit pending in Suffolk County.  *See Colo. River Water Conserv. Dist. v. United States*, 424 U.S. 800, 47 L. Ed. 2d 483, 96 S. Ct. 1236 (1976).  The prior pending action and *Colorado River* abstention doctrines support dismissal in favor of the prior lawsuits between these same parties.  As AA Medical's first lawsuit has been transferred to Suffolk County and likely will be consolidated at any trial with Dr. Almansoori's pending Suffolk County lawsuit, any remaining claims in this matter after a Fed. R. Civ. P. 12(b)(6) analysis should be dismissed in favor of those pending state court proceedings.

## <u>CONCLUSION</u>

For the foregoing reasons, Dr. Almansoori respectfully requests that the Court deny AA Medical's Motion for Leave to File a Second Amended Complaint. In the event the Court denies AA Medical's Motion for Leave to file a Second Amended Complaint, Dr. Almansoori respectfully requests that the Court deem reinstated the fully-briefed motion to dismiss on AA Medical's Verified Amended Complaint and then render a decision on Dr. Almansoori's pending Motion to Dismiss the Verified Amended Complaint.

In the event the Second Amended Complaint is allowed, for the foregoing reasons as well as those stated in Dr. Almansoori's Motion to Dismiss and Memorandum in Support, Dr. Almansoori respectfully requests that the Court dismiss AA Medical's Proposed Second Amended Complaint in its entirety and with prejudice due to AA Medical's demonstrated inability to allege facts to support any of these claims.  In the alternative, and only in the event any claims remain in this matter after a Fed. R. Civ. P. 12(b)(6) analysis, Dr. Almansoori respectfully requests that such remaining claims be dismissed in favor of the pending lawsuits in Suffolk County.

Dated: Carle Place, New York
      March 17, 2023

Respectfully submitted,

**SOKOLOFF STERN LLP**

By: */s/ Adam Kleinberg*                        
    Adam I. Kleinberg
    179 Westbury Avenue
    Carle Place, NY 11514
    (516) 334-4500
    File No. 200139

*Attorneys for Defendant Khaled Almansoori, M.D.*