UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

AA MEDICAL P.C.,

    Plaintiff,

-against-

KHALED ALMANSOORI, M.D.,

    Defendant.

Docket No. 20-cv-03852 (DG)(JMW)

**DEFENDANT KHALED ALMANSOORI, M.D.'S REPLY MEMORANDUM IN FURTHER SUPPORT OF CROSS-MOTION TO DISMISS PROPOSED SECOND AMENDED COMPLAINT PURSUANT TO FRCP 12(B)(6)**

SOKOLOFF STERN LLP
*Attorneys for Defendant*
179 Westbury Ave.
Carle Place, NY 11514
(516) 334-4500

Of Counsel:

Adam I. Kleinberg

**TABLE OF CONTENTS**

                                                            **Page**

INTRODUCTION ............................................................................................................... 1

ARGUMENT ....................................................................................................................... 1

    I.    AA Medical's Memorandum in Opposition Fails to Preserve its DTSA Claims............................................................................................................ 1

        A.    AA Medical Fails to Effectively Dispute Dr. Almansoori's Entitlement to Statutory Immunity for Alleged Disclosures to Governmental Agencies. .............................................. 1

        B.    AA Medical's Memorandum in Opposition Fails to Establish Allegations Meeting the Pleading Standard for a DTSA Claim. ....................................................................................... 3

    II.    AA Medical's Fraud Claim is Deficient. ........................................................... 4

        A.    The Proposed Second Amended Complaint Fails to Allege Fraud with Particularity............................................................... 4

        B.    AA Medical Fails to Distinguish the Supposed Fraud Claim from a Breach of Contract............................................................ 5

    III.    AA Medical has Failed to Allege an Actionable Claim for Prima Facie Tort. ............................................................................................................ 6

        A.    AA Medical has Failed to Demonstrate Allegations of "Disinterested Malevolence" in the Proposed Second Amended Complaint. ............................................................................ 6

        B.    AA Medical Fails to Address the Other Deficiencies ......................... 7

    IV.    AA Medical has Failed to Allege an Actionable Claim under the CFAA. .................................................................................................................. 7

        A.    AA Medical Fails to Allege Access Without Authorization. ................................................................................................ 7

        B.    AA Medical Fails to Address Inadequate Allegations of "Damage" or "Loss." ................................................................................ 8

    V.    AA Medical's Proposed Second Amended Complaint Fails to State a Claim for Unjust Enrichment Upon Which Relief Can Be Granted..................................................................................................................... 8

|     |     |                                                                                      |     |
| --- | --- | ------------------------------------------------------------------------------------ | --- |
|     | A.  | AA Medical Fails to Allege Unjust Enrichment with Particularity.....................  | 8   |
|     | B.  | AA Medical's Unjust Enrichment Claim Merely Sounds in Contract......................  | 9   |
| VI. |     | The Litigation Privilege Applies...................................................  | 9   |
| VII.|     | AA Medical Improperly Ignores Duplicative Issues in the Prior Pending Action. ......  | 9   |
| VIII.|    | Leave to Replead is Not Warranted. ................................................. | 10  |

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*1-800 Remodel, Inc. v. Bodor*,
   2018 WL 6340759, 2018 U.S. Dist. LEXIS 225000 (C.D. Cal. Oct. 17, 2018)........................2

*Bridgestone/Firestone v. Recovery Credit Servs.*,
   98 F.3d 13 (2d Cir. 1996).............................................................................................................6

*Burns Jackson Miller Summit & Spitzer v. Lindner*,
   59 NY2d 314 (1983) ...................................................................................................................6

*FirstEnergy Crop. v. Pircio*,
   524 F. Supp. 3d 732 (N.D. Ohio Mar. 8, 2021) ..........................................................................2

*Hamilton v. Juul Labs, Inc.*,
   2020 WL 5500377, 2020 U.S. Dist. LEXIS 166718 (N.D. Cal. Sept. 11, 2020) .......................1

*Intrepid Fin. Partners, LLC v. Fernandez*
   2020 U.S. Dist. 244742, at *12 (S.D.N.Y. Dec. 30, 2020).........................................................3

*Jet One Group, Inc. v. Halcyon Jet Holdings, Inc.*,
   2009 U.S. Dist. LEXIS 72579 (E.D.N.Y. Aug. 14, 2009)..........................................................8

*M&A Metals, Inc. v. Fina*,
   2023 U.S. Dist. LEXIS 56889 (E.D.N.Y. Mar. 31, 2023)..........................................................4

*Manas v. VMS Assoc.*,
   LLC, 53 A.D.3d 451, 863 N.Y.S.2d 4 (1st Dept 2008) .............................................................5

*Manning v. Utils. Mut. Ins. Co., Inc.*,
   254 F.3d 387 (2d Cir. 2001).......................................................................................................5

*Neal v. Town of E. Haven*,
   694 F. App'x 44 (2d Cir. 2017) ................................................................................................10

*U.S. ex. rel. Polansky v. Pfizer, Inc*,
   2009 U.S. Dist. LEXIS 43438, 2009 WL 145682 (E.D.N.Y. May 22, 2009) .
   AA Medical's Memorandum in Opposition ...............................................................................4

*Silverman Ptnrs., L.P. v. First Bank*,
   687 F. Supp. 2d 269 (E.D.N.Y. Feb. 20, 2010) .........................................................................9

*Sorensen v. Polukoff*,
   2020 WL 1612815, 2020 U.S. Dist. LEXIS 61795 (D. Utah Apr. 7, 2020).............................2

*Turret Labs USA, Inc. v. CargoSprint*,
   LLC, 2021 U.S. Dist. LEXIS 27838 (E.D.N.Y. Feb. 12, 2021) ................................................4

*Unum Group. v. Loftus*,
   220 F. Supp. 3d 143 (D. Mass 2016) ......................................................................................2

*Van Buren v. United States*
   141 S. Ct. 1648 (2021).............................................................................................................7

*Welch v. TD Ameritrade Holding Corp.*,
   2009 U.S. Dist. LEXIS 65584 (S.D.N.Y. July 27, 2009) ........................................................9

**Statutes**

18 U.S.C. § 1833(b)(1) ......................................................................................................................1

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)..................................................................................................................10

Fed. R. Civ. P. 9(b) .........................................................................................................................4

## INTRODUCTION

AA Medical's Memorandum in Opposition to Dr. Almansoori's Cross-Motion to Dismiss AA Medical's Proposed Second Amended Complaint is devoid of legal support justifying the continuation of any claims. AA Medical attempts to apply labels and prop up its deficient claims with conclusory allegations. Further, several claims simply and improperly sound in contract. AA Medical has been given numerous attempts to amend its pleading but has not successfully cured the deficiencies. The Proposed Second Amended Complaint should be dismissed with prejudice.

## ARGUMENT

**I.  AA Medical's Memorandum in Opposition Fails to Preserve its DTSA Claims.**

  **A.  AA Medical Fails to Effectively Dispute Dr. Almansoori's Entitlement to Statutory Immunity for Alleged Disclosures to Governmental Agencies.**

Dr. Almansoori has immunity under Section 1833(b)(1) of the Defend Trade Secrets Act ("DTSA"). AA Medical's attempt to assert DTSA claims that relate to governmental reports simply constitutes an effort by AA Medical to intimidate employees against participating in legitimate whistleblowing activity and to chill the reporting of violations of law. This is precisely the type of intimidation and silencing efforts that Congress sought to address in providing for statutory immunity to employees reporting violations of law.

In its Memorandum in Opposition, AA Medical cites to several inapposite cases for the vague contention that the DTSA statutory immunity "is to be construed narrowly." For example, in one case cited by AA Medical, the court simply acknowledged the existence of the statutory immunity provision *in order to discuss* the failure of the employer to include the statutory DTSA immunity notice in a non-disclosure contract. *See Hamilton v. Juul Labs, Inc.*, 2020 WL 5500377, 2020 U.S. Dist. LEXIS 166718, at *22-23 (N.D. Cal. Sept. 11, 2020). In another case, a court noted that the defendants *were* statutorily immunized from liability for the parts of their disclosures

1

that were made to their attorneys and to the Department of Justice for investigating violations of law. *See Sorensen v. Polukoff,* 2020 WL 1612815, 2020 U.S. Dist. LEXIS 61795, at *15 (D. Utah Apr. 7, 2020). A key difference between the instant case and *Sorensen* is that, in *Sorensen*, the plaintiff actually alleged that parts of the disclosures were not for the sole purpose of reporting violations of laws, such as disclosing trade secrets to the defendants' attorneys for the purpose of a scheme to solicit former patients to participate in medical malpractice lawsuits. *Id.* at *4.

AA Medical also cites to a case distinguished as immaterial in legal authority cited by Dr. Almansoori's original memorandum in support of this cross-motion to dismiss—*FirstEnergy Crop. v. Pircio*, 524 F. Supp. 3d 732 (N.D. Ohio Mar. 8, 2021). AA Medical cites to cases in which the courts determined that the pleadings did not contain allegations to either support or refute the defendants' claimed whistleblower status and where the courts could not determine the nature of the employee's complaints to the agencies at the pleading stage. *1-800 Remodel, Inc. v. Bodor,* 2018 WL 6340759, 2018 U.S. Dist. LEXIS 225000, at *15-17 (C.D. Cal. Oct. 17, 2018); *Unum Group. v. Loftus,* 220 F. Supp. 3d 143, 147 (D. Mass 2016). Here, like in *FirstEnergy*, the pleadings at issue demonstrate the <u>only</u> alleged disclosure was to a governmental agency in relation to reporting a violation of law, and there are no "non-speculative, plausible" allegations other than that Dr. Almansoori's disclosures were to a governmental agency for reporting violations of law (*see Prop. 2d. Am. Compl.,* at pp. 8-9, ¶¶ 43, 53). *See FirstEnergy*, 524 F. Supp. 3d at 743. Other than speculative, implausible allegations Dr. Almansoori planned to open a competing practice— and noticeably absent is any allegation that Dr. Almansoori *ever did* actually open a competing practice—and that "upon information and belief, defendants [sic] are retaining and using that information to compete with AA Medical," the *only* alleged disclosure in the Proposed Second Amended Complaint is to the Department of Labor for pursuing claims for violations of law. Thus,

2

Dr. Almansoori has immunity under Section 1833(b), and AA Medical's DTSA claims in the first and second causes of action should be dismissed.

> **B. AA Medical's Memorandum in Opposition Fails to Establish Allegations Meeting the Pleading Standard for a DTSA Claim.**

AA Medical flippantly attempts to characterize the Proposed Second Amended Complaint as containing specific allegations of trade secrets. In arguing that its allegations go beyond mere general categories, AA Medical's Memorandum in Opposition identifies the trade secrets as "patient medical records and financial information," which are extremely broad and vague categories. These are precisely the type of general categories that cases like *Intrepid Fin. Partners, LLC v. Fernandez* have found insufficient and dismissed the DTSA claims at issue. 2020 U.S. Dist. LEXIS 244742, at *12 (S.D.N.Y. Dec. 30, 2020) ("[plaintiff] merely references categories of information concerning its clients and ordinary business operations").

AA Medical similarly and desperately attempts to point out allegations of any efforts to maintain secrecy and that AA Medical derives economic value from the information not being generally known to others. AA Medical absurdly suggests that "this can be inferred from the pleadings, as [AA Medical] alleges that [Defendant] sought to utilize its confidential and proprietary information as a springboard to assist him with opening a competing practice," which "implies that this information was not generally known as—if it were—then there would be no need to steal it." These are basically two conclusory statements in tandem to manufacture a purported inference. AA Medical cites an inapposite Arizona case, *Grado, M.D., Inc. v. Phx. Cancer and Blood Disorder Treatment Inst. PLLC,* in which there *was no* discussion of the secrecy element or any argument by the defendant on that element. 603 F. Supp. 3d 799, 810-11 (D. Ariz. May 16, 2022). Despite the absence of such a discussion, AA Medical misleadingly claims that this case stands for the proposition that patient medical records and financial information are

3

"inherently" trade secrets, which is a conspicuous yet futile attempt by AA Medical to escape the applicable pleading requirements. The fact remains that, beyond copying and pasting statutory elements, the Proposed Second Amended Complaint contains no allegations of any efforts by AA Medical to maintain secrecy and the presence of economic value from such secrecy. *See Turret Labs USA, Inc. v. CargoSprint*, LLC, 2021 U.S. Dist. LEXIS 27838, at *11 (E.D.N.Y. Feb. 12, 2021) (dismissing DTSA claim due to failure to allege measure to keep information secret).

Finally, in an attempt to argue that AA Medical alleged misappropriation, AA Medical's Memorandum in Opposition argues that Dr. Almansoori took alleged information for the purpose of starting a competing medical practice. But, as noted above, the Proposed Second Amended Complaint is devoid of any allegations that Dr. Almansoori ever actually opened or prepared to open a competing medical practice. AA Medical cites to one case where there *were* allegations that the defendant had actually competed and used the plaintiff's alleged trade secrets on behalf of another company. *See M&A Metals, Inc. v. Fina,* 2023 U.S. Dist. LEXIS 56889, at *2-4 (E.D.N.Y. Mar. 31, 2023). Here, there are no allegations of unlawful use of trade secrets. AA Medical's DTSA claims should not be saved by speculative, conclusory allegations that Dr. Almansoori sought to open a competing practice.

**II.     AA Medical's Fraud Claim is Deficient.**

    **A.     The Proposed Second Amended Complaint Fails to Allege Fraud with Particularity.**

AA Medical fails to demonstrate that the Proposed Second Amended Complaint's allegations are sufficient to set forth a fraud claim. "Rule 9(b) requires that a plaintiff set forth the who, what, when, where and how of the alleged fraud." *U.S. ex. rel. Polansky v. Pfizer, Inc*, 2009 U.S. Dist. LEXIS 43438, 2009 WL 145682 (E.D.N.Y. May 22, 2009) (citations omitted). AA Medical's Memorandum in Opposition offers no argument to counter Dr. Almansoori's assertion

4

that AA Medical's Proposed Second Amended Complaint fails to allege even a single instance of a fraudulent statement by Dr. Almansoori to AA Medical. As discussed further in the following section, the *only* statement alleged relates to the term of employment set forth in the written employment contract, which is insufficient to state a fraud claim. Thus, the Proposed Second Amended Complaint's Third Cause of Action should be dismissed.

      **B.     AA Medical Fails to Distinguish the Supposed Fraud Claim from a Breach of Contract.**

AA Medical's Memorandum in Opposition makes a strained yet ineffective effort to distinguish the putative fraud claim from the duties set forth in the Employment Agreement. Again, where allegations actually constitute a claimed breach of contract, enhanced only by conclusory allegations that the pleader's adversary made a promise while harboring the concealed intent not to perform it, the fraud claim should be dismissed. *See Manas v. VMS Assoc.*, LLC, 53 A.D.3d 451, 453, 863 N.Y.S.2d 4 (1st Dept 2008). Contrary to AA Medical's assertions, any allegations "related" to a breach of contract cannot serve as the basis for a fraud claim. Under New York law, "a misrepresentation [that] is merely a statement of intent to perform under the contract[] cannot constitute fraud . . ." *Manning v. Utils. Mut. Ins. Co., Inc.*, 254 F.3d 387, 401 (2d Cir. 2001). AA Medical concedes in its Memorandum in Opposition that the fraud claim is based on "the allegations . . . that Defendant never really worked as he agreed to do in his employment agreement." Despite this telling concession, AA Medical argues without legal support that this contractual obligation and an alleged failure to perform it can serve as the basis for a fraud claim.

In an apparent attempt to confuse the issues, AA Medical argues that the fraud claim is based on the H-1B visa because "the parties' agreement does not have any affirmative obligation concerning [Dr. Almansoori's] H-1B visa." However, the fraud claim has no basis in any purported duty under the H-1B visa (whatever that might be). Rather, it is entirely based in the

5

alleged failure by Dr. Almansoori to work the full 10-year term of employment. The employment term *is a duty* under the Employment Agreement (**Ex. B**), and consequently it *is not* collateral or extraneous to the Employment Agreement. In the one case cited by AA Medical in its Memorandum in Opposition, the Second Circuit *vacated* a finding of fraud because the purported duty related to the defendant carrying out his obligations under the subject contract. *See Bridgestone/Firestone v. Recovery Credit Servs.*, 98 F.3d 13, 20 (2d Cir. 1996). The fraud claim should be dismissed as duplicative of a breach of contract claim.

### III. AA Medical has Failed to Allege an Actionable Claim for Prima Facie Tort.

#### A. AA Medical has Failed to Demonstrate Allegations of "Disinterested Malevolence" in the Proposed Second Amended Complaint.

AA Medical's Memorandum in Opposition itself acknowledges that any claim for prima facie tort requires that "malevolence is the sole motive of defendant's otherwise lawful act," yet AA Medical fails to identify sufficient allegations in the Proposed Second Amended Complaint that malevolence was Dr. Almansoori's sole motive. The Proposed Second Amended Complaint only alleges in a conclusory manner that "[t]his act was done with disinterested malevolence in that there was no basis for his conduct other than to harm [AA Medical] and its principal." But this relates to conduct that is not contained in the Fourth Cause of Action at all. (*Prop. 2d. Am. Compl.*, at pp. 16-18, ¶¶ 92-104). There is also an internal consistency in that AA Medical alleges that Dr. Almansoori acted in a manner to advance the interests of the purported competing business that Dr. Almansoori allegedly planned to open—that is, out of *self-interest* (rather than a sole intent to harm AA Medical). Again, such allegations are insufficient to state a claim for prima facie tort. *Burns Jackson Miller Summit & Spitzer v. Lindner*, 59 NY2d 314, 333 (1983) (holding failure to state prima facie tort cause of action if plaintiffs do not allege that defendants' sole motivation was "disinterested malevolence"). Thus, the prima facie tort claim should be dismissed with prejudice.

6

### B. AA Medical Fails to Address the Other Deficiencies.

AA Medical's Memorandum in Opposition contains no argument in response to the two other deficiencies highlighted by Dr. Almansoori's memorandum of law in support: (1) that AA Medical has failed to allege that it suffered special damages; and (2) that AA Medical has improperly attempted to use prima facie tort as a catch-all. In a curt footnote, AA Medical simply asks for leave to add allegations on special damages. AA Medical has had plenty of opportunities to allege special damages, as Dr. Almansoori has pointed out this deficiency in *multiple* motions to dismiss. (See, e.g., Dkt. Nos. 26, 46) (See Case No. 2:20-cv-04413, at Dkt. Nos. 7, 13). AA Medical has still failed to adequately allege special damages, and thus leave to amend *again* is not warranted. Thus, in addition to the reason set forth in the above section, the prima facie tort claim should also be dismissed for each of these two independent reasons.

## IV. AA Medical has Failed to Allege an Actionable Claim under the CFAA.

### A. AA Medical Fails to Allege Access Without Authorization.

AA Medical's Memorandum in Opposition itself demonstrates why the Computer Fraud and Abuse Act ("CFAA") claim should be dismissed. AA Medical cites to Supreme Court precedent in *Van Buren v. United States* in a futile attempt to distinguish that case from this instant lawsuit. 141 S. Ct. 1648 (2021). In *Van Buren*, the Supreme Court ruled that a person with authorized access to a computer *does not* violate the CFAA and does not "exceed authorized access" by using information obtained in an improper way. *Id.* at 1662. Here, according the Proposed Second Amended Complaint, AA Medical gave Dr. Almansoori authorized access to the computer system. (*Prop. 2d. Am. Compl.*, at p. 18, ¶ 107). AA Medical alleges that Dr. Almansoori later misused the information to which AA Medical had provided him with access. (*Prop. 2d Am. Compl.*, at p. 19, ¶ 110). Based on these allegations, AA Medical has not stated a CFAA claim. *Van Buren,* 141 S. Ct. at 1662. AA Medical attempts to apply conclusory labels to these allegations

7

to assert that the misappropriation or misuse constituted access in excess of authorization. However, as pointed out by Dr. Almansoori, misappropriation or misuse <u>are not</u> actions for which the CFAA provides a remedy. *Jet One Group, Inc. v. Halcyon Jet Holdings, Inc.,* 2009 U.S. Dist. LEXIS 72579, at *18 (E.D.N.Y. Aug. 14, 2009). Thus, the CFAA claim should be dismissed.

### B. AA Medical Fails to Address Inadequate Allegations of "Damage" or "Loss."

AA Medical's Memorandum in Opposition contains no argument in response to the other deficiencies highlighted by Dr. Almansoori's memorandum of law in support: (1) that AA Medical has failed to sufficiently allege "damage" or "loss" as required by the CFAA; and (2) that AA Medical has no rights under HIPAA. In a curt footnote, AA Medical simply asks for leave to amend the pleadings to allege "damage" or "loss." AA Medical has had plenty of opportunities to allege "damage" or "loss," as Dr. Almansoori has pointed out this deficiency in *multiple* motions to dismiss. (See, e.g., Dkt. Nos. 26, 46) (See Case No. 1:20-cv-06923, Southern District of New York, at Dkt. No. 20). AA Medical has still failed to adequately allege the CFAA claim, and thus leave to amend again is not warranted. Thus, in addition to the reason set forth in the above section, the CFAA claim should also be dismissed for each of these two independent reasons.

### V. AA Medical's Proposed Second Amended Complaint Fails to State a Claim for Unjust Enrichment Upon Which Relief Can Be Granted.

### A. AA Medical Fails to Allege Unjust Enrichment with Particularity.

Since AA Medical has wholly based its unjust enrichment claim upon allegations of purported "fraudulent misrepresentations," the claim must fail due to non-particularized allegations. As stated above, AA Medical's Memorandum in Opposition offers no argument to counter Dr. Almansoori's assertion that AA Medical's Proposed Second Amended Complaint fails to allege even a single instance of a fraudulent statement by Dr. Almansoori. As discussed further above and below, the only statement alleged relates to the term of employment set forth in the

written employment contract, which is duplicative of contract and consequently insufficient to state a claim. Thus, the unjust enrichment claim based upon alleged "fraudulent misrepresentations" without particularity should be dismissed. *Welch v. TD Ameritrade Holding Corp.*, 2009 U.S. Dist. LEXIS 65584, at *72-74 (S.D.N.Y. July 27, 2009).

### B. AA Medical's Unjust Enrichment Claim Merely Sounds in Contract.

AA Medical's damages claimed under the unjust enrichment claims simply relate to compensation provided under the Employment Agreement. (*Proposed 2d Am. Compl.*, at p. 21, ¶¶ 123-24). AA's Memorandum in Opposition provides no argument to the contrary with any detail. Like the fraud claim above, the unjust enrichment claim is entirely based in the alleged failure by Dr. Almansoori to work the full 10-year term of employment. The employment term and other job duties *are* contractual obligations under the Employment Agreement (**Ex. B**), and consequently they are not collateral or extraneous to the Employment Agreement. Thus, the unjust enrichment claim should be dismissed as duplicative of a breach in contract claim. *Silverman Ptnrs., L.P. v. First Bank,* 687 F. Supp. 2d 269, 280-81 (E.D.N.Y. Feb. 20, 2010).

## VI. The Litigation Privilege Applies.

AA Medical offers no legal support to dispute the application of the litigation privilege. AA Medical's Opposition only asserts that Dr. Almansoori did not specify which claims to which the litigation privilege applies. But this is misleading. Dr. Almansoori noted that the litigation privilege applies to Dr. Almansoori's own lawsuit, his administrative complaints filed with the U.S. Department of Labor, and to settlement negotiations. Thus, all claims should be dismissed to the extent they are based upon conduct in judicial and quasi-judicial proceedings.

## VII. AA Medical Improperly Ignores Duplicative Issues in the Prior Pending Action.

Although AA Medical claims only one factor of the *Colorado River* abstention doctrine weighs in favor of dismissal, three of the factors militate toward dismissal in favor of the prior

9

pending action. First, abstention will avoid piecemeal litigation—the two lawsuits involve the same parties and the same issues. Second, AA Medical filed its Suffolk County lawsuit before it filed the instant lawsuit. Third, New York *state* law provides most of the substantive rules of decision in each case. The remaining three factors are neutral. Thus, any remaining claims in the instant lawsuit should be dismissed in favor of AA Medical's lawsuit in Suffolk County.

### VIII. Leave to Replead is Not Warranted.

AA Medical should not receive leave to replead. AA Medical has had multiple opportunities to cure the deficiencies that Dr. Almansoori has pointed out in multiple motions to dismiss. *See, e.g., Neal v. Town of E. Haven*, 694 F. App'x 44, 46 (2d Cir. 2017) ("[T]he [d]istrict [c]ourt acted within its discretion in dismissing the amended complaint with prejudice, in view of the fact that, after [the plaintiff's] original complaint was dismissed, he received leave to amend and failed to cure the original complaint's inadequacies"). Any additional opportunity leave to replead will only serve AA Medical's goal of indefinitely prolonging its web of baseless lawsuits to harass Dr. Almansoori. Leave to replead is not warranted.

Dated: Carle Place, New York
May 8, 2023

Respectfully submitted,

**SOKOLOFF STERN LLP**

By: */s/ Adam Kleinberg*
Adam I. Kleinberg
179 Westbury Avenue
Carle Place, NY 11514
(516) 334-4500
File No. 200139

*Attorneys for Defendant*