**FILED**
**CLERK**

June 19, 2023

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

AA MEDICAL P.C.,

                         Plaintiff,

                   -against-

KHALED ALMANSOORI,

                        Defendant.

---------------------------------------------------------------X

                                       **ORDER**

                               20-cv-03852 (DG) (JMW)

**WICKS,** Magistrate Judge:

        AA Medical P.C. ("Plaintiff") commenced this action against Dr. Khaled Almansoori ("Defendant") arguing in sum and substance that Defendant failed to turn over confidential patient records and other documentation pertaining to the business before he left the hospital. (DE 24.)  Plaintiff recently filed a Motion to Amend its previously amended Complaint (DE 89), seeking to add a claim under the Defend Trade Secrets Act ("DTSA") for Defendant's theft of trade secrets and misappropriation.  Defendant, in turn, filed a Cross Motion to Dismiss, seeking to dismiss all of Plaintiff's claims from the operative complaint or, in the alternative, if the motion to amend is granted, dismiss all of those claims, including the newly added DTSA claim. (DE 92.)  Plaintiff opposes. (DE 95.)

        The motion was fully submitted and the Court held oral argument on both motions on May 25, 2023.  On May 27, 2023, after oral argument, Plaintiff's counsel submitted a supplemental memorandum in support of its Motion to Amend the Complaint and its Opposition

to Defendant's Motion to Dismiss.  (DE 100.)  Four days later, on May 31, 2023, Plaintiff filed

another submission, this time a letter from his client Dr. Karkare regarding "the sanctity of the

doctor-patient privilege and the scared confidentiality of a patient's medical records."  (DE 101.)

This Court provided Defendant with an opportunity to respond and he did so on June 7, 2023,

arguing that both of these post-hearing filings should be disregarded and requests the imposition

of fees for having to respond to these improper filings.  (DE 102.)

For the reasons provided below, the Court (1) strikes Plaintiff's supplemental

memorandum in support of its Motion to Amend the pleadings and Opposition to the Motion to

Dismiss (DE 100), (2) denies Plaintiff's motion for leave to file the letter by Dr. Karkare (DE

101), and (3) denies Defendant's request for fees (DE 102).

## DISCUSSION

### A.  Plaintiff's Sur-Reply

Immediately following oral argument, Plaintiff submitted additional documentation to the

Court with case law detailing: (1) whether medical records constitute trade secrets and/or

"valuable commercial property;" (2) whether lack of a party's knowledge of an existing law is

sufficient to grant a leave to amend the complaint; and (3) whether there is enough here to allege

that Defendant acted with "disinterested malevolence" for Plaintiff's *prima facie* tort claim.  (DE

100.)  Because Plaintiff's opposition had already been filed on May 8, 2023, Plaintiff's

supplemental filing amounts to a sur-reply.[1]

---

[1] A sur-reply is supplemental filing following the reply on a fully submitted motion.  It is an "additional
reply to a motion filed after the motion has already been fully briefed."  *Ahdom v. Etchebehere*, 1:13-cv-
01623-DAD-GSA-PC (E.D. Ca. July 24, 2017), citing USLegal.com, http://definitions.uslegal.com/s/sur-
reply/ (last visited December 31, 2013).

Defendant argues in turn that this sur-reply is improper as none of the applicable rules allow for this filing without leave from the Court and the sur-reply would not cure the deficiencies already present in the proposed amended complaint.  (DE 102 at 1-2.)

Supplemental filings on motions fully submitted require leave of court.  *See Ruggiero v. Warner-Lambert Co.,* 424 F.3d 249, 252 (2d Cir. 2005) (finding that the plaintiff could have "sought to file a responsive sur-reply" in district court); *Sevilla v. Perez*, No. 15-CV-3528, 2016 U.S. Dist. LEXIS 131549, at *2 n.5 (E.D.N.Y. Sept. 26, 2016) ("[The plaintiff] did not seek leave to file the sur-reply and the court did not grant permission for the filing of a sur-reply; this contravenes the general principle that supplemental filings require leave of the court."); *Endo Pharm. Inc. v. Amneal Pharm.,* LLC, No. 12-CIV-8060, 2016 U.S. Dist. LEXIS 57420, at *9 (S.D.N.Y. Apr. 29, 2016) (striking a supplemental filing where the plaintiff "neither sought nor received permission from the court to file a [sur-reply]").

Though district courts have discretion to either strike or permit a litigant's sur-reply, granting leave to a litigant to file such sur-replies is indeed rare.  *Kapiti v. Kelly*, No. 07-CV-3782, 2008 U.S. Dist. LEXIS 20135, at *1 n.1 (S.D.N.Y. Mar. 12, 2008) ("[T]he decision to permit a litigant to submit a [sur-reply] is a matter left to the Court's discretion, since neither the Federal Rules of Civil Procedure nor the Local Civil Rules of [the] court authorize litigants to file [sur-replies]."); *SEC v. Xia*, 21-CV-5350 (PKC) (RER), 2022 U.S. Dist. LEXIS 126176, at *3 (E.D.N.Y. July 15, 2022) ("Courts in this circuit grant leave to file sur-replies *sparingly*.") (emphasis added). When neither the Court's Individual Rules nor the Local Civil Rules allow filing supplemental documents after a motion is fully briefed and filed, courts will generally not consider these supplemental papers.  *See Guity v. Uniondale Union Free Sch. Dist*. No. CV 15-5693, 2017 U.S. Dist. LEXIS 27542, at *17-20 (E.D.N.Y. Feb. 23, 2017) (declining to consider

supplemental materials submitted after the briefing period was over because those filings were not permitted by federal or local rules and plaintiff failed to seek leave from the court to file these documents); *Old Republic Ins. Co. v. Hansa World Cargo Serv., Inc*., 170 F.R.D. 361, 369-70 (S.D.N.Y. 1997) ("Because supplemental submissions are not authorized by the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, or this Court's Individual Rules, and because this Court did not grant [the defendant] permission to supplement its opposition papers, this Court will not consider [the] supplemental papers in resolving the instant motions.").

Here, the motions were fully submitted and argument heard.  There has been no change in the law, or clarification warranted to be brought to the Court's attention.  Plaintiff did not move for leave to file a sur-reply nor did this Court give Plaintiff permission to file a sur-reply after that date.  Furthermore, none of the applicable rules freely allow for Plaintiff to file such a document:   District Judge Diane Gujarati's Individual Rules state that "no changes in a briefing schedule may be made without the Court's approval. Sur-replies are not permitted."  Rule III(B)(3).  Similarly, the undersigned's Individual Rules are silent on sur-replies.  Furthermore, neither the E.D.N.Y. Local Civil Rules nor the Federal Rules explicitly authorize the filing of sur-replies. *Rattray v. Cadavid*, 17 Civ. 8560 (PGG), 2019 U.S. Dist. LEXIS 155397, at *6 n.5 (S.D.N.Y. Sept. 9, 2019) ("The Federal Rules of Civil Procedure and this Court's Individual Rules do not provide for sur-replies, and Plaintiff did not seek leave to file a sur-reply. Accordingly, Plaintiff's sur-reply is not properly before the Court.")

Therefore, Plaintiff should have first sought leave to file a sur-reply.  And such requests, in this Court's view, should demonstrate why the additional briefing is necessary, that is, is there a controlling authority that was overlooked in prior filings or a misstatement made in the papers

or at oral argument needing correction?  Here, Plaintiff failed to request permission to file a sur-reply, and having reviewed submission, finds that the supplemental filing (DE 100) should be stricken and not considered on the motion.

B. **Plaintiff's Motion for Leave to File the Doctor's Letter**

Next, Plaintiff seeks leave from the Court to submit a document from Plaintiff's principal, Dr. Karkare, discussing the sanctity of the doctor-patient privilege and the sacred confidentiality of a patient's medical records.  (DE 101.)  Defendant opposes, arguing that this unsigned, unsworn document should be denied because it is outside the scope of the proposed amended complaint.  (DE 102 at 2.)

When deciding a motion to dismiss, courts will generally ignore additional documents that are not integral to the complaint.  *See Nakahata v. New York-Presbyterian Healthcare System, Inc.*, 723 F.3d 192, 203 (2d Cir. 2013) (allowing courts to disregard extraneous pleading material when deciding motions to dismiss,); *Chartwell Therapeutics Licensing, LLC v. Citron Pharma LLC*, 16-CV-3181 (RPK) (CLP), 2020 U.S. Dist. LEXIS 223690, at *28-29 (E.D.N.Y. Nov. 30, 2020) ("I may not consider matters outside the pleadings when resolving a motion to dismiss.").  Matters outside the pleadings includes "new factual allegations in memoranda, affidavits, declarations, and sur-replies."  *Id.*

Further, courts have declined to consider unsworn statements when making a decision on a motion and have held that they cannot rely on unsworn and unsigned statements.  *See George v. Prof'l Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 445-46 (S.D.N.Y. 2016) ("The Court therefore cannot consider those factual assertions except to the extent they are supported by documents or sworn statements that are otherwise part of the record in this case."); *see also Flanagan v. Stone Commercial Spraying Co., Inc.*, No. CV-05-4527, 2012 U.S. Dist. LEXIS 137632, at *12 (E.D.N.Y. July 20, 2012) ("An unsworn affidavit must include language to the

effect that the affiant swears under penalty of perjury that the statements in the affidavit are true and correct.").

In the instant case, Defendant has filed a pending cross-motion to dismiss. This means that an additional filing, such as AA Medical's letter regarding the sanctity of the doctor-patient privilege is outside the scope of the material to be considered for a motion to dismiss because it is not integral to the amended complaint. This letter follows oral argument when questions were posed about the trade secret status of patient records. The material in this letter is conspicuously absent from the proposed Amended Complaint itself. Further, the letter is unsigned and unsworn, but rather only consists of Dr. Karkare's type-written name and the date and thus should not and will not be considered on the pending motions. (DE 101 at 3.)

Thus, Plaintiff's motion for leave to file the letter by Dr. Karkare is denied because the letter has been submitted outside of the pleadings and is both unsigned and unsworn.

## C. Defendant's Request for Fees

Finally, Defendant seeks fees incurred in having to respond to Plaintiff's papers reasoning that the filings are without color because they were submitted without authorization and were motivated with the improper purpose of multiplying these proceedings. (DE 102 at 3.)

Courts have the power to sanction litigants for improper conduct in order to expedite cases and manage dockets accordingly. *Saravia v. Royal Guard Fence Co*., 19-2086 (DRH) (SIL), 2020 U.S. Dist. LEXIS 160506, at *13 (E.D.N.Y. Sept. 2, 2020). "A court may…sanction a litigant pursuant to its inherent authority if there is clear evidence that the…conduct [in question] was (1) entirely without color and (2) motivated by improper purposes." *Huebner v. Midland Credit Mgmt., Inc*., 897 F.3d 42, 56 (2d Cir. 2018).

Defendant has not sufficiently shown that Plaintiff's filings were in bad faith and its sole purpose was to harass defendant. In fact, in its motion, Plaintiff points to serving "the greater good," which does not indicate any malicious intent to file the letter from Dr. Karkare. (DE 101 at 1.) And, Defendant has not cited to any cases indicating support for their proposition for monetary sanctions. In fact, the cases he does cite, *Sussman v. Bank of Israel*, 56 F.3d 450 (2d Cir. 1995) and *Wolters Kluwer Fin. Servs., Inc. v. Scivantage,* 564 F.3d 110 (2d Cir. 2009), are inapposite here because they did not concern supplemental filings related to a motion to dismiss or motion to amend. *See Sussman*, 56 F.3d at \*451 (reversing sanctions for plaintiff in part because their claims were not frivolous); *Wolters Kluwer Fin. Servs.*, at \*112 (reversing non-monetary sanctions imposed against a law firm and the junior partner but affirming the sanctions against the senior partner surrounding a voluntary dismissal and use of a deposition transcript because of "the abundance of evidence of her misconduct").

Despite the multiple filings by Plaintiff (DE 100 and DE 101), the Court finds that these filings were not made in bad faith resulting in a draconian result such as the awarding of attorney's fees to Defendant. *See New Phone Co. v. N.Y. City Dep't of Info. Tech. & Telecomms,* Nos. 06-CV-3529 (JG)(KAM), 07-CV-2474 (JG)(KAM), 2007 U.S. Dist. LEXIS 74693, at \*53-55 (E.D.N.Y. Oct. 5, 2007) (denying sanctions for plaintiff's counsel although he filed multiple complaints and violated court orders, causing unnecessary delays because there was no evidence counsel acted in bad faith); *Guzik v. Albright*, No. 16-CV-2257 (JPO), 2020 U.S. Dist. LEXIS 90118, at \*8 (S.D.N.Y. May, 2020) (declining to award sanctions because the defendant's filings were not made in bad faith or vexatiously and noting that "courts should be charitable in scrutinizing a party's motives and hesitant in inferring bad faith with respect to parties' filings and positions in a case").

Further, Plaintiff here filed papers that were 3 pages (DE 100) and 2 pages (DE 101) and were not of the voluminous type that would have taken several hours to draft an opposition. Nor is this a situation in which Plaintiff was given multiple warnings by the Court and ignored them before filing these on ECF. As done above, the appropriate measure here is to strike both filings, not consider either of them on the pending motions, and not award monetary sanctions (DE 100 and DE 101). *See Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.,* 331 F. Supp.3d 221, 254 (S.D.N.Y. 2018) (striking plaintiff's letter submitted post-hearing which appeared to respond to questions plaintiffs had not answered at the hearing and noting that plaintiff ignored not one, but two orders by the court that no further papers were to be filed in connection with the summary judgment motion); *Old Republic Ins. Co.*, 170 F.R.D. at 369-70 (choosing not to consider plaintiff's supplemental papers filed weeks after the return date of the motion to dismiss and unauthorized by the federal, local, and individual rules). Accordingly, the Court denies Defendant's request for fees in the form of sanctions.

## CONCLUSION

For the reasons mentioned above, Plaintiff's supplemental filing (DE 100) is stricken and Plaintiff's motion for leave to file Dr. Karkare's letter (DE 101) is denied. Defendant's request for the imposition of attorney's fees in opposing DE 100 and DE 101 (DE 102) is denied.

Dated: Central Islip, New York
         June 19, 2023

S O  O R D E R E D:


/S/ *James M. Wicks*
         JAMES M. WICKS
         United States Magistrate Judge

8