UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
AA Medical P.C.,

                Plaintiff,                      **MEMORANDUM & ORDER**
                                                                     20-CV-03852 (DG) (JMW)
     -against-

Khaled Almansoori,

                Defendant.
----------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

      On October 4, 2023, Magistrate Judge James M. Wicks issued a Report and Recommendation ("R&R") recommending that Plaintiff's Motion to Amend, ECF No. 89, be denied and that Defendant's Cross-Motion to Dismiss, ECF No. 92, be granted. *See generally* R&R, ECF No. 105.[1]

      On November 9, 2023, Plaintiff filed its objections to the R&R, styled as a motion to set aside the R&R. *See* Notice of Motion, ECF No. 109; *see also* Memorandum of Law in Support of Objections to the R&R ("Pl.'s Obj. Br."), ECF No. 110.

      In its objections briefing, Plaintiff argues that Judge Wicks erred (1) "in denying Plaintiff leave to amend" and (2) "in granting Defendant's cross-motion to dismiss the DTSA claim," and Plaintiff requests that the Court set aside the R&R "as it relates to the DTSA claim." *See*

---

[1] Familiarity with the detailed procedural history and background of this action is assumed herein. As particularly relevant here: the operative Amended Complaint brought claims of fraud, *prima facie* tort, unjust enrichment, and violation of the Computer Fraud and Abuse Act, *see generally* Amended Complaint, ECF No. 24; the proposed Second Amended Complaint filed in connection with Plaintiff's Motion to Amend sought to add two causes of action premised on the Defend Trade Secrets Act (the "DTSA"), *see generally* proposed Second Amended Complaint, ECF No. 91-1; and, by the Cross-Motion to Dismiss, Defendant sought dismissal of the Amended Complaint and, in the event that Plaintiff's Motion to Amend was granted, sought dismissal of the proposed Second Amended Complaint, *see* Transcript of May 25, 2023 Oral Argument at 2-3, ECF No. 104.

*generally* Pl.'s Obj. Br.[2]

Defendant did not file any objections to the R&R but did file a response to Plaintiff's objections in which Defendant argues that clear error review applies and that the Court should accept the R&R, deny Plaintiff's Motion to Amend, and grant Defendant's Cross-Motion to Dismiss. *See generally* Defendant's Response to Plaintiff's Objections to the R&R, ECF No. 111.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (providing that a district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to"); *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010) ("As to a dispositive matter, any part of the magistrate judge's recommendation that has been properly objected to must be reviewed by the district judge *de novo*."); *Lorick v. Kilpatrick Townsend & Stockton LLP*, No. 18-CV-07178, 2022 WL 1104849, at *2 (E.D.N.Y. Apr. 13, 2022). To accept those portions of an R&R to which no timely objection has been made, however, "a district court need only satisfy itself that there is no clear error on the face of the record." *Lorick*, 2022 WL 1104849, at *2 (quoting *Ruiz v. Citibank, N.A.*, No. 10-CV-05950, 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014)); *see also Jarvis v. N. Am. Globex Fund, L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011).

---

[2] Although, as noted above, the proposed Second Amended Complaint sought to add two causes of action premised on the DTSA – one for violation of the DTSA and one for injunctive relief under the DTSA, *see* proposed Second Amended Complaint at ¶¶ 60-87 – Plaintiff's objections briefing and the R&R refer to "the DTSA claim" in the singular. The discrepancy is immaterial to the Court's conclusions herein.

2

Although Plaintiff's objections trigger *de novo* review only with respect to parts of the R&R, the Court nevertheless has reviewed the entirety of the R&R *de novo*.  A review of the R&R, the record, and the applicable law reveals that Judge Wicks properly concluded that Plaintiff's Motion to Amend should be denied and that Defendant's Cross-Motion to Dismiss should be granted.  The Court therefore adopts the recommendations that Plaintiff's Motion to Amend be denied and that Defendant's Cross-Motion to Dismiss be granted.

Plaintiff's Motion to Amend, ECF No. 89, is DENIED; Defendant's Cross-Motion to Dismiss, ECF No. 92, is GRANTED; and the Amended Complaint, ECF No. 24, is DISMISSED.  Such dismissal is without leave to amend and without prejudice to Plaintiff seeking any appropriate relief in state court.

The Clerk of Court is directed to enter judgment accordingly and to close this case.

SO ORDERED.

                    */s/ Diane Gujarati*
                    DIANE GUJARATI
                    United States District Judge

Dated: January 16, 2024
       Brooklyn, New York